IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
~~NORTHERN~~ EASTERN DIVISION

2005 OCT 13  P 1: 55

| | | |
|---|---|---|
| TROY E. TILLERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:05cv985-B |
| | ) | |
| THE MEGA LIFE AND HEALTH | ) | |
| INSURANCE CORPORATION, a corporation; | ) | |
| TRANSAMERICA LIFE INSURANCE | ) | **JURY DEMAND** |
| COMPANY F/K/A PFL LIFE INSURANCE | ) | |
| COMPANY, a corporation; NATIONAL | ) | |
| ASSOCIATION FOR THE SELF EMPLOYED | ) | |
| A/K/A NASE, a corporation; | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

### PARTIES

1.  Plaintiff, Troy Tillerson, at all times material to the allegations of this complaint was and is a resident citizen of the state of Alabama and is over the age of nineteen (19) years.

2.  Defendants, The MEGA Life Insurance Company (hereinafter referred to as "MEGA Life") is a foreign corporation, incorporated in the state of Oklahoma and principal place of business in the state of Texas at all times material to the allegations in this complaint.

3.  Defendants, Transamerica Life Insurance Company f/k/a PFL Life Insurance Company (hereinafter referred to as "Transamerica") is a foreign corporation, incorporated in the state of Iowa and principal place of business in the state of Texas at all times material to the allegations in this complaint.

## JURISDICTION

4. Jurisdiction is founded under the provisions of 28 U.S.C. § 1332 (a), et seq. which grants this court jurisdiction in civil actions on the basis of diversity of citizenship where the matter is controversy, exclusive of interest and cots, exceeds, seventy-five thousand dollars ($75,000.00)

## STATEMENT OF THE FACTS

5. Plaintiff's insurance coverage is provided under group policy No. 0028-GPPFL. The insurance product sold to Plaintiff is known as "Family Coverage" and was offered through and held by the Defendants.

6. In or around July 26, 1996, an agent of the Defendants approached the Plaintiff about purchasing "major medical group" health insurance. At said time, Defendants misrepresented the nature of the insurance product by fraudulently representing to Plaintiff that the health insurance coverage provided by Defendants was "major medical group" health insurance and that, as such, the premiums on said policy would be the same as those charged to other members of the "group".

7. Defendants fraudulently induced Plaintiff to purchase and continue making premium payments on said "major medical group" health insurance coverage by fraudulently misrepresenting the true nature of the insurance in that the Defendants represented that the Plaintiff was a member of said group and that premium rates for said insurance would only increase if they did so equally for the entire "group" of insured persons.

8. Defendants further misrepresented the true nature of the insurance at issue by fraudulently concealing and failing to disclose to Plaintiff that the premium

rates on the health insurance were not "group" rates and that Plaintiff's premiums were not the same as those charged to other members of the "group".

9. Defendants furthered their misrepresentation of the true nature of the insurance at issue by fraudulently concealing and failing to disclose that Defendants was underwriting Plaintiff's policy on an annual basis based upon the Plaintiff's health and claim history and that Plaintiff's health and claim history were the main factors used to determine the amount of premium charged to Plaintiff.

10. Defendants misrepresentations of the true nature of the insurance at issue was furthered by fraudulently failing to disclose to Plaintiff that the premium rates represented and charged Plaintiff were not "group" rates and that said premium rates were based on Plaintiff's health and claim history and not the claims experience of the entire group of insured persons.

11. Based upon the Defendants affirmative representations regarding the nature of the insurance at issue and the failures to disclose the true nature of the insurance coverage, Plaintiff agreed to purchase the policy to-wit, client number #732246121.

12. Plaintiff discovered the fraud within two (2) years of filing this lawsuit.

13. Defendants entered into a pattern or practice of fraudulent conduct of misrepresenting and failing to disclose the true nature of the insurance coverage at issue in this case, which included the fraud perpetrated on Plaintiff as described above.

14. At all times material hereto, Plaintiff depended on the Defendants to advise Plaintiff as to all insurance matters because of their superior knowledge and position.

15. The misrepresentations, omissions, and concealment of material fact described hereinabove were intentional, gross, wanton, malicious, and/or oppressive and were part of a willful scheme of course of conduct through which Defendants sought to and did induce Plaintiff into purchasing and continuing premium payments on the basis of and upon reliance on fraudulent misrepresentations and omissions regarding the nature of the insurance purchased by Plaintiff as described above.

## COUNT ONE

16. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

17. In or around July 26, 1996 an agent of the Defendants approached the Plaintiff about purchasing "major medical group" health insurance.

18. Defendants fraudulently misrepresented the nature of the insurance by representing to Plaintiff that Plaintiff was purchasing "major medical group" health insurance coverage and that, as such, Plaintiff's premium payments on said policy would not increase unless they did so equally for the entire group of insured persons.

19. As a result of Defendant's fraudulent misrepresentations Plaintiff was induced into purchasing health insurance coverage that is not "major medical group" health insurance and that will lapse unless premiums are paid at increasingly higher rates, due to Defendant's own actions.

4

20. At all times material hereto, Defendants fraudulently misrepresented and failed to disclose the true nature of the insurance at issue, to wit; the nature of the insurance at issue was not "major medical group" insurance and that Plaintiff's premium increases were due to Defendant's consideration of the Plaintiff's claims experience and health condition and not the claims of the "group".

21. The representations made by Defendants were false and Defendants knew they were false.

22. Plaintiff relied upon the false representations and purchased the policy of insurance.

23. Without disclosure of the foregoing material facts and information, the representations by Defendants were false, misleading and deceptive.

24. As a proximate consequence of Defendant's fraud, Plaintiff was injured and damaged as follows: Plaintiff paid premiums on a "major medical group" health insurance policy that was not as represented; Plaintiff lost the value of premium payments; Plaintiff lost interest on premium payments; Plaintiff does not have the insurance policy that was represented; Plaintiff will be required to pay increased premium payments in the future or lose insurance coverage; Plaintiff has suffered mental anguish and emotional distress and will continue to do so; Plaintiff has been otherwise injured and damaged.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants in such an amount of compensatory damages as will reasonably and adequately compensate Plaintiff for injuries or damages, and for punitive damages

in an amount that will reflect the enormity of the wrongs committed by the Defendants and deter similar conduct in the future by similarly situated entities, plus costs.

## COUNT TWO

25. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

26. At the aforesaid times and places, Defendants fraudulently concealed and/or failed to disclose the true nature of the insurance at issue by fraudulently concealing and failing to disclose to Plaintiff that the premium rates on the health insurance policy purchased were not "group" rates and that Plaintiff's premiums and premium increases were not the same as those charged to other members of the "group" and were also not calculated based upon a consideration of the claims experience of the entire "group" of insured persons.

27. Defendants furthered their misrepresentation of the true nature of the insurance at issue by fraudulently concealing and failing to disclose that Defendants was underwriting Plaintiff's policy on an annual basis based upon the Plaintiff's health and claim history and that Plaintiff's health and claim history were the main factors used to determine the amount of premium charged to Plaintiff.

28. Defendants misrepresentation of the true nature of the insurance at issue was furthered by fraudulently failing to disclose to Plaintiff that the premium rates represented and charged Plaintiff were not "group" rates and that said premium rates were based on Plaintiff's health and claim experience, not the claims of the "group".

29. Defendant's concealment of fundamental facts and information was intentional for the purpose of inducing Plaintiff into purchasing and continuing premium payments at increased amounts.

30. Due to the Defendant's affirmative misrepresentations and fraudulent failures to disclose the true nature of the insurance at issue, Defendants, participated in a deliberate course of conduct wherein Plaintiff did not discover and could not through the exercise of reasonable diligence have discovered that Plaintiff had been mislead by Defendants regarding the true nature of the insurance at issue and that said insurance was not "major medical group" health insurance.

31. As a result of Defendant's non-disclosure and/or concealment, Plaintiff acted to Plaintiff's detriment by purchasing and continuing payments on a policy of insurance because Plaintiff did not have full disclosure of the material and the aspects of the policy of insurance issued by Defendants.

32. As a proximate consequence, Plaintiff was injured and damaged as alleged herein above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants in such an amount of compensatory damages as will reasonably and adequately compensate Plaintiff for injuries or damages, and for punitive damages in an amount that will reflect the enormity of the wrongs committed by the Defendants and deter similar conduct in the future by similarly situated entities, plus costs.

## COUNT THREE

33. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

34. At the aforesaid time and place, Defendants innocently, recklessly, negligently or wantonly made the aforementioned misrepresentations and/or concealed material facts relating to the nature of the "major medical group" insurance at issue as set out above.

35. As a proximate consequence, Plaintiff was injured and damaged as alleged herein above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants in such an amount of compensatory damages as will reasonably and adequately compensate Plaintiff for injuries or damages, and for punitive damages in an amount that will reflect the enormity of the wrongs committed by the Defendants and deter similar conduct in the future by similarly situated entities, plus costs.

_____
Christopher D. Glover (GLO007)
Attorney for Plaintiff

**OF COUNSEL**:
HOLLIS & WRIGHT, P.C.
505 North 20th Street, Suite 1750
Birmingham, Alabama 35203
(205) 324-3600
(205) 324-3636 Facsimile

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a struck jury for the trial of this case.

_____
OF COUNSEL

## DEFENDANTS TO BE SERVED BY CERTIFIED MAIL:

The MEGA Life and Health Insurance Company
c/o The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, AL 36109

Transamerica Life Insurance Company f/k/a PFL Life Insurance Company
c/o Craig D. Vermie
4333 Edgewood Road NE
Cedar Rapids, IA 52408

National Association for the Self Employed a/k/a NASE
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109