IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DISTRICT

| | |
|---|---|
| TROY E. TILLERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 3:05CV985-B |
| ) | |
| MEGA LIFE AND HEALTH INSURANCE ) | |
| CORPORATION, a corporation; ) | |
| TRANSAMERICA LIFE INSURANCE ) | |
| COMPANY F/K/A PFL LIFE INSURANCE ) | |
| COMPANY, a corporation; NATIONAL ) | |
| ASSOCIATION FOR THE SELF EMPLOYED ) | |
| A/K/A NASE, a corporation; ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT THE NATIONAL ASSOCIATION FOR
THE SELF-EMPLOYED'S MOTION TO DISMISS AND BRIEF IN SUPPORT**

Defendant, the National Association for the Self-Employed (the "NASE"), files this Motion to Dismiss Plaintiff's complaint (the "Complaint") for failure to state claims upon which relief can be granted. This motion is made pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure.

**I.
PRELIMINARY STATEMENT**

1.      This lawsuit is essentially an insurance dispute between an insurance company and its insured, Troy E. Tillerson ("Plaintiff"). Plaintiff globally alleges that "Defendants" misrepresented the true nature of the health insurance policy he purchased on or about July 26, 1996. (See id. ¶ 6).

2.      Notwithstanding the clear nature of Plaintiff's dispute with his insurance company, Plaintiff appears to assert claims against NASE for fraudulent inducement, fraudulent concealment, and negligent misrepresentation. The allegations pled by Plaintiff, however, cannot support any of these

alleged claims against NASE. Specifically, Plaintiff fails to assert any facts indicating if and how the NASE was involved in his purchase of health insurance. Thus, the Plaintiff's claims against NASE have no merit and should be dismissed accordingly.

## II.
## FACTUAL BACKGROUND

3.  This lawsuit arises from Plaintiff's purchase of health insurance coverage from his insurer on or about July 26, 1996. (See Compl. ¶¶ 5, 6, and 11). Plaintiff globally alleges that "Defendants" misrepresented the nature of the health insurance policy he purchased. (See id. ¶ 6). Specifically, Plaintiff alleges "that an agent of the Defendants" misrepresented that the insurance product was a "major medical group policy" and that the premiums on said policy would be the same as those charged to other members of the group. (See Id. ¶ 6). Plaintiff alleges that these representations were false, because the rates on the health insurance were not group rates, and Plaintiff's premiums were not the same as those charged to other members of the group. (See id. ¶ 8). Instead, Plaintiff alleges that his health and claims history were the main factors used to determine the amount of the premium he was charged. (See id. ¶ 8). Plaintiff does not and cannot allege that the agent made any representations regarding NASE's role in this transaction. (See generally, Compl.).

4.  Plaintiff asserts the following allegations in support of his claims:

- Defendants misrepresented the nature of the insurance product by fraudulently representing to Plaintiff that the health insurance coverage provided by Defendants was "major medical group" health insurance and . . . the premiums on said policy would be the same as those charged to other members of the group.

- Defendants fraudulently induced Plaintiff to purchase and continue making premium payments on said "major medical group" health insurance. . . .

- Defendants further misrepresented the true nature of the insurance at issue by fraudulently concealing and failing to disclose to Plaintiff that the premium rates on the health insurance were not "group" rates . . . .

- Defendants fail[ed] to disclose that Defendants was [sic] underwriting Plaintiff's policy on an annual basis based upon the Plaintiff's health and claim history. . .

(See Compl. ¶¶ 6-10).

5.  Plaintiff does not assert any allegations indicating what role, if any, he believes the NASE had in his purchase of health insurance from his insurer in or around July 26, 1996. In addition, the Plaintiff's Complaint contains critical flaws that impact his ability to maintain this case against NASE. For example, nowhere in the Complaint, aside from the style, is the NASE identified as a party in the complaint. (See generally, Compl.) In fact, in the section entitled "Parties," only Tillerson as "Plaintiff" and The MEGA Life and Health Insurance Company ("MEGA") and Transamerica Life Insurance Company ("Transamerica") as "Defendants" are identified. (See Compl. ¶¶ 1-3). This is important because Plaintiff's lawsuit relies upon diversity of citizenship to invoke federal jurisdiction. As currently pled, Plaintiff's Complaint does not adequately set forth facts establishing the Court's jurisdiction. Moreover, because Plaintiff fails to define "Defendants" to include the NASE, none of the allegations supporting his claims would appear to implicate it. For purposes of this motion, the NASE will address each of Plaintiff's allegations as if they expressly applied to the NASE, without waiver of any procedural rights, objections, or defenses, and only for the purpose of this motion.

6.  As will be demonstrated below, Plaintiff has failed to plead facts sufficient to support any of the claims he appears to assert against the NASE. For this reason, all of Plaintiff's claims should be dismissed.

## III.
## ARGUMENT AND AUTHORITIES

### A. Plaintiff's Fraud and Negligent Misrepresentation Claims Are Time-Barred

7. Plaintiff's claims for fraud and negligent misrepresentation are time-barred by the applicable statute of limitations. Under the doctrine of Erie R. Co. v. Tompkins, a federal court in a diversity action must apply the controlling substantive law of the state. 304 U.S. 64, 58 S.Ct. 817(1938). In Guaranty Trust Co. v. York, the Supreme Court held that state statutes of limitations are substantive laws and must be followed by federal courts in diversity actions. 326 U.S. 99, 65 S.Ct. 1464 (1945). Alabama has a two-year statute of limitations for fraud and negligent misrepresentation claims. § 6-2-3 ALA. CODE; see Foremost Ins. Co. v. Parham, 693 So.2d 409, 417 (Ala. 1997). The statute of limitations for fraud runs from the time of discovery of the fraud or when the plaintiff should have discovered the fraud in the exercise of reasonable care. See Foremost, 693 So.2d at 417; ALA. CODE § 6-2-3 (1993). The Plaintiff has the burden of alleging that he has brought the action within the statutory time limitation; this implies a duty to allege an excuse for delaying beyond the statutory period. See Kindred v. Burlington Northern Railroad Co., 742 So.2d 155, 158 (Ala. 1999).

8. To support his fraud claim, Plaintiff alleges that when he applied for health insurance with MEGA on or about July 26, 1996, an agent misrepresented the nature of the insurance product by fraudulently representing to Plaintiff that the health insurance coverage provided by Defendants was "major medical group" health insurance and that the premiums on the policy would be the same as those charged to other members of the group. (See Compl. ¶ 6). Plaintiff alleges that the Defendants failed to disclose that they were underwriting Plaintiff's policy on an annual basis based upon the Plaintiff's health and claims history. (See Compl. ¶ 9). Plaintiff seeks to recover damages for his alleged costs for paying excessive premiums. In an apparent attempt to resurrect his time-barred claims, Plaintiff vaguely alleges that he discovered the fraud within two years of filing this lawsuit. (See Compl. ¶ 12).

9. However, more than Plaintiff's conclusory statement is required to avoid dismissal of Plaintiff's fraud and negligent misrepresentation claims. Plaintiff's statement that he "discovered" the alleged fraud within two years of filing this lawsuit is nothing more than a legal conclusion. Under Alabama law, Plaintiff also must plead facts indicating why, through the exercise of ordinary care, he could not have discovered the fraud or misrepresentation. See Kindred, 742 So.2d at 158. In this case, all of the alleged conduct giving rise to Plaintiff's claims took place on or about July 26, 1996—over nine years prior to Plaintiff's commencement of this lawsuit.

10. Specifically, Plaintiff alleges that on or about July 26, 1996, he was approached by an "agent of the Defendants" about purchasing health insurance and that the true nature of the health insurance he purchased was misrepresented at that time. (Compl. ¶ 6). Plaintiff, however, has plead no facts excusing his failure to assert his claims within the required statutory period. Accordingly, Plaintiff's claims for fraud and negligent misrepresentation are barred by Alabama's two year statute of limitations and should be dismissed.

      **B.**    **Standard Under Rule 12(b)(6)**

11. Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that an insufficiently-pled complaint should be dismissed if a plaintiff fails to state a claim upon which relief can be granted. Courts assume as true all well-pled factual allegations in the complaint, view them in the light most favorable to the plaintiff, and make all reasonable inferences in favor of the plaintiff. See Zinermon v. Burch, 494 U.S. 113, 118, 110 S.Ct. 975 (1990).

      **C.**    **None of Plaintiff's Fraud-Based Claims Satisfy Rule 9(b)**

12. Federal Rule of Civil Procedure 9(b) provides that: "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b). This rule serves to alert defendants to the precise misconduct with which they are charged and

to protect them from spurious charges of immoral and fraudulent behavior." Durham v. Business Mgmt. Assocs., 847 F.2d 1505, 1511 (11th Cir.1988). Courts interpret Rule 9(b) as requiring a complaint filed against multiple defendants to distinguish among defendants and specify their respective role in the alleged fraud. Brooks v. Blue Cross & Blue Shield of Florida, Inc., 116 F.3d 1364, 1371 (11th Cir.1997); see also Balabanos v. North Am. Inv. Group, Ltd., 708 F.Supp. 1488, 1493 (N.D.Ill.1988) (stating that in cases involving multiple defendants "the complaint should inform each defendant of the specific fraudulent acts that constitute the basis of the action against the particular defendant"). The Plaintiff has failed to satisfy this requirement in the Complaint.

       **1.**     **Fraud**

13. Plaintiff fails to allege his fraud and fraudulent concealment claims with sufficient particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. A plaintiff does not satisfy the particularity requirement by simply grouping the defendants together and vaguely alleging that the "defendants" made the alleged fraudulent statements. Vicom, Inc. v. Harbridge Merch. Services, Inc., 20 F.3d 771, 778 (7th Cir.1994) ("Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants.' ") (quoting Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir.1993)).

14. Here, Plaintiff fails to adequately plead fraud because he fails to identify which of the Defendants made each of the misrepresentations identified in the Complaint. Rather, Plaintiff asserts generally, among other things, that the "Defendants fraudulently misrepresented the nature of the insurance by representing to Plaintiff that Plaintiff was purchasing 'major medical group' health insurance coverage . . . [and] Plaintiff's premium payments on said policy would not increase unless they did so equally for the entire group of insured persons." (See Compl. ¶ 18).

15. Plaintiff's generalized and conclusory statements setting out fraud are insufficient under

federal law. Brooks, 116 F.3d at 1381. Rather, Plaintiff must identify which defendant is responsible for the alleged misrepresentations and where those misrepresentations took place. See, e.g., Ziemba v. Cascade International, Inc., 256 F.3d 1194, 1202 (11th Cir.2001) ("Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making same".). As pled, there are no allegations indicating what role, if any, the Plaintiff believes the NASE had in the events giving rise to this lawsuit. As Plaintiff has failed to properly plead his fraud claim against the NASE, the Court should grant the NASE's motion to dismiss.

### 2. Fraudulent Concealment

16. Plaintiff also generally asserts fraudulent concealment claims against the Defendants. (See generally Compl.). Specifically, he asserts that "Defendants fraudulently concealed and/or failed to disclose the true nature of the insurance at issue by fraudulently concealing and failing to disclose to Plaintiff that the premium rates on the health insurance policy purchased were not 'group' rates . . . and were also not calculated based upon a consideration of the claims experience of the entire 'group' of insureds." (See Compl. ¶ 26).

17. However, Plaintiff fails to specifically identify which defendant had a duty to disclose each of the allegedly omitted facts. Such specificity is necessary because Plaintiff has sued three different defendants. Therefore, Plaintiff must identify which of the defendants he claims had a duty to disclose each discrete omission alleged. Brooks, 116 F.3d at 1381.

18. Because Plaintiff failed to assert sufficient facts supporting his fraudulent concealment claims against NASE, these claims should be dismissed in their entirety pursuant to the Federal Rule of Civil Procedure 9(b).

### 3. Negligent Misrepresentation

19. Plaintiff has also failed to plead each element of his negligent misrepresentation claim with the required specificity. Specifically, the Plaintiff has not alleged (1) on whose behalf each alleged misrepresentation was made; and (2) why the Plaintiff was justified in relying on the alleged misrepresentations. (See generally Compl.); Brooks, 116 F.3d at 1381.

20. While the Plaintiff alleges that an agent made certain "material representations," Plaintiff fails to plead facts showing on whose behalf each representation was made. See generally Compl. Further, Plaintiff pleads in a most conclusory fashion that he relied on these representations to his detriment. See id. ¶ 22. The Plaintiff must do more than simply allege that he "reasonably relied" – instead, he must explain how he relied and why that reliance was reasonable. See Brooks, 116 F.3d at 1381. Since Plaintiff failed to plead sufficient supporting his negligent misrepresentation claim against NASE, Plaintiff's claim should be dismissed pursuant to Federal Rule of Civil Procedure 9(b).

### D. Plaintiff Cannot Recover Mental Anguish Damages

21. The Plaintiff's negligent misrepresentation and fraud claims against the NASE should be dismissed for failure to state a claim upon which relief may be granted because Plaintiff is not entitled to the emotional distress and mental anguish damages he seeks to recover.

22. Plaintiff generally alleges that he suffered emotional distress damages due to Defendants' fraud and negligent misrepresentation. (See Compl. 24, 32, and 35). However, Plaintiff fails to plead any facts indicating he is entitled to such damages from the NASE. Moreover, the Plaintiff's claims for emotional distress and mental anguish damages appear to stem from conduct based upon his contractual relationship with his insurance company. Under Alabama law, Plaintiff is not entitled to emotional distress and mental anguish damages for claims arising out of breach of an insurance contract. See Vincent v. Blue Cross-Blue Shield of Alabama, 373 So.2d 1054, 1055 (Ala. 1979); Reed v. Mitchell &

<u>Timbanard</u>, P.C., 903 P.2d 621, 627 (Ariz. Ct. App. 1995).

23. As Plaintiff has failed to plead any facts in support of his claim for emotional distress damages, the NASE's motion to dismiss this claim should be granted.

## IV.
## CONCLUSION

For the reasons more fully described above, the NASE requests that this Court grant its Motion to Dismiss the Plaintiff's claims pursuant to Federal Rules of Civil Procedure Rules 12(b)(6) and 9(b) for failure to state a claim upon which relief may be granted. The NASE also requests such other and further relief to which it is justly entitled.

Respectfully Submitted,

/s/ John N. Bolus
John N. Bolus (ASB-5753-U54J)
Maynard, Cooper & Gale, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
Phone: (205) 254-1025
Fax: (205) 254-1999

**ATTORNEYS FOR DEFENDANT
THE NATIONAL ASSOCIATION
FOR THE SELF-EMPLOYED**

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that I have this day caused a true and correct copy of the within and foregoing to be served by using the CM/ECF system, which will send notice of electronic filing to the following:

Phillip W. McCallum
McCallum & Methvin, PC
The Highland Building
2201 Arlington Avenue South
Birmingham, AL 35205

Henry Callaway
Hand Arendall, LLP
P.O. Box 123
Mobile, AL  36601

                /s/ John N. Bolus_____
                John N. Bolus