IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2005 DEC -5 A 10: 01

| | | |
|---|---|---|
| TROY E. TILLERSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. 3:05-CV-00985-DRB |
| | * | |
| THE MEGA LIFE AND HEALTH | * | |
| INSURANCE CORPORATION, a | * | |
| corporation; TRANSAMERICA LIFE | * | |
| INSURANCE COMPANY F/K/A PFL | * | |
| LIFE INSURANCE COMPANY, a | * | |
| corporation; NATIONAL ASSOCIATION | * | |
| FOR THE SELF EMPLOYED A/K/A | * | |
| NASE, a corporation, | * | |
| | * | |
| Defendants. | * | |

### DEFENDANTS' ANSWER TO COMPLAINT

COME NOW, Defendants The MEGA Life and Health Insurance Company ("MEGA") and Transamerica Life Insurance Company ("Transamerica")(the "Defendants"), by and through their undersigned counsel, and in response to the Complaint filed on behalf of the Plaintiff, say as follows:

### PARTIES

1.    Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph no. 1 of Plaintiff's Complaint; therefore, Defendants cannot admit or deny same.

2.    MEGA admits the allegations contained in paragraph no. 2 of Plaintiff's Complaint.

3. Transamerica f/k/a PFL Life Insurance Company admits that it is a foreign corporation incorporated in the State of Iowa and authorized to do business in the State of Texas. Transamerica denies each and every remaining allegation contained in paragraph no. 3 of Plaintiff's Complaint and demands strict proof thereof.

## JURISDICTION

4. Defendants submit that the allegations contained in paragraph no. 4 of Plaintiff's Complaint do not require a response by Defendants; however, if Defendants are mistaken in that belief and a response is required, Defendants admit that this federal court has subject matter jurisdiction of this action.

## STATEMENT OF THE FACTS

5. Defendants admit that Plaintiff, as a member of the National Association for the Self-Employed, Inc., was offered and issued health insurance coverage according to the provisions of Group Policy no. 0028-GPPFL underwritten by PFL Life Insurance Company. Defendants deny each and every remaining allegation contained in paragraph no. 5 of Plaintiff's Complaint and demand strict proof thereof.

6. Defendants admit that Plaintiff was contacted by an independent contractor agent about purchasing insurance coverage, and that on July 26, 1996, Plaintiff was issued a Certificate of Insurance for health insurance benefits as outlined in that Certificate and associated Group Policy. Defendants deny each and every remaining allegation contained in paragraph no. 6 of Plaintiff's Complaint and demand strict proof thereof.

7. Defendants deny each and every allegation contained in paragraph no. 7 of Plaintiff's Complaint and demand strict proof thereof.

8. Defendants deny each and every allegation contained in paragraph no. 8 of Plaintiff's Complaint and demand strict proof thereof.

9. Defendants deny each and every allegation contained in paragraph no. 9 of Plaintiff's Complaint and demand strict proof thereof.

10. Defendants deny each and every allegation contained in paragraph no. 10 of Plaintiff's Complaint and demand strict proof thereof.

11. Defendants admit that Plaintiff was issued Certificate of Insurance Number 732246121 effective July 26, 1996. Defendants deny each and every remaining allegation contained in paragraph no. 11 of Plaintiff's Complaint and demand strict proof thereof.

12. Defendants deny each and every allegation contained in paragraph no. 12 of Plaintiff's Complaint and demand strict proof thereof.

13. Defendants deny each and every allegation contained in paragraph no. 13 of Plaintiff's Complaint and demand strict proof thereof.

14. Defendants deny each and every allegation contained in paragraph no. 14 of Plaintiff's Complaint and demand strict proof thereof.

15. Defendants deny each and every allegation contained in paragraph no. 15 of Plaintiff's Complaint and demand strict proof thereof.

## COUNT ONE

16. Defendants expressly adopt and reallege each and every response to the allegations contained in paragraph nos. 1 through 15 of Plaintiff's Complaint, as set forth fully herein.

17. Defendants admit that Plaintiff was contacted by an independent contractor agent about purchasing insurance coverage, and that on July 26, 1996, Plaintiff was issued a Certificate

of Insurance for health insurance benefits as outlined in that Certificate and associated Group Policy. Defendants deny each and every remaining allegation contained in paragraph no. 17 of Plaintiff's Complaint and demand strict proof thereof.

18. Defendants deny each and every allegation contained in paragraph no. 18 of Plaintiff's Complaint and demand strict proof thereof.

19. Defendants deny each and every allegation contained in paragraph no. 19 of Plaintiff's Complaint and demand strict proof thereof.

20. Defendants deny each and every allegation contained in paragraph no. 20 of Plaintiff's Complaint and demand strict proof thereof.

21. Defendants deny each and every allegation contained in paragraph no. 21 of Plaintiff's Complaint and demand strict proof thereof.

22. Defendants deny each and every allegation contained in paragraph no. 22 of Plaintiff's Complaint and demand strict proof thereof.

23. Defendants deny each and every allegation contained in paragraph no. 23 of Plaintiff's Complaint and demand strict proof thereof.

24. Defendants deny each and every allegation contained in paragraph no. 24 of Plaintiff's Complaint, and demand strict proof thereof.

## COUNT TWO

25. Defendants expressly adopt and reallege each and every response to the allegations contained in paragraph nos. 1 through 24 of Plaintiff's Complaint, as set forth fully herein.

26. Defendants deny each and every allegation contained in paragraph no. 26 of Plaintiff's Complaint and demand strict proof thereof.

27. Defendants deny each and every allegation contained in paragraph no. 27 of Plaintiff's Complaint and demand strict proof thereof.

28. Defendants deny each and every allegation contained in paragraph no. 28 of Plaintiff's Complaint and demand strict proof thereof.

29. Defendants deny each and every allegation contained in paragraph no. 29 of Plaintiff's Complaint and demand strict proof thereof.

30. Defendants deny each and every allegation contained in paragraph no. 30 of Plaintiff's Complaint and demand strict proof thereof.

31. Defendants deny each and every allegation contained in paragraph no. 31 of Plaintiff's Complaint and demand strict proof thereof.

32. Defendants deny each and every allegation contained in paragraph no. 32 of Plaintiff's Complaint and demand strict proof thereof.

## COUNT THREE

33. Defendants expressly adopt and reallege each and every response to the allegations contained in paragraph nos. 1 through 32 of Plaintiff's Complaint, as set forth fully herein.

34. Defendants deny each and every allegation contained in paragraph no. 34 of Plaintiff's Complaint and demand strict proof thereof.

35. Defendants deny each and every allegation contained in paragraph no. 35 of Plaintiff's Complaint and demand strict proof thereof.

## FIRST DEFENSE

Each and every allegation in Plaintiff's Complaint directed to Defendants fail to state a claim against Defendants for which relief may be granted.

## SECOND DEFENSE

Plaintiff's allegations of fraud and misrepresentation are not alleged with sufficient particularity to satisfy the requirements of Federal Rule of Civil Procedure 9(b); thus, Plaintiff's Complaint is due to be dismissed.

## THIRD DEFENSE

Plaintiff's Complaint fails to plead special damages with specificity as required by Federal Rule of Civil Procedure 9(g).

## FOURTH DEFENSE

Defendants did not make any misrepresentations of material fact to Plaintiff.

## FIFTH DEFENSE

Plaintiff did not reasonably or justifiably rely on any alleged representations made by Defendants to Plaintiff.

## SIXTH DEFENSE

Defendants have not breached any duties that were or are owing by Defendants to the Plaintiff by virtue of the health insurance product that is at issue.

## SEVENTH DEFENSE

Plaintiff is not entitled to any damages or benefits beyond those benefits provided by the health insurance product that is at issue. Plaintiff, having received the benefits of the subject contract, is estopped or otherwise precluded from avoiding the obligations and/or provisions of such contract.

## EIGHTH DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation.

## NINTH DEFENSE

Defendants are entitled to a set-off and credit for any and all sums paid to or on Plaintiff's behalf by any other party or collateral source as a result of or related to this lawsuit. To the extent that any damages claimed by Plaintiff have been, or will be, indemnified in whole or in part, from any other party or collateral source, any verdict or judgment against either or both Defendants must be reduced by those amounts pursuant to Ala. Code § 6-5-522.

## TENTH DEFENSE

Defendants cannot be held liable for punitive damages for the intentional wrongful conduct or conduct involving malice based upon acts or omissions of their respective agents, servants or employees, pursuant to Ala. Code § 6-11-27.

## ELEVENTH DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clause of Amendments V and XIV to the United States Constitution and Article I, Section 6 of the Alabama Constitution, because the authorization for unlimited punitive damage awards violates Defendants' rights to substantive due process and has a substantial chilling effect on the exercise of the fundamental rights to ordered liberty and access to the courts.

## TWELFTH DEFENSE

The imposition of punitive damages in this case would violate the equal protection clauses of Amendments V and XIV of the United States Constitution and would deprive Defendants of their rights to equal protection under the laws as provided in Article I, Sections 1, 6 and 22 of the Alabama Constitution, because, among other reasons, criminal defendants are placed in a position of distinct advantage over civil defendants of comparable culpability due to the disparity in punitive treatment for similar conduct and because the absence of sufficiently

specific and objective standards for the imposition of punitive damages fails to ensure equality of treatment between and among similarly situated civil defendants in the same case or in different cases.

### THIRTEENTH DEFENSE

Plaintiff seeks punitive damages in violation of the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in one or more of the following respects: (1) the punitive damages claimed are or may be vastly disproportionate to any actual damages; (2) the award of punitive damages would constitute an arbitrary and capricious taking of Defendants' respective property, a taking which is unjustified by any rational state purpose; and (3) the award of punitive damages would violate Defendants' substantive due process rights.

### FOURTEENTH DEFENSE

The award of punitive damages claimed by Plaintiff under current Alabama procedure would violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, separately, to the Constitution of the United States and Article I, Sections 1, 6 and 22 of the Alabama Constitution, separately, on each of the following separate and several grounds: (1) the procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing; (2) the procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors; (3) the procedures fail to provide a limit on the amount of the award against Defendants; (4) the procedures permit multiple awards of punitive damages for the same alleged act or omission; (5) the procedures fail to provide a clear and consistent appellate standard of review of any award of punitive damages; and (6) the procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability is determined.

### FIFTEENTH DEFENSE

The procedures pursuant to which punitive damages are awarded subject Defendants to punishment for the conduct of others through vicarious liability or through non-apportionment of damages among joint tortfeasors, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1 and 6 of the Alabama Constitution.

### SIXTEENTH DEFENSE

Plaintiff's demand for punitive damages violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution in that the claim for punitive damages is vague and not rationally related to any legitimate governmental interest.

### SEVENTEENTH DEFENSE

Plaintiff's demand for punitive damages violates the Fifth Amendment to the United States Constitution, which prohibits deprivation of life, liberty or property except by due process of law, in that the claim for punitive damages is vague and not rationally related to any legitimate governmental interest.

### EIGHTEENTH DEFENSE

Plaintiff's demand for punitive damages is unconstitutional under the Constitution of the State of Alabama, Article I, Section 6, providing that no person shall be deprived of life, liberty or property except by due process of law, in that the punitive damages claimed are vague and not rationally related to any legitimate governmental interest.

### NINETEENTH DEFENSE

Plaintiff's demand for punitive damages and Alabama's punitive damages law are unconstitutional under the Constitution of the State of Alabama, Article I, Section 6, and are unconstitutional under the Fifth Amendment to the United States Constitution, in that the

damages claimed are penal in nature, while Defendants are compelled to disclose documents and/or other evidence against their interests under the rules of discovery and evidence without the constitutional safeguard against self-incrimination set out in said passages.

### TWENTIETH DEFENSE

The assessment and adjudication against Defendants of any punitive damages other than those measured according to their sole, individual wrongdoing would be improper and impermissible.

### TWENTY-FIRST DEFENSE

While Defendants deny that they are liable for any conduct that would support an award of punitive damages, Defendants plead the legislative cap on punitive damages contained in Ala. Code § 6-11-21 (Supp. 1990). Defendants further claim all of the benefits and limitations of Ala. Code §§ 6-11-20 through 6-11-30 as to punitive damages.

### TWENTY-SECOND DEFENSE

The imposition of punitive damages against Defendants in an amount exceeding any actual or potential harm by an excessive and/or unconstitutional ratio violates Defendants' substantive due process rights as guaranteed by the United States Constitution.

### TWENTY-THIRD DEFENSE

The imposition of punitive damages under Alabama's current system fails to provide "fair notice" to Defendants that the alleged wrongful conduct could subject Defendants to punishment, and also fails to provide "fair notice" of the severity of the punishment that the State could impose through an award of punitive damages. This lack of "fair notice" violates Defendants' due process rights, both procedural and substantive, as guaranteed by the United States Constitution.

## TWENTY-FOURTH DEFENSE

The imposition of punitive damages against Defendants in this case, if any, violates Defendants' due process rights as guaranteed by the United States Constitution because the award of punitive damages is excessive in light of the following criteria: (1) the degree of reprehensibility of the defendant's alleged wrongful conduct; (2) the disparity between the harm or potential harm and the punitive damage award; and (3) the difference between the punitive damage award and the civil penalties authorized or imposed in other cases.

## TWENTY-FIFTH DEFENSE

The procedure for determining punitive damages specified under Alabama law violates Defendants' rights to due process, and otherwise violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, because the procedure for determining punitive damages under Alabama law does not provide meaningful guidance to a jury in the determination of an appropriate punitive damages award and does not constrain a jury or otherwise reduce the risk of an arbitrary or grossly excessive punitive damages verdict.

## TWENTY-SIXTH DEFENSE

The imposition of punitive damages under Alabama law would violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and Article I, Sections 1, 6 and 22 of the Alabama Constitution, in each of the following ways:

(a) Alabama law permits the imposition of unlimited punitive damages that are vastly disproportionate to any actual or compensatory injury, thereby violating the Fourteenth Amendment to the United States Constitution.

(b) Disproportionate punitive damages constitute an arbitrary and capricious taking of property, which is unjustified by any rational governmental interest, thereby violating the Fifth and Fourteenth Amendments to the United States Constitution.

11

(c) The award of any punitive damages without specific standards to guide the jury's discretion in determining the <u>amount</u> of damages is contrary to due process under the Fourteenth Amendment to the United States Constitution.

(d) Alabama does not provide a reasonable limit on the amount of any punitive damages award, thus violating the Fourteenth Amendment to the United States Constitution.

(e) The substantive standards of liability under which punitive damages are sought in this case are ambiguous, subjective, and not reasonably ascertainable, and are thus "void for vagueness" under the Fourteenth Amendment to the United States Constitution.

(f) Alabama fails to provide a clear, objective and consistent appellate standard for post-verdict review of punitive damages thus violating the Fifth and Fourteenth Amendments to the United States Constitution.

(g) Alabama law permits civil punishment upon a standard of proof less than that required for the imposition of criminal sanctions.

(h) Alabama law permits joint and several punishment of defendants who are guilty of different acts and degrees of culpability.

(i) Alabama law permits multiple awards of punitive damages for the same alleged act or omission.

(j) Alabama law permits the award of punitive damages in an amount that constitutes an "excessive fine" thereby violating Defendants' Eighth Amendment rights.

## **TWENTY-SEVENTH DEFENSE**

On May 14, 2001, the United States Supreme Court released its opinion in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678, 149 L. Ed. 2d 674 (2001), and after citing the constitutional excessiveness protections contained in the Eighth Amendment to the United States Constitution, held that the amount of punitive damages "is not really a fact 'tried' by the jury," and the right to a jury trial is therefore not implicated. Consequently, Plaintiff's demand for a jury trial to the extent that he seeks the jury to award punitive damages should be stricken.

## TWENTY-EIGHTH DEFENSE

Defendants affirmatively plead the defenses and protections set forth in *BMW of North America, Inc. v. Gore*, 116 S. Ct. 1589 (1996) and *State Farm Mutual Automobile Ins. Co. v. Campbell*, 123 Sup. Ct. 1513 (2003). Any award of punitive damages exceeding a three-to-one ratio of punitive damage to compensatory damage is patently unconstitutional. *See Acceptance Insurance Co. v. Brown*, 832 So. 2d 1 at *24 (Ala. June 29, 2001).

## TWENTY-NINTH DEFENSE

Plaintiff is not entitled to recover to the extent that any damages were caused by Plaintiff's failure to mitigate his damages, or in the alternative, Plaintiff's claims are barred by Plaintiff's failure to mitigate damages.

## THIRTIETH DEFENSE

The award of any damages under the allegations of the Complaint would violate the prohibition against laws that impair the obligations of contracts in violation of the Contract Clause, Article I, Section 10, cl. 1, of the United States Constitution and Article I, Section 22 of the Alabama Constitution, in that Plaintiff's claims are in derogation of the express terms contained in the health insurance product that forms the basis of the claims against Defendants and contractually agreed upon by Plaintiff.

## THIRTY-FIRST DEFENSE

Defendants state that the transactions which are the subject of this action were voluntarily undertaken and that Plaintiff had an obligation and opportunity to read all documents presented to or signed by Plaintiff, that Plaintiff knowingly entered into the transactions having either understood the transactions or having failed to avail himself of the opportunity to understand the transactions, and that said transactions are now complete.

### THIRTY-SECOND DEFENSE

The alleged wrongful conduct was not perpetrated by any agent, servant, or employee of either Defendant within the line and scope of his or her employment or agency for Defendant, and neither of the Defendants authorized, ratified, or in any way participated in any of the alleged wrongful conduct.

### THIRTY-THIRD DEFENSE

Plaintiff's claims are barred by the doctrines of laches, waiver, contributory negligence, statute of frauds, parol evidence rule, estoppel, unclean hands and/or failure to read.

### THIRTY-FOURTH DEFENSE

All allegations contained in Plaintiff's Complaint that are not specifically admitted are denied.

### THIRTY-FIFTH DEFENSE

Defendants would affirmatively show that any damages or injuries suffered by Plaintiff, if any, were due to Plaintiff's own actions or inactions and Plaintiff cannot recover any amount from Defendants and that the sole proximate cause of any injuries or damages was the result of Plaintiff's own actions or inactions.

### THIRTY-SIXTH DEFENSE

Plaintiff may have filed for bankruptcy protection under the laws of the United States, and his claims may have been waived or discharged. In that event, those claims are property of the bankruptcy estate, and Plaintiff lacks standing to pursue them. Defendants affirmatively plead all rights, defenses and limitations available under the United States Bankruptcy Code and rules promulgated thereunder.

## THIRTY-SEVENTH DEFENSE

Plaintiff has brought suit against several defendants and is seeking punitive damages against all defendants. Ala. Code § 6-11-21 specifically provides that "no defendant shall be liable for any punitive damages unless that defendant has been expressly found by the trier of fact to have engaged in conduct, as defined in Section 6-11-20, warranting punitive damages, and such defendant shall be liable only for punitive damages commensurate with that defendant's own conduct." Under this provision of the Alabama Code, punitive damages can only be imposed against these Defendants for their sole, individual conduct and any award of punitive damages is not subject to joint and several liability.

## THIRTY-EIGHTH DEFENSE

Pursuant to Ala. Code § 6-11-21, these Defendants are not liable for any portion of any award of punitive damages wherein there have been no express findings that these Defendants, individually, engaged in conduct as defined in Ala. Code § 6-11-20. These Defendants are not jointly and severally liable to Plaintiff for any award of punitive damages based upon the conduct of any other defendant.

## THIRTY-NINTH DEFENSE

Plaintiff has asserted claims seeking damages for alleged mental anguish and emotional distress. Absent a showing of actual physical injury or physical manifestation of mental anguish/emotional distress, Plaintiff is not entitled to recover damages for such alleged mental anguish unless Plaintiff produces evidence proving that the alleged mental anguish was so severe that an ordinary person would not be expected to endure it, *i.e.*, the same standard applied for tort of outrage claims.

15

## FORTIETH DEFENSE

Defendants adopt all other affirmative defenses asserted by any other defendant to the extent they are applicable to the claims stated against Defendants.

## FORTY-FIRST DEFENSE

Defendants reserve the right to amend their Answer and assert such additional defenses as may be available upon the development of facts in the discovery process or otherwise in the course of this litigation and under applicable substantive law.

WHEREFORE, having fully answered, Defendants pray that Plaintiff's Complaint filed herein against them will be dismissed on its merits and with prejudice to the bringing of any further action at the cost of Plaintiff.

_____
JAMES W. LAMPKIN II (LAMPJ7474)
PAMELA A. MOORE (MOORP5421)
Attorneys for Defendants
The MEGA Life and Health Insurance Company
and Transamerica Life Insurance Company


OF COUNSEL:

ALFORD, CLAUSEN & McDONALD, LLC
One St. Louis Centre, Suite 5000
Mobile, Alabama 36602
(251) 432-1600
(251) 432-1700 (fax)

## CERTIFICATE OF SERVICE

    I certify that I have served a copy of the foregoing on counsel for the plaintiffs via federal express, properly addressed as follows:

Christopher D. Glover, Esq.
Hollis & Wright, P.C.
505 North 20th Street, Suite 1750
Birmingham, AL  35203

Done this 2nd day of December, 2005.

_____
COUNSEL