IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TROY E. TILLERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | 3:05CV985-B |
| THE MEGA LIFE AND HEALTH ) | |
| INSURANCE CORPORATION, a corporation; ) | |
| TRANSAMERICA LIFE INSURANCE ) | |
| COMPANY F/K/A PFL LIFE INSURANCE ) | |
| COMPANY, a corporation; NATIONAL ) | |
| ASSOCIATION FOR THE SELF EMPLOYED ) | |
| A/K/A NASE, a corporation; ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS OPPOSITION TO THE NATIONAL ASSOCIATION
FOR THE SELF-EMPLOYED'S MOTION TO DISMISS AND ALTERNATIVE
MOTION FOR LEAVE TO AMEND**

Plaintiff, Troy E. Tillerson, files this Opposition to the Motion to Dismiss filed by Defendant, the National Association for the Self-Employed ("NASE") pursuant to Rules 12(b)6 and 9(b). Plaintiff's claims are timely, state a claim upon which relief can be granted and sufficiently plead under rule 9(b). In opposition to Defendant's motion, Plaintiff states as follows:

**I.
INTRODUCTION**

Plaintiff, Troy Tillerson, purchased "major medical group" health insurance on or about July 26, 1996. (See Complaint ¶ 6). Plaintiff was misled to believe the insurance provided by Defendants was "major medical group" health insurance that would base premiums off members of a "group." Id. The group that Plaintiff was induced to join was the National Association for the Self Employed ("NASE"). As is

set out at length in Plaintiff's Complaint, contrary to the representations made by the Defendants, the insurance at issue was not, in fact, "major medical group" health insurance, but individual insurance, which based it's premiums upon an insured's own claims history and health condition. Id at 20. As will be proven by Plaintiff, he has been diagnosed with leukemia and a blood condition known as Graves disease. As a direct result of these and other maladies, the Defendants raised Plaintiff's health insurance premiums in excess of 505% over the life of his policy. His deductible has doubled.

Defendant, NASE, attacks Plaintiff's Complaint because "this lawsuit is essentially an insurance dispute between an insurance company and its insured." (Motion to Dismiss ¶ 1). NASE is part and parcel of all defendants and each has collectively worked together to mislead Plaintiff into purchasing the "major medical group" insurance. Upon information, NASE is an organization which is under the control and/or ownership of the other Defendants. As will be proven by Plaintiff, NASE is an entity that is used by the other Defendants for no other purpose than to provide a vehicle through which they can market fraudulent insurance.

## II.
## ARGUMENT

### A. Plaintiff's Failure to Identify NASE as a Party in the Complaint is Irrelevant as Jurisdiction is Properly Invoked.

NASE alleges Plaintiff's inadvertent omission of a paragraph containing a description of the jurisdictional circumstances surrounding this Defendant warrants this Court's dismissal of NASA from this case. Not true. As pled by Plaintiff, this Court's jurisdiction in this matter relies upon diversity. NASE knows its principal place of

business is not Alabama. NASA does not dispute that this Court has proper jurisdiction in this case. Raising the point serves no purpose if Defendant does not wish to challenge this Court's jurisdiction over this case. Moreover, Plaintiff sufficiently plead proper jurisdiction in this case in paragraph 4, which states:

> Jurisdiction is founded under the provisions of 28 U.S.C. § 1332(a), et seq. which grants this court jurisdiction in civil actions on the basis of diversity of citizenship where the matter in controversy, exclusive of interest and costs, exceeds, seventy-five thousand dollars ($75,000).

Plaintiff's jurisdictional averments apply to all Defendants named and served, including NASE.

NASE further alleges that Plaintiff's fails to define "Defendants" so as to include NASE and, thus, Plaintiff has no claims against that Defendant. (Motion to Dismiss ¶ 5). Rules 8 and 9 of the Federal Rules of Civil Procedure control this issue and neither requires Plaintiff to set out the name of a Defendant in order to proceed with a claim. Federal Rule of Civil Procedure 8 requires a Complaint to contain:

(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it,
(2) a short and plain statement of the claim showing that the pleader is entitled to relief, and
(3) a demand for judgment for the relief the pleader seeks.

The only requirement of the three challenged appears to be the first. This is despite the fact that NASE fails to challenge jurisdiction. All other requirements are met.

Federal Rule of Civil Procedure 9 further supports the fact that it is not necessary to specifically name a defendant in order to plead allegations against that defendant in a complaint. Rule 9 states, "[i]t is not necessary to aver the capacity of a

party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or <u>the legal existence of an organized association of persons that is made a party</u>, except to the extent required to show the jurisdiction of the court." (emphasis added). Even if the Defendant's assertions were correct regarding this point, the Plaintiff did name NASE in the style of the case, NASE was served as a party defendant in this case. Upon information, NASE has been a defendant in many other lawsuits regarding this same or similar issue. NASE knows full well the representations that were made to the Plaintiff and others like him regarding the insurance made the basis of this case.

      **B.**     **Plaintiff's Fraud and Negligent Misrepresentation Claims Are Timely**

Defendant, NASE, alleges that Plaintiff's claims of fraud and misrepresentation are barred by "time-barred by the applicable statute of limitations." Alabama's two-year statute of limitations runs from the time the fraud is known or should have been known by the plaintiff acting in the exercise of reasonable care. See *Foremost Ins. Co. v. Parham*, 693 So.2d 409 (Ala.1997). NASE defines Plaintiff burden with regard to the statute of limitations as "a duty to <u>allege an excuse</u> for delaying beyond the statutory period." (See Motion to Dismiss ¶ 7). Defendant later states that "Plaintiff must plead facts indicating why, through the exercise of ordinary care, he could not have discovered the fraud or misrepresentation." (Id at ¶ 9) Plaintiff did just this!

NASE inexplicably states that Plaintiff's only statute of limitations allegations are contained in paragraph 12 of Plaintiff's Complaint, which states, "Plaintiff discovered the fraud within two (2) years of filing this lawsuit." (Motion to Dismiss ¶ 8). To the contrary, Plaintiff's Complaint at ¶ 30 states:

Case 3:05-cv-00985-MEF-TFM   Document 11-2   Filed 12/15/2005   Page 5 of 11

> Due to Defendant's affirmative misrepresentation and fraudulent failures to disclose the true nature of the insurance at issue, Defendants, participated in a deliberate course of conduct wherein Plaintiff did not discover and could not through the exercise of reasonable diligence have discovered that Plaintiff had been mislead by Defendants regarding the true nature of the insurance at issue and that said insurance was not "major medical group" health insurance.

Paragraph 30 of Plaintiff's Complaint confirms that NASE's unsupported allegation that "Plaintiff…..has plead no facts excusing his failure to assert his claims within the required statutory period" is false. The facts are that, as properly alleged in the Complaint, all Defendants, including NASE, The MEGA Life & Health Ins. Co., and Transamerica Life Insurance Company continued to misrepresent to and suppress from the Plaintiff the true nature of this health insurance. To wit; that it was individual coverage and that if Plaintiff ever became sick then he would be punished by the Defendants in the form of increased premiums. Upon information, the Defendants, including NASE, continue to misrepresent the true nature of this insurance. This is a deliberate course of conduct that prevented Plaintiff from discovering the fraud and negligent misrepresentations. Taking these allegations as true (as the Court must on a motion to dismiss under FRCP 9(b)), Plaintiff's claims are timely. Defendant's motion is due to be denied.

    C.    **Plaintiff Alleges Claims Upon Which Relief Can Be Granted**

Defendant, NASE, in paragraph 11 of their motion, cites the standard to Rule 12(b)(6) and alleges that Plaintiff's Complaint is deficient under that rule. They make no factual allegations in support of that claim. Plaintiff's claims arise in fraudulent inducement, fraudulent concealment, and negligent misrepresentation. Defendant fails to state how these claims, as plead, are deficient. Plaintiff is unable to respond to this

attack other than Plaintiff's claims for fraud and misrepresentation state a claim that, when proven, relief may be granted. NASE correctly cites that "Courts assume as true all well-plead factual allegations in the complaint, view them in the light most favorable to the plaintiff, and make all reasonable inferences in favor of the plaintiff. *Zinermon v. Burch,* 494 U.S. 113, 118, 110 S.Ct. 975 (1990).

### D. Plaintiff's Fraud Claims Are Plead With Particularity As Required By Rule 9(b)

Defendant, NASE, appears to attack Plaintiffs Complaint because Plaintiff hasn't set out what role each Defendant had in this scheme.

As this Court is aware, a motion to dismiss should not be granted " 'unless the plaintiff can prove no set of facts which would entitle him to relief." ' *Martinez v. American Airlines, Inc.,* 74 F.3d 247, 248 (11th Cir.1996)(quoting *Peterson v. Atlanta Housing Authority,* 998 F.2d 904, 912 (11th Cir.1992)). In making this determination, the Court must "take all the allegations in the complaint as true, and view the complaint in the light most favorable to the plaintiff." *Id.* Moreover, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). "The particularity rule serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior." ' *Durham v. Business Management Associates,* 847 F.2d 1505, 1511 (11th Cir.1988)(quoting *Seville Industrial Machinery Corp. v. Southmost Machinery Corp.,* 742 F.2d 786, 791 (3rd Cir.1984), cert. denied, 469 U.S. 1211 (1985)); see also *Friedlander v. Nims,* 755 F.2d 810, 813 n. 3 (11th Cir.1985)(Rule 9(b)'s "clear intent is

to eliminate fraud actions <u>when all facts are learned through discovery after the complaint is filed.</u>")(emphasis added). Rule 9(b) challenges must be gauged in light of the purposes the rule is designed to fulfill and not simply by an abstract fastidiousness. Moreover, "[t]he application of the rule must not abrogate the concept of notice pleading." Durham v. Business Management Associates, 847 F.2d at 1511; accord Friedlander v. Nims, 755 F.2d at 813 n. 3 ("[A] court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize the directives of rule 9(b) with the broader policy of notice pleading.").

Defendant, NASE challenges Plaintiff's claims of fraud, fraudulent concealment and negligent misrepresentation because, "there are no allegations indicating what role, if any, the Plaintiff believes the NASE had in the events giving rise to the lawsuit." (Motion to Dismiss ¶ 15). Plaintiff submits to the Court that the acts of the multiple Defendants in this matter were pled jointly by design. In fact, as will be proven in this matter through discovery, the Defendants are inseparable. Upon information, these corporate Defendants are owned and/or controlled by the same individuals and/or entities. Likewise, all worked jointly and in concert giving rise to the facts made the basis of this lawsuit.

Plaintiff specifically pled the following facts:

1)    Defendants marketed the insurance policy at issue by misrepresenting the nature of the insurance product by fraudulent representing the insurance as a group policy and that premiums would be based on the group. (Complaint ¶ 6).

2) Fraud induced the Plaintiff to purchase and continue to make premium payments on the policy by misrepresenting the "nature" of the insurance at issue. (Complaint ¶ 7).

3) Defendants represented that the Plaintiff was a member of a group and that premiums rates would only increase if they did so equally for the entire group. Id.

4) Defendant misrepresented that the premiums were not the same as those charged to other group members. Id at 8.

5) Defendants furthered misrepresented that the true nature of the insurance by fraudulently concealing that the premiums were based on Plaintiff's health and claim history. Id at 9.

6) Defendants failed to disclose that premiums were not based on the claims experience of the group but on the Plaintiff's health and claim history. Id at 10.

7) Defendants affirmative representations and failures to disclose resulted in Plaintiff's agreement to purchase the subject policy. Id at 11.

8) Plaintiff depended on Defendants because of their superior knowledge. Id at 14.

Each of these facts adequately substantiates the claims brought by Plaintiff. They are specific enough to put defendants on notice of the misconduct they engaged in to bring forth the basis of this lawsuit. As before, NASA has been and, on information, is a defendant in many lawsuits across the country regarding its role in the fraudulent scheme to misrepresent and suppress the true nature of the insurance policy at issue in this case. There is no basis for the dismissal requested by defendant. However, should this Court deem it necessary, Plaintiff will file his amended complaint with permission

by the Court. Indeed, rather than dismissing this matter, courts often hold that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Certainly allowing Plaintiff leave to amend in this matter <u>will not</u> cause any "undue delay, undue prejudice to the defendants, and futility of the amendment." ' Brewer-Giorgio v. Producers Video, 216 F.3d at 1284 (quoting Abramson v. Gonzalez, 949 F.2d 1567, 1581 (11th Cir.1992)).

### E.    Plaintiff Can Recover Mental Anguish And Emotional Distress

NASE attempts to create a standard that Plaintiff plead facts indicating why "he is entitled to such damages [mental anguish and emotional distress] from the NASE." (Motion to Dismiss ¶¶ 22-23). The law simply doesn't require plaintiff to plead facts supporting damages. Rule 8(a) only requires Plaintiff plead "a demand for judgment for the relief the pleader seeks." NASE's attack appears to be a confusion between the pleading requirements of fraud under Rule 9 and the general pleading requirements of Rule 8 for damages. There is no requirement to plead facts in support of a damages claim.

Plaintiff's claims arise in fraud and misrepresentation. Such claims support an award of mental anguish and emotional distress. See *Life Insurance Company of Georgia v. Johnson,* 684 So.2d 685 (Ala.1994).

### III.
### CONCLUSION

Plaintiff's claims are timely, well plead, and state claims upon which relief should be granted. Dismissal due to the Statute of Limitations or Federal Rules of Civil Procedure 12(b)(6) and 9(b) is not proper. Plaintiff requests this Honorable Court deny NASE's motion in its entirety. Alternatively, should this Court be inclined to grant the

motion either in full or in part, Plaintiff respectfully request this Court grant Plaintiff leave file an amended complaint.

                                        s/Christopher D. Glover
                                        ChrisG@hollis-wright.com
                                        Attorney for Plaintiff

**OF COUNSEL**:
HOLLIS & WRIGHT, P.C.
505 North 20th Street, Suite 1750
Birmingham, Alabama  35203
(205) 324-3600
(205) 324-3636 Facsimile

## CERTIFICATE OF SERVICE

      I hereby certify that on December 14, 2005, I electronically filed the foregoing with the clerk of the court using the CM/ECF system which will send notification to such filing to the following:

James W. Lampkin, II
Pamela A. Moore
Alford, Clausen & McDonald
One St. Louis Centre, Suite 5000
Mobile, AL 36602

                                        s/Christopher D. Glover
                                        ChrisG@hollis-wright.com
                                        Attorney for Plaintiff