IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| TROY E. TILLERSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. 3:05-cv-985-MEF-DRB |
| | * | |
| THE MEGA LIFE AND HEALTH | * | |
| INSURANCE CORPORATION, a | * | |
| corporation; TRANSAMERICA LIFE | * | |
| INSURANCE COMPANY F/K/A PFL | * | |
| LIFE INSURANCE COMPANY, a | * | |
| corporation; NATIONAL ASSOCIATION | * | |
| FOR THE SELF EMPLOYED A/K/A | * | |
| NASE, a corporation, | * | |
| | * | |
| Defendants. | * | |

## JOINT REPORT OF PARTIES' PLANNING MEETING

1.  Pursuant to Federal Rule of Civil Procedure 26(f), a meeting of the parties was held on January 17, 2006 and participating therein were Steve Couch, Esq. for Plaintiff and Pamela A. Moore, Esq. for Defendants.

2.  <u>Pre-Discovery Disclosures</u>.  The parties will serve the information required by Federal Rule of Civil Procedure 26(a)(1) by February 20, 2006.

3.  <u>Discovery Plan</u>.  The parties jointly propose to the Court the following discovery plan:

    a.  Discovery will be needed on the following subjects: the legal claims and damages raised in Plaintiff's Complaint as well as the issues raised in Defendants' responses to the Complaint.

    b.  All discovery commenced in time to be completed by October 16, 2006.

      c.     Maximum of 30 interrogatories and 45 requests for production, including sub-parts, by each party to any other party. Responses are due 30 days after service.

      d.     Maximum of 30 requests for admission, including sub-parts, by each party to another party. Responses are due 30 days after service.

      e.     Maximum of 15 depositions by Plaintiff and 15 depositions by Defendants.

      f.     Each deposition shall be limited to a maximum of 7 hours unless extended by agreement of the parties.

      g.     Reports from retained experts under Rule 26(a)(2) due:

          (1)     From Plaintiff by: August 14, 2006.
          (2)     From Defendants by: September 15, 2006.

      h.     Supplementations under Rule 26(e) due: October 16, 2006.

4.    <u>Other Items</u>:

      a.     The parties do not request a conference with the court before entry of the scheduling order.

      b.     The parties request a pretrial conference in November 2006.

      c.     Parties should be allowed until May 15, 2006 to join additional parties and to amend the pleadings.

      d.     All potentially dispositive motions should be filed by no later than 90 days prior to the pretrial date.

      e.     At this stage of the case, the parties are discussing settlement but are not in a position to determine whether settlement may be enhanced by mediation.

      f.     Final lists of witnesses and exhibits under Rule 26(a)(3) should be due:

          (1)     From Plaintiff by 30 days before trial;
          (2)     From Defendants by 30 days before trial.

      g.     Parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

      h.      The case should be ready for trial in December 2006, and at this time is expected to take approximately three to four days.

      i.      Other matters.

      With regard to compliance with HIPAA, the parties present the attached "Qualified HIPAA Protective Order," which is substantially the form attached to this Court's Uniform Initial Order Governing All Further Proceedings, to be entered by stipulation of counsel for all parties.

Date: January 31, 2006.

This is e-signed by agreement of all parties.

*s/ Steve Couch*_____
STEVE COUCH
Attorney for Plaintiff

OF COUNSEL:

HOLLIS & WRIGHT, P.C.
505 North 20th Street, Suite 1750
Birmingham, AL 35203
(205) 324-3600
(205) 324-3636 (fax)

*s/ Pamela A. Moore*_____
JAMES W. LAMPKIN II
PAMELA A. MOORE
Attorneys for Defendants

OF COUNSEL:

ALFORD, CLAUSEN & McDONALD, LLC
One St. Louis Centre, Suite 5000
Mobile, Alabama 36602
(251) 432-1600
(251) 432-1700 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| TROY E. TILLERSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. 3:05-00985-MEF-DRB |
| | * | |
| THE MEGA LIFE AND HEALTH | * | |
| INSURANCE CORPORATION, a | * | |
| corporation; TRANSAMERICA LIFE | * | |
| INSURANCE COMPANY F/K/A PFL | * | |
| LIFE INSURANCE COMPANY, a | * | |
| corporation; NATIONAL ASSOCIATION | * | |
| FOR THE SELF EMPLOYED A/K/A | * | |
| NASE, a corporation, | * | |
| | * | |
| Defendants. | * | |

**<u>QUALIFIED HIPAA PROTECTIVE ORDER</u>**

The parties are hereby granted the right, upon compliance with the applicable discovery provisions of the Federal Rules of Civil Procedure and the orders of this court, to obtain from any health care provider, health plan, or other entity covered by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA"), any and all information relating to the past, present, or future medical condition of any individual who is a party to this action (or the decedent or ward of a party who sues in a representative capacity), as well as any and all information relating to the provision of health care to such individual and payment for the provision of such health care.

This order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose the Protected Health Information in response to such request or subpoena. This order is intended to

authorize such disclosures under the privacy regulations issued pursuant to HIPAA.  45 C.F.R. § 164.512(e)(1)(i).

The parties are expressly prohibited from using or disclosing the protected health information obtained pursuant to this order for any purpose other than this action.  Further, the parties are ordered to either return to the covered entity from whom or which such protected health information was obtained, or to destroy the protected health information (including all copies made), immediately upon conclusion of this action.  See 45 C.F.R. §§ 163.502(b); 164.512(e)(1)(v).

DONE and ORDERED this ___ day of _____, 2006.

_____
United States District Judge

2