IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DANIEL S. KAHN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FORTIS INSURANCE COMPANY, et al.,<br><br>Defendants. | 1:05-cv-105-WSD |

### ORDER

This matter is before the Court on Plaintiff Daniel S. Kahn's Motion to Remand [10] and Motion for Attorney Fees [16].[1]

### I. BACKGROUND

On November 24, 2004, Plaintiff filed this action in the State Court of Fulton County, on behalf of himself and all others similarly situated,[2] against Defendants

---

[1] This matter is also before the Court on Plaintiff's Motion to File Corrected Brief in Opposition to Defendants' Motions to Dismiss [13]. The corrected brief was filed before the deadline and on the same day as the originally filed brief.

[2] Plaintiff purports to bring this action on behalf of himself and all persons who purchased similar insurance coverage by or through the Defendants from January 1, 1993 to the date of class certification. (Compl., attached as Exh. A to

Suburban General Agencies, Inc.,[3] Robert Marcus and Marla Nelson (collectively referred to as the "Agent Defendants"), and Defendants Fortis Insurance Company, Assurant, Inc., Fortis Benefits Insurance Company, and Rogers Benefit Group, Inc. (collectively referred to as the "Fortis Defendants"). Plaintiff claims that on April 29, 1996, the Agent Defendants sold him an Upper Midwest Employers Group ("UMEG") small group health insurance plan which was administered by the Fortis Defendants and underwritten by Fortis Benefits Insurance Company. (Compl. ¶¶ 25, 33, 63.) The UMEG policy is titled "Individual Comprehensive Major Medical Insurance," but the policy is issued under a "Certificate of Group Insurance." (See UMEG Policy, attached as Exh. 1 to Compl., at 2, 4.) The UMEG policy states that the administrator may change the premium rates according to the following provisions:

> Our Rights to Change Premium Rate
>
> 1. We may recalculate the premium rate or rates at any time on or after the first Policy Anniversary.

---

Notice of Removal [1], ¶ 90.)

[3] Plaintiff amended his complaint to substitute Suburban General Agencies, Inc. for Phoenix Associates, Inc.

-2-

> 2. We may recalculate the premium rate or rates on any date when Our liability under the Policy is changed.
>
> The rates will not be changed in accordance with 1. above more often than once in any period of 6 consecutive months. We will give the Policyholder at least 31 days advance written notice of any increase in the premium rate or rates in accordance with 1. above. Notice is considered as given when delivered or mailed to the last known address of the Policyholder.

(Id. at 46.)

Plaintiff alleges that all Defendants, including the Agent Defendants,

> through their consistent course of conduct and concerted misrepresentations, failure to disclose accurate information, and conscious indifference to the accuracy of the information they disclosed, led the Plaintiff . . . to believe that "UMEG" was a true and lawful group health insurance policy and that renewal premiums would be adjusted as customary for other group health insurance policies and in compliance with Georgia law.

(Compl ¶ 133.) Plaintiff asserts that contrary to these alleged misrepresentations, the Fortis Defendants "engaged in re-underwriting individuals on the basis of their individual health or individual claims history." (Id. ¶ 35.) Plaintiff claims he became ill and required insurance benefits, and Defendants illegally altered his health coverage and increased his renewal premiums. (Id. ¶¶ 45-46.) Specifically,

Plaintiff claims in May of 2001, his premium was $688.77, but by May of 2002 his premium had risen to approximately $959.75. (Id. ¶ 68.)

Plaintiff claims the "collective and conspiratorial actions of the Defendants, including the Resident Defendants, resulted in the issuance and delivery of small group health insurance plans that were procured by fraudulent and deceptive means," in violation of Georgia law. (Pl.'s Mot. to Remand at 2.) Plaintiff asserts six claims against the Defendants: (1) private right of action for breach of statutory duty; (2) breach of contract; (3) breach of the implied covenant of good faith and fair dealing; (4) unjust enrichment; (5) conspiracy; and (6) fraud through uniform, written misrepresentations.

On January 12, 2005, the Fortis Defendants removed this case to this Court, asserting this Court has jurisdiction under both diversity of citizenship and federal question jurisdiction. (Notice of Removal [1].) Defendants contend that complete diversity exists because the only non-diverse Defendants, the Agent Defendants, were fraudulently joined to defeat federal jurisdiction, and that this case presents a federal question because Plaintiff's claims "may fall under the auspices of the Employee Retirement Income Security Act ("ERISA")." (Id. ¶ 38.) On January 25, 2005, Plaintiff filed his motion to remand this case to the State Court of Fulton

-4-

County, Georgia, claiming that complete diversity does not exist because the Agent Defendants share the same citizenship as Plaintiff and the Complaint states claims against them, and because Plaintiff has not shown that federal question jurisdiction arises under ERISA.[4]

## II.  DISCUSSION

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Where the propriety of removal is in question, the burden of showing removal is proper is on

---

[4] Both the Fortis Defendants and Agent Defendants filed motions to dismiss on January 20, 2005, contending all claims against them should be dismissed because Plaintiff fails to state a claim upon which relief can be granted. (Mot. to Dismiss by Agent Defs. [5]; Fortis Defs.' Mot. to Dismiss or, in the Alternative, for a More Definite Statement [7].) Because there is substantial overlap among the arguments presented in the motions to dismiss and those in the motion to remand, the Court has considered the arguments filed in support of, and in response to, the motions to dismiss to the extent they impact the Court's subject matter jurisdiction analysis.

the removing party. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).

Defendants' primary argument for removing this action is that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Section 1332 provides that this Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Section 1332 further states that "[f]or the purposes of this section . . . a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." Id. at § 1332(c)(1). "Diversity jurisdiction, as a general rule, requires complete diversity -- every plaintiff must be diverse from every defendant." Palmer v. Hosp. Auth. of Randolph County, 22 F.3d 1559, 1564 (11th Cir. 1994).

Complete diversity does not exist in this case. Plaintiff and all of the Agent Defendants are citizens of the State of Georgia. (Notice of Removal ¶¶ 1, 10, 12.) Defendants argue removal is proper, however, because the Agent Defendants are fraudulently joined.

    A.    <u>Fraudulent Joinder</u>

The removing party has a "heavy" burden of proving fraudulent joinder. Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997). "In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." Id. The Court must base its decision on the plaintiff's pleadings at the time of removal, but the Court may also consider affidavits submitted by the parties. Id. When determining whether the case should be remanded, the Court must evaluate the factual allegations in the light most favorable to Plaintiff and must resolve any uncertainties about state substantive law in favor of Plaintiff. Id. "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." Id. (quotation and citation omitted).

> For a Plaintiff to present an arguable claim against an
> in-state defendant and, therefore, to require a case
> removed to federal court to be remanded to state court,
> the plaintiff need not show that he could survive in the
> district court a motion for summary judgment filed by
> that in-state defendant. For a remand, the plaintiff's
> burden is much lighter than that: after drawing all

-7-

>reasonable inferences from the record in the plaintiff's favor and then resolving all contested issues of fact in favor of the plaintiff, there need only be a reasonable basis for predicting that the state law *might* impose liability on the facts involved.

Id. at 1541-42 (citation and quotation omitted).

Plaintiff argues that removal of this case was improper and that remand is required because Plaintiff has stated valid claims against the Agent Defendants. Plaintiff claims the Agent Defendants are alleged to have been "instrumental in procuring, issuing and delivering the small group health insurance plans at issue in this case." (Pl.'s Mot. to Remand at 3.) Plaintiff alleges that "the Agent Defendants represented the policy as something it was not, . . . clearly stat[ing] a claim for actual fraud that is apparent on the face of the Complaint." (Pl.'s Reply to Defs.' Opp'n to Remand at 2.) Defendants argue Plaintiff's claims against the Agent Defendants fail because (i) Plaintiff's fraud claim against the Agent Defendants is barred by the statute of limitations, and (ii) Plaintiff's fraud claim against the Agent Defendants fails on the merits under Georgia law. The Court will first address Plaintiff's claim of fraud against the Agent Defendants.

1.  *Statute of Limitations*

Defendants claim Plaintiff's fraud claim is barred by the statute of limitations because the cause of action arose in 1996, when the Agent Defendants sold him the UMEG policy, and Plaintiff did not file his Complaint until 2005. The Court must determine if there is any possibility that a Georgia court could find that the statute does not bar Plaintiff's fraud claims against the Agent Defendants.

The statute of limitations for fraud in Geogia is four (4) years. O.C.G.A. § 9-3-31. The commencement of this limitations period may be tolled, however, "if the defendant committed an act of actual fraud that had the effect of concealing from the plaintiff the existence of the cause of action despite her exercise of reasonable diligence."[5] Hahne v. Wylly, 406 S.E.2d 94, 96 (Ga. Ct. App. 1991); O.C.G.A. § 9-3-96. "[W]here the actual fraud is the gravamen of the action . . . the statute of limitations is tolled until the fraud is discovered or by reasonable diligence

---

[5] Actual fraud implies moral guilt and is distinguished from constructive fraud which is consistent with innocence. Shipman v. Horizon Corp., 267 S.E.2d 244, 245 n.3 (Ga. 1980). Plaintiff alleges actual fraud, as exemplified by his allegations that "Defendant engaged in a fraudulent scheme to defraud customers by misrepresenting 'UMEG' health insurance policies to be group health insurance policies when the policies were, in fact, individual health policies," (Compl. ¶ 16), and that "Defendants are morally culpable in that they formed an immoral and fraudulent scheme to deceive the Plaintiff . . . ." (Id. ¶ 136.)

should have been discovered."[6] Shipman v. Horizon Corp., 267 S.E.2d 244, 246 (Ga. 1980).

"Whether a plaintiff exercised reasonable care in discovering the fraud is generally a jury question." Fed. Ins. Co. v. Westside Supply Co., Inc., 590 S.E.2d 224, 229 (Ga. Ct. App. 2003). Defendants claim Plaintiff did not exercise reasonable diligence to discovery the fraud because he was put on notice of the alleged fraud when he received his first renewal premium notice. Defendants further claim that Plaintiff admits, in a March 18, 2002 letter to Rogers Benefit Group, that he has "been paying way too much since 1996." (See March 18, 2002 Letter, attached as Exh. 2 to Compl.; Agent Defs.' Opp'n to Pl.'s Mot. to Remand at 12.)

---

[6] The Fortis Defendants argue that Georgia law on equitable tolling "requires a separate, affirmative fraudulent act that is in addition to the original fraud." (Fortis Defs.' Opp'n to Pl.'s Mot. to Remand at 11.) The Fortis Defendants are incorrect. In Shipman, the Georgia Supreme Court distinguished between two different circumstances in which actual fraud tolls the statute of limitations. In the first circumstance, where "the actual fraud is the gravamen of the action," "[n]o other independent fraudulent act is required to toll the statute." Shipman, 267 S.E.2d at 246. The Fortis Defendants apparently refer to the "second circumstance," "where the gravamen of the action is other than actual fraud," which requires "a separate independent actual fraud . . . ." Id. In this case, the gravamen of Plaintiff's cause of action is actual fraud. (See n.5, *supra*.) The Court further notes that Plaintiff alleges that Defendants issued a "Group Certificate of Insurance," and continued to issue renewal notices referring to this policy. (Pl.'s Reply to Defs.' Opp'n to Remand at 8.)

-10-

Thus, Defendants claim "Plaintiff clearly had notice of the higher premiums soon after purchasing the policy . . . ." (Agent Defs.' Opp'n to Pl.'s Mot. to Remand at 12.) Plaintiff argues that whether he exercised reasonable care in discovering the fraud is a detailed factual assessment that is prohibited in a fraudulent joinder analysis. (Pl.'s Mot. to Remand at 12.)

The Court's inquiry is limited to determining whether there is any possibility that a Georgia court could find that the statute of limitations has not run on Plaintiff's fraud claim against the Agent Defendants. Plaintiff has alleged he was issued a "Certificate of Group Insurance," and that he received premium renewal notices for this policy. Despite the fact that his premiums were raised almost immediately after he purchased the policy in 1996, the first affirmative disclosure by Defendants that Plaintiff's policy was actually an individual policy was a March 2002 letter, sent to Plaintiff by Rogers Benefit Group, in which Defendants stated "We have recently completed a comprehensive review of the overall experience of our individual medical plans for the past year. We determined that several changes needed to be made to the current rating structure . . . ." (See March 2002 Letter, attached as Exh. 2 to Compl.) That Plaintiff was aware of rate hikes or had previously complained about his higher premiums is not dispositive. Plaintiff does

-11-

not complain about a mere raising of his premiums. Instead, Plaintiff's complaint is that his rates were increased based on his individual risk and claims experience as opposed to on a group basis. Because it is arguable that the fraud was not discoverable until March 2002, a state court could find that the statute of limitations did not run until March 2006 and that the statute of limitations does not bar Plaintiff's claim.[7] See McBride v. Life Ins. Co. of Va., 190 F. Supp. 2d 1366, 1372 (M.D. Ga. 2002) (holding at summary judgment that "Plaintiff could not have discovered the alleged fraud in this case until . . . he began receiving documentation of the drastically increased premiums"); accord Raybon v. Am. Fid. Assurance Co., No. 2:05CV276D, 2005 WL 2002064, at *6 (M.D. Ala. Aug. 19, 2005) ("The Court agrees with [plaintiff] that it is arguable, given the absence of contradictory terms in the insurance policy, that [plaintiff] could not have deduced from the mere fact that her premiums increased that [defendant]'s representation that premium rates were assessed based on a group or class basis was false.").

---

[7] The UMEG policy does not conclusively demonstrate that Plaintiff should have been aware that his plan was not actually a group benefit plan. The UMEG policy describes his coverage as both group and individual insurance, and does not unambiguously contradict alleged misrepresentations that the plan was a group policy.

-12-

The Court emphasizes that it expresses no opinion on the merits of Plaintiff's equitable tolling argument. Instead, the Court finds that construing all factual and legal inferences in favor of Plaintiff, there is a possibility that a state court would conclude that the statute of limitations has not run on Plaintiff's fraud claim against the Agent Defendants. Accord Raybon, 2005 WL 20022064, at *6 (applying Alabama law and granting plaintiff's motion to remand); see also Fed. Ins. Co., 590 S.E.2d at 230 ("Where there are facts involving fraud and excuses for delay in discovering the same, the question is one of mixed law and fact, and is one for determination by the jury under proper instructions from the court.") (quotation and citation omitted).[8]

---

[8] Defendants also state that "since equitable tolling is an affirmative fraud, it must be stated with particularity." (Fortis Defs.' Opp'n to Pl.'s Mot. to Remand at 11.) Plaintiff's underlying fraud claims are the basis for Plaintiff's equitable tolling argument and they are pleaded sufficiently. While O.C.G.A. § 9-11-9 provides all averments of fraud must be stated with particularity, the Court notes that it is Defendants' burden to establish that there is no possibility that Plaintiff can state a claim against the resident defendants, and not Plaintiff's burden to establish his fraud claims or equitable tolling. Plaintiff has pleaded a sufficient basis for his claim of equitable tolling. See also La Grasta v. First Union Secs., Inc., 358 F.3d 840, 845 (11th Cir. 2004) ("A statute of limitations bar is an affirmative defense, and plaintiffs are not required to negate an affirmative defense in their complaint.") (quotation and citation omitted).

2.  *Fraud*

To state a claim for fraudulent misrepresentation under Georgia law a plaintiff must establish five elements: "(1) that the defendant made representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied on the representations; and (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made." Bacote v. Wyckoff, 310 S.E.2d 520, 523 (Ga. 1984). Defendants claim Plaintiff's fraud claim against the resident Agent Defendants fails because there was no misrepresentation.

Defendants' argument is that Plaintiff bases his claim against the Agent Defendants on their alleged misrepresentations that UMEG was a group health insurance policy. Defendants argue, however, that Plaintiff admits he received a group insurance policy and, therefore, the Agent Defendants did not make a misrepresentation. Defendants claim that Plaintiff's "true claims are against the Fortis Defendants for allegedly rating his group policy improperly" after the point of sale. (Fortis Defs.' Opp'n to Pl.'s Mot. to Remand at 8-10, n.6.)

The Court does not agree with the Defendants' characterization of this action. The basis of Plaintiff's fraud claim is that the Defendants concealed and

-14-

misrepresented the true nature of their group health insurance policies. Plaintiff claims that all Defendants misrepresented the policies to be group health insurance policies when, in fact, the policies and premiums were adjusted based on individual health risk and claims experience. Plaintiff, therefore, is not simply contending his group policy was rated improperly, nor is he simply complaining that his premiums were raised. Plaintiff further claims Defendants intentionally misled Plaintiff for the purpose of selling him the UMEG policy, that he relied on these misrepresentations that the UMEG policy was proper group health insurance, and that Plaintiff has sustained damages by being forced to pay increased insurance premiums. (Compl. ¶¶ 129-39.) Construing the facts and any ambiguities in the law in favor of Plaintiff, a possibility exists that Plaintiff could succeed on his fraud claim against the resident Agent Defendants. See Crowe, 113 F.3d at 1538.

Because it appears the Plaintiffs may assert a fraud cause of action[9] against the resident Agent Defendants, Defendants have failed to demonstrate they are fraudulently joined and that the Court has original jurisdiction over this case.

---

[9] Because the Court finds Plaintiff may assert a fraud cause of action against the resident Agent Defendants, the Court does not address Plaintiff's other theories of recovery against them.

B.   Federal Question

Defendants contend that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims "may" fall under ERISA.[10] (See Notice of Removal at 38.) Defendants' arguments are conclusory and, in short, are that the insurance policies underlying Plaintiff's claim qualify as ERISA employee welfare benefit plans, and Plaintiff's claims are preempted by ERISA under § 514. (Fortis Defs.' Opp'n to Pl.'s Mot. to Remand at 23-24.)

The burden of showing removal is proper is on the removing party. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). Defendants fail to satisfy their burden of demonstrating removal is proper because ERISA § 514 provides for "defensive" preemption, and "does not furnish federal subject-matter jurisdiction under 28 U.S.C. § 1331 . . . ." Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1212 (11th Cir. 1999). Only "complete" preemption is sufficient to establish federal subject matter jurisdiction. Id. To establish complete preemption, Defendants must demonstrate: (1) a relevant ERISA plan; (2)

---

[10] Section 1331 provides "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

-16-

plaintiff's standing to sue under that plan; (3) the defendant is an ERISA entity; and (4) plaintiff is seeking relief available under 29 U.S.C. § 1132(a). Id. Defendants' conclusory allegations that Plaintiff's claims are preempted by ERISA are insufficient to establish any of the elements necessary for this Court to find it has subject matter jurisdiction of this matter.[11]

### C.  Attorney Fees

Plaintiff requests an award of his reasonable costs and expenses incurred as a result of the removal. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). This determination is left to the discretion of the Court. See Graham Commercial Realty, Inc. v. Shamsi, 75 F. Supp. 2d 1371, 1373 (N.D. Ga. 1998) ("An award of attorneys' fees is solely in the discretion of the court. A finding of bad faith or improper purpose by the removing party is not necessary."). Considering the improper nature of the

---

[11] For example, "Section 1132(a) provides a cause of action for the recovery of plan benefits and allows for the recovery of costs in bringing such a claim." Engelhardt v. Paul Revere Life Ins. Co., 139 F.3d 1346, 1354 (11th Cir. 1998). Because Plaintiff does not seek the recovery of plan benefits, Defendants cannot establish that Plaintiff seeks relief available under § 1132(a).

-17-

removal here, and the delay and expense incurred as a result, the Court finds an award of costs and expenses under 28 U.S.C. § 1447(c) is warranted. Although there is authority for the Court's retention of the case to determine the reasonableness of the costs and expenses requested by Plaintiff, the Court finds that litigating this case on dual tracks -- the substantive issues in the State Court, and the ancillary costs and expenses issue in this Court -- would be inefficient and would further delay the processing of the case. Accordingly, the determination of the reasonableness of the costs and fees to be awarded to Plaintiff is reserved for the State Court.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [10] and Plaintiff's Motion for Attorney Fees [16] are **GRANTED** and the Clerk of Court is **DIRECTED** to remand this action to the State Court of Fulton County, Georgia.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1447(c), Defendants are required to pay to Plaintiff his reasonable costs and actual expenses, including attorneys' fees, incurred as a result of removal. Plaintiff shall

-18-

submit to the State Court within thirty (30) calendar days of this Order a detailed accounting of his reasonable costs and expenses incurred as a result of the removal.

**SO ORDERED**, this 13th day of September, 2005.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DANIEL S. KAHN, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>FORTIS INSURANCE COMPANY, et al.,<br><br>Defendant. | CIVIL ACTION FILE<br><br>NO. 1:05-cv-105-WSD |

## JUDGMENT

This action having come before the court, Honorable William S. Duffey, United States District Judge, for consideration of defendants' motion for attorney's fees, and the court having granted said motion, it is

**Ordered and adjudged** that defendants recover from plaintiff reasonable costs and actual expenses, including attorney's fees.

Dated at Atlanta, Georgia this 13th day of September, 2005.

LUTHER D. THOMAS
CLERK OF COURT

By: /s/ K. Thornton
Deputy Clerk

Prepared, filed, and entered
in the Clerk's Office
   September 13, 2005
Luther D. Thomas
Clerk of Court

By: /s/ K. Thornton
   Deputy Clerk