IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| TROY E. TILLERSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. 3:05-cv-985-MEF |
| | * | |
| THE MEGA LIFE AND HEALTH | * | |
| INSURANCE CORPORATION, a | * | |
| corporation; TRANSAMERICA LIFE | * | |
| INSURANCE COMPANY F/K/A PFL | * | |
| LIFE INSURANCE COMPANY, a | * | |
| corporation; NATIONAL ASSOCIATION | * | |
| FOR THE SELF EMPLOYED A/K/A | * | |
| NASE, a corporation, | * | |
| | * | |
| Defendants. | * | |

**MOTION FOR PROTECTIVE ORDER AND**
**OBJECTIONS TO DISCOVERY**

COMES NOW defendant, The MEGA Life and Health Insurance Company ("MEGA"), by and through its undersigned counsel, and files this motion for protective order and objections to discovery, and in support hereof states as follows:

**RELEVANT FACTS**

1. On May 19, 2006, plaintiff served a Rule 30(b)(5)&(6) notice of deposition for MEGA's deposition, the date, time and location to be determined between counsel. On June 20, 2006, MEGA served objections to that notice.

2. On October 11, 2006, defendants' counsel conducted the deposition of plaintiff's stepmother, Sue Ann Tinkey, whose testimony revealed that plaintiff's insurance certificate at issue, which forms the basis of his allegations, is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and that plaintiff's state law claims,

claims for punitive or extracontractual damages, and demand for a jury trial are preempted by ERISA and should be stricken.

3. On November 21, 2006, the defendants filed a motion to strike plaintiff's state law claims, claims for punitive or extracontractual damages, and jury demand, since the plaintiff's insurance is governed by ERISA as an employee welfare benefit plan, and ERISA preempts state causes of action. On December 8, 2006, plaintiff filed a response opposing the motion, and on December 22, 2006, the defendants filed a reply brief.

4. On December 8, 2006, counsel began corresponding by telephone, e-mail and letters with regard to MEGA's deposition. On December 22, 2006, plaintiff served Rule 30(b)(5)&(6) notices for the depositions of defendants Transamerica Life Insurance Company ("Transamerica") and National Association for the Self-Employed, Inc. ("NASE") as well as a re-notice of MEGA's deposition, unilaterally scheduling all three depositions for January 5, 2007 in plaintiff's counsel's office in Birmingham. Undersigned counsel for the defendants served objections to each of those notices, not only as to the location, date or time but also as to the matters for examination and documents requested in the notices. The depositions did not proceed on January 5, 2007. A second re-notice of MEGA's deposition was served on January 8, 2007, unilaterally scheduling the deposition for January 19, 2007. Exhibit A – re-notice.

5. Counsel for MEGA certify that they have conferred with plaintiff's counsel in an effort to resolve this dispute without court action.

**ARGUMENT**

6. Federal Rule of Civil Procedure 26(c) provides that a party may, for good cause, request a protective order to shield itself from "annoyance, embarrassment, oppression, or undue burden or expense" and may request that discovery "be had only on specified terms and

conditions, including a designation of the time or place," and "that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters." Fed. R. Civ. P. 26(c)(2)&(4).

7. Here, notwithstanding MEGA's objections to plaintiff's initial notice and re-notice of its deposition and MEGA's filing of a motion to strike plaintiff's state law claims, claims for punitive or extracontractual damages, and jury demand, plaintiff has served another re-notice of MEGA's deposition, unilaterally scheduling the deposition for January 19, 2007 and including matters for examination and document requests that exceed the scope of permissible discovery. Exhibit A. Specifically, plaintiff is seeking testimony and documents that not only fall outside the scope of discovery in an ERISA action, but also are, among other things, overly broad, irrelevant, protected by the attorney-client privilege and/or work product doctrine, and/or constitute personal, private health information protected by HIPAA. MEGA's objections to this latest re-notice are attached hereto as Exhibit B.

8. Plaintiff is seeking very broad discovery from MEGA (and also from defendants Transamerica and NASE, per earlier-served deposition notices), a significant portion of which concerns issues related to plaintiff's state law claims and claims for punitive damages. Exhibit A. As examples, plaintiff is requesting "[t]estimony and documents evidencing or relating to any and all Certificates of Insurance and application documentations for group health insurance coverage for the last 10 years" and "[t]estimony and documents evidencing and relating to any and all claims documentation for group health insurance coverage for the last 10 years." Exhibit A. Given the comprehensiveness of these and the other listed matters for examination and document requests, the burden on MEGA (and the other defendants) to comply is significant and in all likelihood, unnecessary. MEGA has filed a motion to strike plaintiff's state law claims and

3

claims for punitive damages as a result of ERISA preemption, and incorporates that motion as additional support for this motion for protective order. If the Court finds that plaintiff's claims are preempted by ERISA and grants the motion to strike, the scope of discovery will be very limited, given that the typical broad discovery applicable in state law actions is not applied under ERISA. The goal of ERISA is to allow for prompt and fair resolution of claims made in connection with employee welfare benefit plans, and discovery should not be as broad and overreaching as in other types of cases. *See, e.g., Brown v. Wal-Mart Stores, Inc.*, Case No. 3:05-cv-810-MEF (WO), 2006 U.S. Dist. LEXIS 25782 (M.D. Ala. April 25, 2006). The broad scope of discovery sought in plaintiff's corporate deposition notices is inappropriate, particularly in an ERISA case, and as a result, MEGA objects to that discovery and does not agree that it should present a corporate representative for a deposition on January 19, 2007, to discuss the comprehensive list of matters for examination and produce the extensive documents requested. Exhibit B.

9.  MEGA therefore requests protection from the noticing of its deposition and the objectionable, expansive, non-ERISA-related discovery requested in the re-notice. MEGA submits that entering a protective order will protect MEGA's interests and serve judicial economy without unduly sacrificing the rights of plaintiff. There is a substantial likelihood that plaintiff's state law claims will be stricken as a result of ERISA preemption. Thus, it may be unnecessary for the Court to resolve the discovery-related issues related to the defendants' objections to the plaintiff's deposition notices. Granting this motion would also be more economical for the parties because they could avoid potentially unnecessary fees and costs.

WHEREFORE, premises considered, MEGA respectfully requests this Court enter a Protective Order for the reasons outlined herein.

        *s/Pamela A. Moore*
        JAMES W. LAMPKIN II (LAMPJ7474)
        PAMELA A. MOORE (MOORP5421)
        Attorneys for Defendants

OF COUNSEL:

ALFORD, CLAUSEN & McDONALD, LLC
One St. Louis Centre, Suite 5000
Mobile, Alabama 36602
(251) 432-1600
(251) 432-1700 (fax)

## CERTIFICATE OF SERVICE

     I hereby certify that on January 17, 2007, the foregoing document was electronically filed with the Clerk of this Court using the CM/ECF system, which will send notification of such filing to the following:

    Steven W. Couch, Esq.
    Hollis & Wright, P.C.
    505 North 20th Street, Suite 1750
    Birmingham, Alabama 35203

        *s/Pamela A. Moore*
        COUNSEL