IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TROY E. TILLERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | 3:05CV985-B |
| THE MEGA LIFE AND HEALTH | ) | |
| INSURANCE CORPORATION, a corporation; | ) | |
| TRANSAMERICA LIFE INSURANCE | ) | |
| COMPANY F/K/A PFL LIFE INSURANCE | ) | |
| COMPANY, a corporation; NATIONAL | ) | |
| ASSOCIATION FOR THE SELF EMPLOYED | ) | |
| A/K/A NASE, a corporation; | ) | |
| | ) | |
| Defendants. | ) | |

**RE-NOTICE OF DEPOSITION OF THE MEGA LIFE AND HEALTH
INSURANCE CORPORATION**

To:   James W. Lampkin, II
      Pamela A. Moore
      Alford, Clausen & McDonald
      One St. Louis Centre, Suite 5000
      Mobile, AL 36602

Please take notice that, pursuant to Federal Rules of Civil Procedure 30 (b) (5) and (6), Plaintiff will take the deposition of **THE MEGA LIFE AND HEALTH INSURANCE CORPORATION** (hereinafter referred to as "this defendant", "the defendant" or "said corporation"), upon oral examination before an officer authorized to administer oaths. The matters on which examination is requested are:

1. Testimony and documents evidencing or relating to each person, including, but not limited to, current or former MEGA, Transamerica or NASE employees or agents who has first-hand knowledge of the facts and circumstances of the matters referred to in the Plaintiff's complaint, and give a brief summary of each such individual's personal knowledge.

**Exhibit A**

2. Testimony and documents evidencing or relating to the relationship between Megal Life, Transamerica, PFL Life Insurance Company and NASE?

3. Testimony and documents evidencing or relating to whether or not there have been, or are now, within the last 10 years, lawsuits pending against this defendant or its agent(s), claiming injury or damage due to breach of contract, breach of fiduciary duty, fraudulent, wanton or intentional misrepresentation, fraud in the inducement, unethical business practices, and any other negligent or wanton conduct involved in this defendant's instructional programs for insurance agents. If so, for each such lawsuit state the date of the filing of each such lawsuit; the court in which such lawsuit was filed; the action or court number of each such lawsuit; the name and addresses of all parties, including plaintiff and defendant to each such lawsuit; and the disposition of each such lawsuit.

4. Testimony and documents evidencing or relating to the total amount of monies paid in claims in the State of Alabama in the last five years?

5. Testimony and documents evidencing or relating to all policies and policy types sold by any of the defendants pertaining to major medical group health insurance from 1995 to the present.

6. Testimony and documents evidencing or relating to all persons who purchased a major medical group health insurance policy from any of the defendants from 1995 to the present.

7. Testimony and documents evidencing or relating to how you based your premiums with regard to any individual and explain in full detail the process you and/or your company went through to decided the amount of the premiums and the deductibles for each.

8. Testimony and documents evidencing or relating to how you calculated the value of premium payments.

9. Testimony and documents evidencing or relating to the explanation of each and every increase in premium payments and for increase, please attach any supporting documentation, including, but not limited to, correspondence, email, notes, memoranda, inter-office memoranda.

10. Testimony and documents evidencing or relating to ach individual you expect to call as an expert witness at the trial of this case and further state the subject on which each such expert is expected to testify. For each such expert, please provide the following:

    (a)    a current curriculum vitae.

    (b)    A complete bibliography of all papers, reports, books, studies, articles or publications of any kind, written by or partially by, your expert and for each writing: the title; the name and address of the publisher; the date of publication; and, if published in or as an article, chapter or other part of a magazine, pamphlet, book or other publication, the name of each and the name and address of its publisher.

    (c)    Originals or authentic copies of all standards, regulations, papers, articles, reports, records, studies, analysis, charts, data compilations and other documents and writings which are or will be reviewed, studied, written or prepared or partially written or prepared by the expert and which pertain or relate to incidents made the basis of plaintiff's complaint.

11. Testimony and documents evidencing or relating to how the formula for the benefits vary by state and how and why said are not available in all states.

12. Testimony and documents evidencing or relating to how the "group rates" were calculated for the group health insurance coverage and the formula of how you came to determine the amount of the premiums for each member of the group.

13. Testimony and documents evidencing or relating to what options were given to group health insurance customers to lower their premiums, and please attach a copy of said options to your answers.

14. Testimony and documents evidencing or relating to the identity of each and every witness that you or your attorneys may call as a witness in the trial of this case and state the substance of their anticipated testimony.

15. Testimony and documents evidencing or relating to a full and detailed description of all benefit levels, along with their plans and how said benefit levels would effect any out-of-pocket maximums.

16. Testimony and documents evidencing or relating to any and all Certificates of Insurance and application documentations for group health insurance coverage for the last 10 years.

17. Testimony and documents evidencing or relating to any and all NASE membership documentation for the last 10 years.

18. Testimony and documents evidencing or relating to any and all underwriting documentation for group health insurance coverage for the last 10 years.

19. Testimony and documents evidencing or relating to any and all claims documentation for group health insurance coverage for the last 10 years.

20. Testimony and documents evidencing or relating to any and all notes, correspondence, memoranda, inter-office memoranda and/or any other documentation regarding documents relating to Plaintiff's insurance benefits.

21. Testimony and documents evidencing or relating to any and all correspondence related to premiums, change of PPO Plans, claims and bank changes with regard to the plaintiff's insurance for the last 10 years.

22. Testimony and documents evidencing or relating to any and all computer printouts related to premium data, coverage and claims with regard to the incident made the basis of Plaintiff's complaint.

23. Testimony and documents evidencing or relating to any and all returned items, and documents relating to premium payments or non-payments of premiums with regard to the plaintiff for the last 10 years.

24. Testimony and documents evidencing or relating to any and all applications for any kind of insurance pertaining to the plaintiff with regard to Mega Life and The Health Insurance Corporation, Transamerica Life Insurance Company f/k/a PFL Insurance Company f/k/a PFL Life Insurance Company; Nation Association for the Self Employed a/k/a NASE.

25. Testimony and documents evidencing or relating to any and all policies of any kinds whatsoever from Mega Life and The Health Insurance Corporation, Transamerica Life Insurance Company f/k/a PFL Insurance Company f/k/a PFL Life Insurance Company; Nation Association for the Self Employed a/k/a NASE and/or any of their successors or subsidiaries including any Amendatory Endorsements pertaining to the plaintiff with regard to the incident made the basis of the complaint.

26. Testimony and documents evidencing or relating to any and all authorizations for direct payment.

27. Testimony and documents evidencing or relating to any and all policies and procedures manuals, and any all amendatory endorsements and/or endorsements thereto, relating to how premiums and deductibles for group health insurance coverage are derived.

28. Testimony and documents evidencing or relating to any and all documents indicating or evidencing the loss ratios on the types of group health insurance policies provided to the plaintiff or any other individuals in the State of Alabama in the last 10 years.

29. Testimony and documents evidencing or relating to any and all documents, correspondence, email, notes, or memoranda, indication or evidencing any

claims made by any persons to any of the defendants with regard to increases in their group health insurance premiums for the last 10 years.

30. Testimony and documents evidencing or relating to the nature of the insurance made the basis of this suit.

31. Testimony and documents evidencing or relating to any and all correspondence from the Defendants.

32. Testimony and documents evidencing or relating to any and all explanation of benefits for any and all of the policies issued to the plaintiff and copies of said Explanation of Benefits.

33. Testimony and documents evidencing or relating to any and all rate increases sent out to any policy holders with regard to their group health insurance from any of the defendants within the last 10 years.

34. Testimony and documents evidencing or relating to any and all written notices provided to any of the policy holders, which were given 31 days prior to the effective date of any new rate changes in their group health coverage.

Further, note that pursuant to Rule 30 (b)(6), said corporation, "shall designate on or more officers, directors, managing agents, or other persons who consent to testify on its behalf," and that "[t]he persons so designated shall testify as to matters known or reasonably available to (said corporation)."

Pursuant to Rule 30 (b)(5), plaintiffs request that, at the time and place of the taking of said deposition, said corporation produce for inspection and copying a copy of each note, memorandum, item of correspondence, picture, drawing or other document evidencing or relating to all matters described above as the relate to the occurrence made the basis of plaintiffs' complaint.

Said deposition shall be take place on **January 19, 2007 at 9:00 a.m. at the offices of MEGA Life located in Texas** and shall continue day to day until completed.

5



STEVEN W. COUCH
Attorney for Plaintiff

**OF COUNSEL**:
HOLLIS & WRIGHT, P.C.
505 North 20th Street, Suite 1500
Birmingham, Alabama 35203
(205) 324-3600
(205) 324-3636 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed a true and correct copy of the above and foregoing by U.S. Mail, properly addressed and postage prepaid this the 8th day of January, 2007 to:

James W. Lampkin, II
Pamela A. Moore
Alford, Clausen & McDonald
One St. Louis Centre, Suite 5000
Mobile, AL 36602

OF COUNSEL