IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| TROY E. TILLERSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. 3:05-cv-985-MEF |
| | * | |
| THE MEGA LIFE AND HEALTH | * | |
| INSURANCE CORPORATION, a | * | |
| corporation; TRANSAMERICA LIFE | * | |
| INSURANCE COMPANY F/K/A PFL | * | |
| LIFE INSURANCE COMPANY, a | * | |
| corporation; NATIONAL ASSOCIATION | * | |
| FOR THE SELF EMPLOYED A/K/A | * | |
| NASE, a corporation, | * | |
| | * | |
| Defendants. | * | |

**OBJECTIONS TO RE-NOTICE OF DEPOSITION OF**
**THE MEGA LIFE AND HEALTH INSURANCE COMPANY**

COMES NOW, defendant The MEGA Life and Health Insurance Company ("MEGA"),

by and through its undersigned counsel, and states its objections to Plaintiff's Rule 30(b)(5) and

(6) second re-notice of deposition of MEGA and in support of its objections, says as follows:

On May 19, 2006, Plaintiff served a Rule 30(b)(5)&(6) notice of deposition for MEGA's

deposition, the date, time and location to be determined between counsel. On June 20, 2006,

MEGA served objections to that notice.

On October 11, 2006, defendants' counsel conducted the deposition of Plaintiff's

stepmother, Sue Ann Tinkey, whose testimony revealed that Plaintiff's insurance certificate at

issue, which forms the basis of his allegations, is governed by the Employee Retirement Income

Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and that Plaintiff's state law claims,

**Exhibit B**

claims for punitive or extracontractual damages, and demand for a jury trial are preempted by ERISA and should be stricken.

On November 21, 2006, the defendants filed a motion to strike Plaintiff's state law claims, claims for punitive or extracontractual damages, and jury demand, since the Plaintiff's insurance is governed by ERISA as an employee welfare benefit plan, and ERISA preempts state causes of action. On December 8, 2006, Plaintiff filed a response opposing the motion, and on December 22, 2006, the defendants filed a reply brief.

On December 8, 2006, Plaintiff's counsel and undersigned counsel began corresponding with respect to MEGA's deposition. On December 22, 2006, Plaintiff served Rule 30(b)(5)&(6) notices for the depositions of defendants Transamerica Life Insurance Company ("Transamerica") and National Association for the Self-Employed, Inc. ("NASE") as well as a re-notice of MEGA's deposition, unilaterally scheduling all three depositions for January 5, 2007 in Plaintiff's counsel's office in Birmingham. Undersigned counsel for the defendants served objections to each of these notices, not only as to the location, date or time but also as to the matters for examination and documents requested in the notices. The depositions did not proceed on January 5, 2007. A second re-notice of MEGA's deposition was served on January 8, 2007, unilaterally scheduling the deposition for January 19, 2007.

MEGA objects to the unilateral scheduling of its deposition for January 19, 2007 in its offices, and to the matters for examination and documents requested in that notice, as set forth below:

1.    Testimony and documents evidencing or relating to each person, including, but not limited to, current or former MEGA, Transamerica or NASE employees or agents who has

first-hand knowledge of the facts and circumstances of the matters referred to in the Plaintiff's

complaint, and give a brief summary of each such individual's personal knowledge.

**RESPONSE:**

> **MEGA objects to this designation to the extent that it seeks to have MEGA designate a corporate representative to testify as to the identity and knowledge of individuals employed by Transamerica and NASE concerning the "facts and circumstances of the matters referred to in the Plaintiff's complaint." MEGA also objects because this designation seeks testimony and documents that fall outside the scope of discovery in an ERISA action. Without waiving the foregoing objections, MEGA refers Plaintiff to the documents produced by MEGA along with its Rule 26 initial disclosures.**

2.    Testimony and documents evidencing or relating to the relationship between

Megal [sic] Life, Transamerica, PFL Life Insurance Company and NASE?

**RESPONSE:**

> **MEGA objects to this designation and the request for production of documents because the designation is overly broad, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, the designation is not limited to a reasonable period of time or an appropriate scope and seeks testimony and documents related to "the relationship between MEGA, Transamerica, PFL Life Insurance Company and NASE." The designation seeks discovery of any "relationship" regardless of whether the "relationship" has any bearing on the issues involved in this lawsuit or the insurance certificate issued to Plaintiff. Moreover, MEGA objects to the extent this designation and request for production of documents seeks proprietary information, trade secrets and/or confidential information. MEGA also objects because this designation seeks testimony and documents that fall outside the scope of discovery in an ERISA action.**

3.    Testimony and documents evidencing or relating to whether or not there have

been, or are now, within the last 10 years, lawsuits pending against this defendant or its agent(s),

claiming injury or damage due to breach of contract, breach of fiduciary duty, fraudulent, wanton

or intentional misrepresentation, fraud in the inducement, unethical business practices, and any

other negligent or wanton conduct involved in this defendant's instructional programs for

3

insurance agents. If so, for each such lawsuit state the date of the filing of each such lawsuit; the court in which such lawsuit was filed; the action or court number of each such lawsuit; the name and addresses of all parties, including plaintiff and defendant to each such lawsuit; and the disposition of each such lawsuit.

**RESPONSE:**

>    **MEGA objects to this designation because it is vague and overly broad and seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. MEGA further objects to this designation because it is not limited to a reasonable period of time or in scope to the type of insurance product issued to Plaintiff or to the allegations contained in the Complaint. This designation seeks discovery of any and all lawsuits against MEGA and/or its agent(s) claiming injury or damage due to breach of contract, breach of fiduciary duty, fraudulent, wanton or intentional misrepresentation, fraud in the inducement, unethical business practices, and any other negligent or wanton conduct. This designation seeks discovery of various items of information related to any and all such lawsuits regardless of the nature and substance of the alleged fraud or claim, the identity of the individual who allegedly made the misrepresentation, the type of insurance contract, or the circumstances related to any unpaid claim for benefits. Moreover, there are no allegations in the Plaintiff's Complaint for bad faith failure to pay claims or for breach of contract. This designation therefore seeks information that is irrelevant, immaterial and would not be admissible for any purpose in this case. The information sought in this designation exceeds the scope of permissible discovery and is not reasonably calculated to lead to the discovery of admissible evidence. For the information sought in this designation to be relevant and admissible, Plaintiff must show that it is "substantially of the same character and contemporaneous in point of time, or nearly so" as the conduct now alleged in the present case. *See Morris v. Laster*, 821 So. 2d 923 (Ala. 2001)(in excluding the testimony of pattern-or-practice witnesses, the Court noted that there is no longer a basis for a broad reading of the pattern-or-practice exception by which evidence of other wrongful conduct is made admissible). Moreover, this designation is not limited to lawsuits filed in Alabama. Discovery of lawsuits in other states is not reasonably calculated to lead to the discovery of admissible evidence because such evidence is not admissible under the authority of *State Farm Mutual Automobile Insurance Company v. Campbell*, 123 S. Ct. 1513 (2003). MEGA also objects because this designation seeks testimony and documents that fall outside the scope of discovery in an ERISA action.**

4

4.    Testimony and documents evidencing or relating to the total amount of monies paid in claims in the State of Alabama in the last five years?

**RESPONSE:**

**MEGA objects to this designation because it is overly broad and seeks documents that are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. This designation also is not limited in scope to the type of insurance product issued to Plaintiff, or to the allegations contained in the Complaint. This designation seeks testimony and documents evidencing or relating to the total amount of monies paid in claims in the State of Alabama in the last five years. The information sought by this designation is not limited to the amounts paid on Plaintiff's claims but instead seeks discovery of the total amount paid in claims in Alabama. This information is immaterial to the issues involved in this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. The documents sought in this designation exceed the scope of permissible discovery and are not reasonably calculated to lead to the discovery of admissible evidence. Moreover, MEGA objects because this designation seeks MEGA's proprietary information, trade secrets and/or confidential information. In addition, MEGA objects because this request directly relates to MEGA's wealth, which is not within the scope of permissible discovery under Alabama law at this stage of the case. In particular, Ala. Code 6-11-23(b) specifically prohibits any discovery of the wealth of the defendant before the entry of a punitive damage award. The prohibition on such discovery was confirmed in the Alabama Supreme Court's decision in *Ex parte Hsu*, 707 So. 2d 223 (Ala. 1997). A request seeking the amount of claims paid for any and all insurance products paid in Alabama for each of the last five years for any and all insurance products specifically goes to the wealth of MEGA and is beyond the scope of admissible evidence under Alabama law. MEGA also objects because this designation seeks testimony and documents that fall outside the scope of discovery in an ERISA action.**

5.    Testimony and documents evidencing or relating to all policies and policy types sold by any of the defendants pertaining to major medical group health insurance from 1995 to the present.

**RESPONSE:**

**MEGA objects to this designation because it is overly broad and seeks documents that are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. MEGA further objects because this designation is not limited to a reasonable period of time or geographical area or to the type of**

insurance product issued to Plaintiff or to the allegations contained in the Complaint. Instead, this designation seeks testimony and production of all policies and policy types sold by any defendants pertaining to major medical group insurance. Essentially, this designation seeks testimony and documents evidencing or relating to all types of policies sold by any of the named defendants that pertain to "major medical group health insurance," for each of the last 11 years. The testimony and documents sought in this designation exceed the scope of permissible discovery and are not reasonably calculated to lead to the discovery of admissible evidence. For the information sought in this designation to be relevant and admissible, Plaintiff must show that it is "substantially of the same character and contemporaneous in point of time, or nearly so" as the conduct now alleged in the present case. *See Morris v. Laster*, 821 So. 2d 923 (Ala. 2001)(in excluding the testimony of pattern-or-practice witnesses, the Court noted that there is no longer a basis for a broad reading of the pattern-or-practice exception by which evidence of other wrongful conduct is made admissible). Moreover, this designation is not limited to Alabama. Information and documents related to any complaints involving the policies sold by MEGA in other states is not reasonably calculated to lead to the discovery of admissible evidence because such evidence is not admissible under the authority of *State Farm Mutual Automobile Insurance Company v. Campbell*, 123 S. Ct. 1513 (2003). In addition, MEGA objects to this designation because it seeks MEGA's proprietary information, trade secrets and/or confidential information. MEGA also objects because the information sought is protected by the Gramm-Leach-Bliley Act. Moreover, this designation can be construed to seek testimony and documents that may include health information constituting private, personal information of the insured and that is protected information under HIPAA. MEGA is prohibited by HIPAA from disclosing this information without approval of each individual insured. MEGA also objects because this designation seeks testimony and documents that fall outside the scope of discovery in an ERISA action.

6.     Testimony and documents evidencing or relating to all persons who purchased a major medical group health insurance policy from any of the defendants from 1995 to the present.

**RESPONSE:**

MEGA objects to this designation because it is overly broad and seeks testimony and documents that are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. MEGA further objects because this designation is not limited to a reasonable period of time or geographical area or to the type of insurance product issued to Plaintiff. Essentially, this designation seeks testimony and documents evidencing or relating to all types of policies sold by any

of the named defendants that pertain to "major medical group health insurance" for each of the last 11 years. MEGA objects because the information sought is vague and ambiguous. Moreover, Plaintiff's reference to "major medical group health insurance" is vague and MEGA should not be required to speculate as to its meaning. This designation seeks testimony, but more invasively, documents concerning each of MEGA's insurance certificate holders from 1995 to present. Plaintiff cannot articulate any reasonable basis that the information sought in this designation is reasonably calculated to lead to the discovery of admissible evidence. In addition, MEGA objects because this request seeks MEGA's proprietary information, trade secrets and/or confidential information. MEGA also objects because the information sought is protected by the Gramm-Leach-Bliley Act. Also, this designation can be construed to seek testimony concerning other individuals' private health information, which MEGA is prohibited from disclosing by HIPAA. MEGA is prohibited by HIPAA from producing this information without approval of each individual insured. MEGA also objects because this designation seeks testimony and documents that fall outside the scope of discovery in an ERISA action.

7.    Testimony and documents evidencing or relating to how you based your premiums with regard to any individual and explain in full detail the process you and/or your company went through to decided the amount of the premiums and the deductibles for each.

**RESPONSE:**

MEGA objects to this designation because it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this designation is vague as to the three phrases it purports as possibly having an effect on any individual participant's renewal premium rate increase. Also, this designation is overly broad and not limited to a reasonable period of time or geographical area or in scope to Plaintiff, to MEGA, to the type of insurance product at issue, or to the allegations contained in the Complaint. This designation seeks information for an unlimited period of time as to how any of various "changes" may affect any person's premiums (not necessarily the Plaintiff in this case), anywhere, as to any insurer and as to any type of insurance product. The information sought in this designation exceeds the scope of permissible discovery and is not reasonably calculated to lead to the discovery of admissible evidence. MEGA also objects because this designation seeks testimony and documents that fall outside the scope of discovery in an ERISA action.

7

8.    Testimony and documents evidencing or relating to how you calculated the value of premium payments.

**RESPONSE:**

**MEGA objects to this designation because it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this designation is vague as to the three phrases it purports as possibly having an effect on any individual participant's renewal premium rate increase. Also, this designation is overly broad and not limited to a reasonable period of time or geographical area or in scope to Plaintiff, to MEGA, to the type of insurance product at issue, or to the allegations contained in the Complaint. This designation seeks information for an unlimited period of time as to how the Defendants "calculated the value of premium payments" for any person's premiums (not necessarily the Plaintiff in this case), anywhere, as to any insurer and as to any type of insurance product. The information sought in this designation exceeds the scope of permissible discovery and is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the designation does not make sense to MEGA because MEGA does not understand the term "calculated the value of premium payments." MEGA also objects because this designation seeks testimony and documents that fall outside the scope of discovery in an ERISA action.**

9.    Testimony and documents evidencing or relating to the explanation of each and every increase in premium payments and for increase, please attach any supporting documentation, including, but not limited to, correspondence, email, notes, memoranda, inter-office memoranda.

**RESPONSE:**

**MEGA objects to this designation because it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this designation is vague as to the three phrases it purports as possibly having an effect on any individual participant's renewal premium rate increase. Also, this designation is overly broad and not limited to a reasonable period of time or geographical area or in scope to Plaintiff, to MEGA, to the type of insurance product at issue, or to the allegations contained in the Complaint. The information sought in this designation exceeds the scope of permissible discovery and is not reasonably calculated to lead to the discovery of admissible evidence. In addition, MEGA objects to this designation to the extent that it seeks discovery of documents and evidence that are protected by the attorney-client privilege and/or**

**work-product doctrine. This designation can be construed to seek discovery of information that constitutes communications between the attorneys and their clients and/or documents created after the filing of this lawsuit. MEGA also objects because this designation seeks testimony and documents that fall outside the scope of discovery in an ERISA action.**

10.    Testimony and documents evidencing or relating to ach [sic] individual you expect to call as an expert witness at the trial of this case and further state the subject on which each such expert is expected to testify. For each such expert, please provide the following:

   (a)    A current curriculum vitae.

   (b)    A complete bibliography of all papers, reports, books, studies, articles or publications of any kind, written by or partially by, your expert and for each writing: the title; the name and address of the publisher; the date of the publication; and, if published in or as an article, chapter or other part of a magazine, pamphlet, book or other publication, the name of each and the name and address of its publisher.

   (c)    Originals or authentic copies of all standards, regulations, papers, articles, reports, records, studies, analysis, charts, data compilations and other documents and writings which are or will be reviewed, studied, written or prepared or partially written or prepared by the expert and which pertain or relate to incidents made the basis of plaintiff's complaint.

**RESPONSE:**

**MEGA objects to this designation because it is an improper attempt to obtain information from MEGA concerning any expert that MEGA has or may retain to testify at trial. MEGA will provide this information through a proper interrogatory and request for production. This designation seeks to have MEGA produce a witness to testify about its experts, if any. MEGA objects to this request to the extent it seeks information that is not discoverable under Rule 26 of the Federal Rules of Civil Procedure. The identity, testimony and documents relating to a consulting expert is not discoverable pursuant to the provisions of Federal Rule 26(b)(4)(B) absent a showing by Plaintiff of exceptional circumstances upon which it is impracticable for the Plaintiff to obtain facts or opinions on the same subject matter by any other means. Without waiving the foregoing objections, MEGA will provide the information required by the Federal Rules of Civil Procedure and the applicable pre-trial order relating to any expert witness that MEGA retains to testify at trial.**

11.    Testimony and documents evidencing or relating to how the formula for the benefits vary by state and how and why said are not available in all states.

**RESPONSE:**

> **MEGA objects to this designation because it is overly broad and seeks documents that are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. MEGA further objects because this designation is not limited to a reasonable period of time or geographical area or to the type of insurance product issued to Plaintiff. MEGA objects because it does not understand the designation and what testimony Plaintiff seeks through this designation. The designation is vague and ambiguous and MEGA cannot discern the issues addressed in the designation to determine whether a witness would be able to testify about these issues. In addition, Plaintiff seeks testimony and documents relating to the "formula for the benefits" and MEGA should not be required to speculate as to the meaning of that phrase, particularly since Plaintiff is seeking testimony and documents relating to any type of insurance product sold anywhere for an unlimited period of time. MEGA also objects because this designation seeks testimony and documents that fall outside the scope of discovery in an ERISA action.**

12.    Testimony and documents evidencing or relating to how the "group rates" were calculated for the group health insurance coverage and the formula of how you came to determine the amount of the premiums for each member of the group.

**RESPONSE:**

> **MEGA objects to this designation because it is overly broad and seeks documents that are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. MEGA further objects because this designation is not limited to a reasonable period of time or geographical area or to the type of insurance product issued to Plaintiff. MEGA also objects because this designation seeks testimony and documents that fall outside the scope of discovery in an ERISA action.**

13.    Testimony and documents evidencing or relating to what options were given to group health insurance customers to lower their premiums, and please attach a copy of said options to your answers.

**RESPONSE:**

> **MEGA objects to this designation because it is overly broad and seeks documents that are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. MEGA further objects because this designation is not limited to a reasonable period of time or geographical area or to the type of insurance product issued to Plaintiff. Plaintiff seeks testimony and documents relating to "options" that were given by MEGA to group health insurance insureds to lower their premiums, as to any type of insurance product issued anywhere, for an unlimited period of time. MEGA also objects because this designation seeks testimony and documents that fall outside the scope of discovery in an ERISA action.**

14.    Testimony and documents evidencing or relating to the identity of each and every witness that you or your attorneys may call as a witness in the trial of this case and state the substance of their anticipated testimony.

**RESPONSE:**

> **MEGA has not made a determination at this point in time as to documents and witnesses to be used at trial. If and when MEGA makes a determination with regard to the witnesses to be called at trial, MEGA will supplement in accordance to the Federal Rules of Civil Procedure and any applicable pre-trial order.**

15.    Testimony and documents evidencing or relating to a full and detailed description of all benefit levels, along with their plans and how said benefit levels would effect any out-of-pocket maximums.

**RESPONSE:**

> **MEGA objects to this designation because it is overly broad and seeks documents that are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. MEGA further objects because this designation is not limited to a reasonable period of time or geographical area or to the type of insurance product issued to Plaintiff. MEGA also objects because this designation seeks testimony and documents that fall outside the scope of discovery in an ERISA action.**

11

16.    Testimony and documents evidencing or relating to any and all Certificates of Insurance and application documentations for group health insurance coverage for the last 10 years.

**RESPONSE:**

> **MEGA objects to this designation because the information sought is overly broad, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. MEGA further objects because it is not limited in scope. This designation seeks discovery of all certificates of insurance and applications for group health insurance coverage presumably issued by MEGA over the past ten years. The information related to any certificate of insurance issued to any individual other than Plaintiff is irrelevant and immaterial to any issue presented in this lawsuit. Testimony and documents relating to all other insureds' certificates of insurance and application documents located anywhere who have purchased any type of group health insurance coverage at anytime in the past ten years exceeds the scope of permissible discovery and is not reasonably calculated to lead to the discovery of admissible evidence. For the information sought in this designation to be relevant and admissible, Plaintiff must show that it is "substantially of the same character and contemporaneous in point of time, or nearly so" as the conduct now alleged in the present case. See Morris v. Laster, 821 So. 2d 923 (Ala. 2001)(in excluding the testimony of pattern-or-practice witnesses, the Court noted that there is no longer a basis for a broad reading of the pattern-or-practice exception by which evidence of other wrongful conduct is made admissible). In addition, MEGA objects to this designation because it seeks MEGA's proprietary information, trade secrets and/or confidential information. MEGA also objects because the information sought is protected by the Gramm-Leach-Bliley Act. Moreover, the information contained in an application for insurance for an applicant includes health information constituting private, personal information of the applicant and that is protected information under HIPAA. MEGA is prohibited by HIPAA from disclosing this information without approval of each individual who applied for insurance from MEGA. MEGA also objects because this designation seeks testimony and documents that fall outside the scope of discovery in an ERISA action.**

17.    Testimony and documents evidencing or relating to any and all NASE membership documentation for the last 10 years.

**RESPONSE:**

> **MEGA objects to this designation because it is overly broad and seeks documents that are irrelevant, immaterial and not reasonably calculated to lead to the**

discovery of admissible evidence. MEGA further objects because this designation is not limited to a reasonable period of time or geographical area or to the type of insurance product issued to Plaintiff. This designation seeks any and all NASE membership documentation for any group health insurance coverage issued by MEGA anywhere for each of the last ten years. Testimony and documents relating to all other insureds' NASE membership documentation located anywhere who have purchased any type of group health insurance coverage at anytime in the past ten years exceeds the scope of permissible discovery and is not reasonably calculated to lead to the discovery of admissible evidence. For the information sought in this designation to be relevant and admissible, Plaintiff must show that it is "substantially of the same character and contemporaneous in point of time, or nearly so" as the conduct now alleged in the present case. *See Morris v. Laster*, 821 So. 2d 923 (Ala. 2001)(in excluding the testimony of pattern-or-practice witnesses, the Court noted that there is no longer a basis for a broad reading of the pattern-or-practice exception by which evidence of other wrongful conduct is made admissible). In addition, MEGA objects to this designation to the extent it seeks MEGA's proprietary information, trade secrets and/or confidential information. MEGA also objects because the information sought is protected by the Gramm-Leach-Bliley Act. Moreover, the information contained in membership documentation may include health information constituting private, personal information of the member and that is protected information under HIPAA. MEGA is prohibited by HIPAA from disclosing this information without approval of each individual member. In addition, MEGA objects because this designation seeks to have MEGA produce a witness to testify about documents maintained by a separate corporation. MEGA also objects because this designation seeks testimony and documents that fall outside the scope of discovery in an ERISA action.

18.    Testimony and documents evidencing or relating to any and all underwriting documentation for group health insurance coverage for the last 10 years.

**RESPONSE:**

MEGA objects to this designation because it is overly broad and seeks documents that are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. MEGA further objects because this designation is not limited to a reasonable period of time or geographical area or to the type of insurance product issued to Plaintiff. This designation seeks any and all underwriting documents for any group health insurance coverage issued by MEGA anywhere for each of the last ten years. Testimony and documents relating to all other insureds' underwriting documents located anywhere who have purchased any type of group health insurance coverage at anytime in the past ten years exceeds the scope of permissible discovery and is not reasonably calculated to lead to the discovery of admissible evidence. For the information sought in this designation to

13

be relevant and admissible, Plaintiff must show that it is "substantially of the same character and contemporaneous in point of time, or nearly so" as the conduct now alleged in the present case. *See Morris v. Laster*, 821 So. 2d 923 (Ala. 2001)(in excluding the testimony of pattern-or-practice witnesses, the Court noted that there is no longer a basis for a broad reading of the pattern-or-practice exception by which evidence of other wrongful conduct is made admissible). In addition, MEGA objects to this designation because it seeks MEGA's proprietary information, trade secrets and/or confidential information.   Moreover, this designation can be construed to seek testimony and documents that may include health information constituting private, personal information of the insured or potential insured and that is protected information under HIPAA.  MEGA is prohibited by HIPAA from disclosing this information without approval of each individual insured or potential insured.    MEGA also objects because this designation seeks testimony and documents that fall outside the scope of discovery in an ERISA action.

19.   Testimony and documents evidencing or relating to any and all claims

documentation for group health insurance coverage for the last 10 years.

**RESPONSE:**

MEGA objects to this designation because it is overly broad and seeks documents that are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.  MEGA further objects because this designation is not limited to a reasonable period of time or geographical area or to the type of insurance product issued to Plaintiff.  This designation seeks any and all claims documentation for any group health insurance coverage issued by MEGA anywhere for each of the last ten years.  Testimony and documents relating to all other insureds' claims documentation located anywhere who have purchased any type of group health insurance coverage at anytime in the past ten years exceeds the scope of permissible discovery and is not reasonably calculated to lead to the discovery of admissible evidence.  For the information sought in this designation to be relevant and admissible, Plaintiff must show that it is "substantially of the same character and contemporaneous in point of time, or nearly so" as the conduct now alleged in the present case. *See Morris v. Laster*, 821 So. 2d 923 (Ala. 2001)(in excluding the testimony of pattern-or-practice witnesses, the Court noted that there is no longer a basis for a broad reading of the pattern-or-practice exception by which evidence of other wrongful conduct is made admissible).  In addition, MEGA objects to this designation to the extent it seeks MEGA's proprietary information, trade secrets and/or confidential information.    MEGA also objects because the information sought is protected by the Gramm-Leach-Bliley Act.  Moreover, MEGA objects because this designation is broad enough to seek testimony and documents related to private, personal health information of insurance certificate holders other than Plaintiff and does not comply with the HIPAA requirements.  MEGA is prohibited

14

**by HIPAA from disclosing this information without approval of each individual insured. MEGA also objects because this designation seeks testimony and documents that fall outside the scope of discovery in an ERISA action.**

20.    Testimony and documents evidencing or relating to any and all notes, correspondence, memoranda, inter-office memoranda and/or any other documentation regarding documents relating to Plaintiff's insurance benefits.

**RESPONSE:**

> **MEGA objects to this designation to the extent that it seeks discovery of documents and evidence that are protected by the attorney-client privilege and/or work-product doctrine. This designation can be construed to seek discovery of information that constitutes communications between the attorneys and their clients and/or documents created after the filing of this lawsuit. MEGA also objects because this designation seeks testimony and documents that fall outside the scope of discovery in an ERISA action. Without waiving the foregoing objections, MEGA refers Plaintiff to the documents produced by MEGA along with its Rule 26 initial disclosures.**

21.    Testimony and documents evidencing or relating to any and all correspondence related to premiums, change of PPO Plans, claims and bank changes with regard to the plaintiff's insurance for the last 10 years.

**RESPONSE:**

> **MEGA objects to this designation to the extent that it invades the province of the attorney-client privilege and/or requests documents protected by the work-product doctrine. This designation can be construed to seek discovery of information that constitutes communications between the attorneys and their clients and/or documents created after the filing of this lawsuit. MEGA also objects to the extent this designation seeks MEGA's proprietary information, trade secrets and/or confidential information. MEGA also objects because this designation seeks testimony and documents that fall outside the scope of discovery in an ERISA action. Without waiving the foregoing objections, MEGA refers Plaintiff to the documents produced by MEGA along with its Rule 26 initial disclosures.**

22.    Testimony and documents evidencing or relating to any and all computer printouts related to premium data, coverage and claims with regard to the incident made the basis of Plaintiff's complaint.

**RESPONSE:**

**MEGA objects to this designation to the extent that it seeks discovery of documents and evidence that are protected by the attorney-client privilege and/or work-product doctrine.    This designation can be construed to seek discovery of information that constitutes communications between the attorneys and their clients and/or documents created after the filing of this lawsuit.    In addition, MEGA objects to the extent this designation seeks MEGA's proprietary information, trade secrets and/or confidential information.    MEGA also objects because this designation seeks testimony and documents that fall outside the scope of discovery in an ERISA action.    Without waiving the foregoing objections, MEGA refers Plaintiff to the documents produced by MEGA along with its Rule 26 initial disclosures.**

23.    Testimony and documents evidencing or relating to any and all returned items, and documents relating to premium payments or non-payments of premiums with regard to the plaintiff for the last 10 years.

**RESPONSE:**

**MEGA objects to this designation to the extent that it invades the province of the attorney-client privilege and/or requests documents protected by the work-product doctrine.    This designation can be construed to seek discovery of information that constitutes communications between the attorneys and their clients and/or documents created after the filing of this lawsuit.    In addition, MEGA objects to the extent this designation seeks MEGA's proprietary information, trade secrets and/or confidential information.    MEGA also objects because this designation seeks testimony and documents that fall outside the scope of discovery in an ERISA action.    Without waiving the foregoing objections, MEGA refers Plaintiff to the documents produced by MEGA along with its Rule 26 initial disclosures.**

24.    Testimony and documents evidencing or relating to any and all applications for any kind of insurance pertaining to the plaintiff with regard to Mega Life and The Health

16

Insurance Corporation, Transamerica Life Insurance Company f/k/a PFL Insurance Company

f/k/a PFL Life Insurance Company; Nation [sic] Association for the Self Employed a/k/a NASE.

**RESPONSE:**

    **The National Association for the Self-Employed, Inc. is not an insurance company and does not issue insurance products. MEGA also objects because this designation seeks testimony and documents that fall outside the scope of discovery in an ERISA action. Without waiving the foregoing objections, MEGA refers Plaintiff to the documents produced by MEGA along with its Rule 26 initial disclosures.**

    25.    Testimony and documents evidencing or relating to any and all policies of any

kinds whatsoever from Mega Life and The Health Insurance Corporation, Transamerica Life

Insurance Company f/k/a PFL Insurance Company f/k/a PFL Life Insurance Company; Nation

Association for the Self Employed a/k/a NASE and/or any of their successors or subsidiaries

including any Amendatory Endorsements pertaining to the plaintiff with regard to the incident

made the basis of the complaint.

**RESPONSE:**

    **The National Association for the Self-Employed, Inc. is not an insurance company and does not issue insurance products. MEGA also objects because this designation seeks testimony and documents that fall outside the scope of discovery in an ERISA action. Without waiving the foregoing objections, MEGA refers Plaintiff to the documents produced by MEGA along with its Rule 26 initial disclosures.**

    26.    Testimony and documents evidencing or relating to any and all authorizations for

direct payment.

**RESPONSE:**

    **MEGA objects to this designation because it is overly broad and seeks documents that are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. MEGA further objects because this designation is not limited to Plaintiff or to the insurance product issued to Plaintiff. MEGA also objects because this designation seeks testimony and documents that fall outside the**

**scope of discovery in an ERISA action.  Without waiving the foregoing objections, MEGA refers Plaintiff to the documents produced by MEGA along with its Rule 26 initial disclosures.**

27.    Testimony and documents evidencing or relating to any and all policies and procedures manuals, and any all amendatory endorsements and/or endorsements thereto, relating to how premiums and deductibles for group health insurance coverage are derived.

**RESPONSE:**

**MEGA objects to this designation because it is overly broad and seeks documents that are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.  MEGA further objects because this designation is not limited to a reasonable period of time or geographical area or to the type of insurance product issued to Plaintiff.  This designation seeks testimony and production of documents "relating to how premiums and deductibles for group health insurance coverage are derived" regardless of the type of insurance certificate.  The designation is not limited to discovery related to the type of insurance certificate purchased by Plaintiff.  MEGA further objects because this designation seeks proprietary information, trade secrets and/or confidential information. MEGA also objects because this designation seeks testimony and documents that fall outside the scope of discovery in an ERISA action.**

28.    Testimony and documents evidencing or relating to any and all documents indicating or evidencing the loss ratios on the types of group health insurance policies provided to the plaintiff or any other individuals in the State of Alabama in the last 10 years.

**RESPONSE:**

**MEGA objects to this designation because it is overly broad and seeks documents that are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. MEGA further objects because this designation is not limited to a reasonable period of time or geographical area or to the type of insurance product issued to Plaintiff.  MEGA further objects because this designation seeks proprietary information, trade secrets and/or confidential information.  MEGA also objects because this designation seeks testimony and documents that fall outside the scope of discovery in an ERISA action.**

18

29.    Testimony and documents evidencing or relating to any and all documents, correspondence, email, notes, or memoranda, indication or evidencing any claims made by any persons to any of the defendants with regard to increases in their group health insurance premiums for the last 10 years.

**RESPONSE:**

**MEGA objects to this designation because it is overly broad and seeks documents that are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. MEGA further objects because this designation is not limited to a reasonable period of time or geographical area or to the type of insurance product issued to Plaintiff. This designation seeks testimony and production of documents regardless of the location of the individual. This designation seeks testimony and documents relating to any and all documents, correspondence, e-mail, notes or memoranda as to any claims made by any person anywhere as to any of the named defendants with regard to increases for any reason in their group health insurance premiums for each of the last ten years. Such information exceeds the scope of permissible discovery and is not reasonably calculated to lead to the discovery of admissible evidence. For the information sought in this designation to be relevant and admissible, Plaintiff must show that it is "substantially of the same character and contemporaneous in point of time, or nearly so" as the conduct now alleged in the present case. *See Morris v. Laster*, 821 So. 2d 923 (Ala. 2001)(in excluding the testimony of pattern-or-practice witnesses, the Court noted that there is no longer a basis for a broad reading of the pattern-or-practice exception by which evidence of other wrongful conduct is made admissible). In addition, MEGA objects to this designation to the extent it seeks MEGA's proprietary information, trade secrets and/or confidential information. In addition, MEGA objects to this designation to the extent that it invades the province of the attorney-client privilege and/or requests information protected by the work-product doctrine. This designation can be construed to seek discovery of information that constitutes communications between the attorneys and their clients and/or documents created after the filing of this lawsuit. Moreover, this designation is not limited to claims made in Alabama. Discovery of claims in other states is not reasonably calculated to lead to the discovery of admissible evidence because such evidence is not admissible under the authority of *State Farm Mutual Automobile Insurance Company v. Campbell*, 123 S. Ct. 1513 (2003). MEGA also objects because this designation seeks testimony and documents that fall outside the scope of discovery in an ERISA action.**

30.    Testimony and documents evidencing or relating to the nature of the insurance made the basis of this suit.

**RESPONSE:**

**MEGA objects to this designation because it is overly broad and seeks documents that are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. MEGA further objects because this designation is not limited to a reasonable period of time or geographical area or to the type of insurance product issued to Plaintiff. Moreover, MEGA objects because the designation is vague and ambiguous and MEGA does not understand this designation. MEGA also objects because this designation seeks testimony and documents that fall outside the scope of discovery in an ERISA action. Without waiving the foregoing objections, MEGA refers Plaintiff to the documents produced by MEGA along with its Rule 26 initial disclosures.**

31.    Testimony and documents evidencing or relating to any and all correspondence from the Defendants.

**RESPONSE:**

**MEGA objects to this designation because it is overly broad and seeks documents that are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. MEGA further objects because this designation is not limited to a reasonable period of time or geographical area or to the type of insurance product issued to Plaintiff. This designation appears to seek testimony and production of documents related to "any and all correspondence from the Defendants" but does not specify to whom such correspondence was directed or to what the correspondence pertained. This designation can be construed to seek testimony and production of documents related to all correspondence by any of the Defendants since the Defendants began operations. MEGA objects to this designation to the extent that it seeks discovery of documents and evidence that are protected by the attorney-client privilege and/or work-product doctrine. This designation can be construed to seek discovery of information that constitutes communications between the attorneys and their clients and/or documents created after the filing of this lawsuit. MEGA also objects because this designation seeks testimony and documents that fall outside the scope of discovery in an ERISA action.**

32.    Testimony and documents evidencing or relating to any and all explanation of benefits for any and all of the policies issued to the plaintiff and copies of said Explanation of Benefits.

**RESPONSE:**

> **MEGA objects to this designation because it is vague and ambiguous.  MEGA cannot determine if the designation is seeking testimony and production of documents of the insurance certificate or Explanation of Benefits explaining claims that were paid under the insurance certificate issued to Plaintiff.  MEGA also objects because this designation seeks testimony and documents that fall outside the scope of discovery in an ERISA action.  Without waiving the foregoing objections, MEGA refers Plaintiff to the documents produced by MEGA along with its Rule 26 initial disclosures.**

33.    Testimony and documents evidencing or relating to any and all rate increases sent out to any policy holders with regard to their group health insurance from any of the defendants within the last 10 years.

**RESPONSE:**

> **MEGA objects to this designation because it is overly broad and seeks documents that are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.  MEGA further objects because this designation is not limited to a reasonable period of time or geographical area or to the type of insurance product issued to Plaintiff.  This designation seeks testimony and production of documents regardless of the location of the individual or the type of insurance certificate at issue.  Plaintiff seeks testimony and documents relating to any and all rate increases sent out to any insured with regard to their group health insurance, for any type of insurance product, issued anywhere, from any of the named defendants at any time within the last ten years.  MEGA also objects because this designation seeks testimony and documents that fall outside the scope of discovery in an ERISA action.**

34.    Testimony and documents evidencing or relating to any and all written notices provided to any of the policy holders, which were given 31 days prior to the effective date of any new rate changes in their group health coverage.

21

**RESPONSE:**

      **MEGA objects to this designation because it is overly broad and seeks documents that are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. MEGA further objects because this designation is not limited to a reasonable period of time or geographical area or to the type of insurance product issued to Plaintiff. This designation seeks testimony and production of documents regardless of the location of the individual or the type of insurance certificate at issue. This designation seeks testimony and documents relating to any written notices provided to any insured as to any type of group insurance coverage, issued anywhere, where the insured was given 31 days' notice prior to the effective date of any rate change. MEGA also objects because this designation seeks testimony and documents that fall outside the scope of discovery in an ERISA action.**

                          *s/Pamela A. Moore*
                          JAMES W. LAMPKIN II (LAMPJ7474)
                          PAMELA A. MOORE (MOORP5421)
                          Attorneys for Defendant
                          The MEGA Life and Health Insurance Company

OF COUNSEL:

ALFORD, CLAUSEN & McDONALD, LLC
One St. Louis Centre, Suite 5000
Mobile, Alabama  36602
(251) 432-1600
(251) 432-1700 (fax)

CERTIFICATE OF SERVICE

      I hereby certify that on January 17, 2007, the foregoing document was electronically filed with the Clerk of this Court using the CM/ECF system, which will send notification of such filing to the following:

      Steven W. Couch, Esq.
      Hollis & Wright, P.C.
      505 North 20th Street, Suite 1750
      Birmingham, Alabama  35203

                          *s/Pamela A. Moore*
                          COUNSEL

22