IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| TROY E. TILLERSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. 3:05-cv-985-MEF |
| | * | |
| THE MEGA LIFE AND HEALTH | * | |
| INSURANCE CORPORATION, a | * | |
| corporation; TRANSAMERICA LIFE | * | |
| INSURANCE COMPANY F/K/A PFL | * | |
| LIFE INSURANCE COMPANY, a | * | |
| corporation; NATIONAL ASSOCIATION | * | |
| FOR THE SELF EMPLOYED A/K/A | * | |
| NASE, a corporation, | * | |
| | * | |
| Defendants. | * | |

## STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY

The Court, upon consideration of the stipulation of the Plaintiff, Troy E. Tillerson, and

the Defendants, The MEGA Life and Health Insurance Company ("MEGA"), Transamerica Life

Insurance Company, formerly PFL Life Insurance Company ("Transamerica") and National

Association for the Self-Employed, Inc. ("NASE"), by and through their respective undersigned

counsel that the Court enter an agreed-upon order regarding confidentiality, believes that entry of

the following Stipulated Protective Order Regarding Confidentiality is necessary in order to

facilitate the free discovery of information without document-by-document controversy

concerning confidentiality; to protect the parties to this action from undue annoyance,

embarrassment, and oppression resulting from public disclosure, or use for purposes other than

this litigation, of confidential information that the parties will disclose in discovery; and to

protect the commercial value of the parties' trade secrets and confidential information.

Therefore, the Court enters the following Protective Order pursuant to Federal Rule of Civil Procedure 26(c):

1.    Transamerica has agreed to produce a certain asset purchase agreement dated April 1, 1996 and an amendment to that agreement effective March 29, 2000, in response to a certain document request made in conjunction with Transamerica's recent Rule 30(b)(5)&(6) deposition in this case.

2.    The materials to be produced by Transamerica constitute private, proprietary information, business and/or trade secrets and are highly confidential. As used in this Protective Order, the term "Protected Materials" shall refer to such materials. Accordingly, the Protected Materials are of a sensitive nature and shall be used solely in the above-styled case for the prosecution or defense of the claims by and against the parties to this agreement in this case, absent the express written consent of counsel for Transamerica or approval of the Court.

3.    The parties shall treat as "CONFIDENTIAL" the Protected Materials produced in this action, including any information contained therein, which has been marked or identified as "CONFIDENTIAL" at the time said information is produced, taken, or made available. To designate the Protected Materials as "CONFIDENTIAL," Transamerica shall stamp or mark "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on each page of the Protected Materials. In the event any Protected Materials previously produced are later deemed to be CONFIDENTIAL, the producing party may request that such Protected Materials be included within the terms of this Protective Order, as of the date of such request, by providing new copies of the Protected Materials with the appropriate legend, or by advising opposing counsel by letter of the identity of the Protected Materials and/or pages of deposition transcript, or any exhibit thereto, designated as "CONFIDENTIAL."

2

4.    All CONFIDENTIAL information that has been obtained or learned from an adverse party, including its agents, employees, representatives, and retained experts and consultants, whether currently or formerly employed by the party, shall be held in confidence by the party obtaining such information, including counsel of record, and shall be used only for the prosecution or defense of this case.    The terms of this Protective Order govern only CONFIDENTIAL information so designated by a party in connection with this litigation, and are not intended to govern any documents or information of any type obtained from a source other than a party. Protected Materials that are a matter of public record shall not be designated as "CONFIDENTIAL." That a party producing CONFIDENTIAL information produces or has produced such information in another action or proceeding, or in prior proceedings in this action, shall not constitute a waiver of the protection of this Protective Order with respect to the information so designated in this action.

5.    All CONFIDENTIAL information shall be held in confidence by counsel of record who shall not release, disclose, or disseminate any such information except to parties, employees of the law firm of counsel of record, and to retained experts and consultants who are charged with the responsibility for or are actively engaged in the litigation of this case. In-house counsel for the parties shall be treated hereunder as counsel of record. Except as otherwise provided in this Order, all persons receiving CONFIDENTIAL information shall agree to be bound by the terms of this Protective Order and shall not disclose any CONFIDENTIAL information.

6.    Except as otherwise provided in this Order, any disclosure or dissemination of CONFIDENTIAL information to parties, employees of the law firm of counsel of record and

3

retained experts and consultants, shall be preceded by execution of a declaration substantially in

the following form:

> I, (name), understand that documents and information which are to be disclosed to
> me by counsel of record for [name of party] are to be used by me solely to assist
> such counsel in prosecution or defense of claims related to a certain action
> pending in the United States District Court for the Middle District of Alabama,
> Eastern Division, Case No. 3:05-cv-985-MEF, styled, *Troy E. Tillerson v. The
> MEGA Life and Health Insurance Corporation, et al.* I further understand that a
> Protective Order entered by the Court, a copy of which has been shown to me,
> prohibits me from either using such documents and information for any other
> purpose or disclosing such documents and information to any person other than
> counsel of record for [name of party] or persons assisting them. In accepting
> disclosure, I agree to be bound by that Protective Order and submit to the
> jurisdiction of the Court for the purposes of its enforcement.

Copies of these declarations shall, upon request, be exchanged by counsel after the trial or

settlement of this case. Although the confidentiality requirements of this Protective Order shall

in all other respects apply to the following persons, such declarations shall not be required of

counsel of record and legal, paralegal, clerical, secretarial, and other persons employed by

counsel of record for any party on a regular basis and not solely for purposes of the present

litigation.

7.      Nothing contained herein shall be construed to prejudice a party's right to use

CONFIDENTIAL information in the taking of testimony at any deposition, hearing, or trial in

this action, or in defending same, or in oral or written argument. CONFIDENTIAL information

may be shown to any witness as necessary for his or her preparation for such deposition, hearing,

or trial and at such deposition, hearing or trial. Such disclosure, however, shall not operate as a

waiver of confidentiality. No copies shall be given to any witness.

8.      CONFIDENTIAL information to be filed with the Court by any party to this

action, and all items which reveal the contents of such CONFIDENTIAL information, shall be

4

filed in sealed envelopes or other appropriately sealed containers on which shall bear a legend substantially in this form:

"PROTECTED DOCUMENT – The Enclosed Materials are Subject to a Protective Order of the United States District Court for the Middle District of Alabama. This Envelope May Not be Opened Without Court Order by any Person Other than this Court, Court Personnel, or Counsel of Record."

Inadvertent disclosure of any document to be so filed or served shall not operate as a waiver of confidentiality. This shall also apply to CONFIDENTIAL information used in any deposition, hearing or trial.

9.     If any information designated as 'CONFIDENTIAL" is believed to be public information by the party receiving it, the receiving party may at any time notify the disclosing party and request a release of confidentiality. If such release is not forthcoming in writing within ten (10) days, the receiving party may apply to the Court for an order requiring the release of confidentiality. Until this Court enters an order changing the designation, CONFIDENTIAL information shall be given the confidential treatment provided for in this Protective Order.

10.     Nothing contained in this Protective Order shall be construed as a waiver by any party of any legally cognizable privilege or basis to withhold any document or information, or any right which any party may have to assert such privilege or basis, and entry of this Protective Order has been agreed to by the primary parties hereto without prejudice to the right of those parties or any other party to apply for further protective orders or for modification of any provision of this Protective Order.

11.     All originals and copies of the CONFIDENTIAL information together with any notes, memoranda, portions, e-mails, extracts or summaries thereof or any other papers containing the CONFIDENTIAL information, including but not limited to any facsimiles,

5

computer reproductions, transcriptions, scannings, or any other form of reproduction of such documents, notwithstanding its entry into evidence or its protected status as outlined herein, shall be returned to the producing party after the final deposition of this litigation, whether by dismissal, settlement, judgment or appeal, if requested by the producing party.

12.    The parties agree that the Court where the Plaintiff's case is pending shall have jurisdiction, both subject matter and personal, to enforce the terms and conditions of this Protective Order, whether or not this matter is pending before the United States District Court for the Middle District of Alabama at the time of any violation of this Protective Order. Thus, the Court where this case is pending shall have the right to enforce the terms and conditions of this Protective Order in any manner allowed by law and to punish any violation of this Protective Order in any manner allowed by law.

13.    This Protective Order shall remain in full force and effect until such time as it is modified, amended or rescinded by the Court or until such time as the parties may petition the Court to modify or amend its terms.

14.    Nothing herein shall restrict disclosure of any CONFIDENTIAL information to any government agency or regulatory body as required by law or regulation.

**IT IS SO ORDERED:**

_____
DISTRICT COURT JUDGE

6

REVIEWED AND AGREED:

Date: _7-17-07_

STEVEN W. COUCH (COU014)
HOLLIS & WRIGHT, P.C.
505 North 20th Street, Suite 1500
Birmingham, Alabama 35203
(205) 324-3600
(205) 324-3636 (fax)
Attorney for Plaintiff

Date: _7/17/07_

JAMES W. LAMPKIN II (LAMPJ7474)
PAMELA A. MOORE (MOORP5421)
ALFORD, CLAUSEN & McDONALD, LLC
One St. Louis Centre, Suite 5000
Mobile, Alabama 36602
(251) 432-1600
(251) 432-1700 (fax)
Attorneys for Defendants