IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TROY E. TILLERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 3:05-cv-985-MEF |
| THE MEGA LIFE AND HEALTH ) | |
| INSURANCE CORPORATION, a corporation; ) | |
| TRANSAMERICA LIFE INSURANCE ) | **JURY DEMAND** |
| COMPANY F/K/A PFL LIFE INSURANCE ) | |
| COMPANY, a corporation; NATIONAL ) | |
| ASSOCIATION FOR THE SELF EMPLOYED ) | |
| A/K/A NASE, a corporation; ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**PARTIES**

1. Plaintiff, Troy Tillerson, at all times material to the allegations of this complaint was and is a resident citizen of the state of Alabama and is over the age of nineteen (19) years.

2. Defendants, The MEGA Life Insurance Company (hereinafter referred to as "MEGA Life") is a foreign corporation, incorporated in the state of Oklahoma and principal place of business in the state of Texas at all times material to the allegations in this complaint.

3. Defendants, Transamerica Life Insurance Company f/k/a PFL Life Insurance Company (hereinafter referred to as "PFL") is a foreign corporation, incorporated in the state of Iowa and principal place of business in the state of Texas at all times material to the allegations in this complaint.

**Exhibit A**

4.     Defendant, National Association for the Self-Employed, Inc. (hereinafter "NASE"), is a foreign corporation organized under the laws of the state of Texas with it principle place of business in Capital Center, 1235 Main Street, Suite 100, Grapevine, Texas 76051.

## JURISDICTION

4.     Jurisdiction is founded under the provisions of 28 U.S.C. § 1332 (a), et seq. which grants this court jurisdiction in civil actions on the basis of diversity of citizenship where the matter is controversy, exclusive of interest and cots, exceeds, seventy-five thousand dollars ($75,000.00)

## STATEMENT OF THE FACTS

5.     Plaintiff's insurance coverage is provided under group policy No. 0028-GPPFL, Certificate Number 732246121. The insurance product sold to Plaintiff is known as "Group Insurance" and was offered through and held by the Defendants.

6.     In or around July 9, 1996, in Dadeville, Alabama, Dan Splawn, an agent of the Defendants MEGA, PFL, and NASE approached the Plaintiff to solicit Plaintiff's purchase of "major medical group" health insurance. At said time, Dan Splawn, while acting as instructed by Defendants and within the line and scope of his agency for Defendants MEGA, PFL, and NASE, misrepresented the nature of the insurance product by fraudulently representing to Plaintiff that the health insurance coverage provided and administered by Defendants was "major medical group" health insurance. Dan Splawn, while acting within the line and scope of his agency for Defendants MEGA, PFL, and NASE misrepresented to Plaintiff that

2

once Plaintiff was insured, he would become a member of the "group" of insured persons included in the NASA and insured under said policy that was underwritten by Defendant PFL and administered by Defendant MEGA. Dan Splawn, while acting in the line and scope of his agency for the Defendants, represented to Plaintiff that would become a member of a group of insureds the number of which that any future premium increases, if any, on said insurance coverage/policy would be increased equally for all other members of "group".

7. Via the above listed and foregoing misrepresentations, Defendants, through their agent Dan Splawn, fraudulently induced Plaintiff to purchase and continue making premium payments on said "major medical group" health insurance coverage by fraudulently misrepresenting the true nature of the insurance in that the Defendants, independently and through their agent Dane Splawn, represented that the Plaintiff was a member of said "group" and that, as such, his premium rates for said insurance would only increase if they did so equally for the entire "group" of insured persons.

8. Via the above listed and foregoing misrepresentations, Defendants, through their agent Dan Splawn and independently on an annual basis throughout the life of the policy at issue, further misrepresented the true nature of the insurance at issue by fraudulently concealing and failing to disclose to Plaintiff that the "group" insurance purchased by plaintiff was not "major medical group" coverage but, to the contrary, was individual coverage, in that, Plaintiff's premium rates on the health insurance were not "group" rates as represented; that Plaintiff's premiums were not the same as those charged to other members of the "group" as represented; and that,

3

indeed, Plaintiff's insurance premium rates would and did increase as a result of his individual health status and claims experience. Indeed, the Defendants MEGA, PFL, and NASE never at any time disclosed to the Plaintiff the fact that the insurance product he purchased was individual coverage, never disclosed that his insurance premium rates would never be calculated based upon group experience, never disclosed that his insurance premiums would not be the same as other members of the Plaintiff's "group", never disclosed that his renewal premiums were not and would never be calculated based upon group experience but rather would be calculated based upon his individual claims experience and health status.

9. Defendants, MEGA, PFL, and NASE, actively and on an annual basis throughout the life of the subject policy, furthered their misrepresentation of the true nature of the insurance at issue by fraudulently concealing and failing to disclose that Defendants were re-underwriting Plaintiff's policy on an annual basis based upon the Plaintiff's health and claim history and that Plaintiff's health and claim history were the main factors used to determine the amount of premium charged to Plaintiff.

10. Defendants MEGA, PFL and NASE's misrepresentations of the true nature of the insurance at issue was furthered by fraudulently failing to disclose at any time to Plaintiff that the premium rates represented and charged Plaintiff were not "group" rates and that said premium rates were based on Plaintiff's health and claim history and not the claims experience of the entire group of insured persons. Indeed, in an effort to conceal the true nature of the insurance purchased by Plaintiff and in an effort to prevent the Plaintiff's discovery of the true nature of his insurance, the Defendants on an annual basis throughout the life of the subject policy would

represent to the Plaintiff that his premium increases were due to such factors and the rising cost of medical insurance and medical malpractice lawsuits. Plaintiff's premiums increased 505% over the life of his policy and his deductible has doubled after he was diagnosed with leukemia and a blood condition known as Graves disease.

11. Based upon the Defendants' affirmative representations, through their agent Dan Splawn and independently throughout the life of the subject policy and through direct representations to the Plaintiff as listed hereinabove regarding the nature of the insurance at issue and the failures to disclose the true nature of the insurance coverage, Plaintiff relied and agreed to purchase the policy to-wit, Certificate number #732246121 issued by Defendant PFL Life Insurance Company and continued to pay premiums of said policy to the Defendants.

12. As a result of Defendant's non-disclosure and/or concealment, Plaintiff acted to Plaintiff's detriment by purchasing and continuing to make payments on the subject policy of insurance because Plaintiff did not have full disclosure of the material and the aspects of the policy of insurance issued by Defendants and because Defendant actively suppressed material information from the Plaintiff thereby preventing him from discovering the true nature of the insurance coverage at issue in this case. In fact, Plaintiff did not discover and could not have discovered the fraud until within two (2) years of filing this lawsuit.

13. Defendants entered into a pattern or practice of fraudulent conduct of misrepresenting and failing to disclose the true nature of the insurance coverage at

issue in this case, which included the fraud perpetrated on Plaintiff as described above.

14.   At all times material hereto, Plaintiff depended on the Defendants to advise Plaintiff as to all insurance matters because of their superior knowledge and position.

15.   The misrepresentations, omissions, and concealment of material fact described hereinabove were intentional, gross, wanton, malicious, and/or oppressive and were part of a willful scheme of course of conduct through which Defendants sought to and did induce Plaintiff into purchasing and continuing premium payments on the basis of and upon reliance on fraudulent misrepresentations and omissions regarding the nature of the insurance purchased by Plaintiff as described above.

## COUNT ONE

16.   Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

17.   In or around July 26, 1996, in Dadeville, Alabama, Dan Splawn, an agent of the Defendants MEGA, PFL, and NASE approached the Plaintiff to solicit Plaintiff's purchase of "major medical group" health insurance. At said time, Dan Splawn, while acting within the line and scope of his agency for Defendants MEGA, PFL, and NASE, misrepresented the nature of the insurance product by fraudulently representing to Plaintiff that the health insurance coverage provided by Defendants was "major medical group" health insurance. Dan Splawn, while acting within the line and scope of his agency for Defendants MEGA, PFL, and NASE

misrepresented to Plaintiff that once Plaintiff was insured, he would become a member of the "group" of insured persons included in the NASA and insured under said policy that was underwritten by Defendant PFL and administered by Defendant MEGA. Dan Splawn, while acting in the line and scope of his agency for the Defendants, represented to Plaintiff that would become a member of a group of insureds the number of which that any future premium increases, if any, on said insurance coverage/policy would be increased equally for all other members of "group".

18. Via the above listed misrepresentations, Defendants, through their agent Dan Splawn, fraudulently induced Plaintiff to purchase and continue making premium payments on said "major medical group" health insurance coverage by fraudulently misrepresenting the true nature of the insurance in that the Defendants represented that the Plaintiff was a member of said "group" and that, as such, his premium rates for said insurance would only increase if they did so equally for the entire "group" of insured persons.

19. Via the above listed misrepresentations, Defendants, through their agent Dan Splawn, further misrepresented the true nature of the insurance at issue by fraudulently concealing and failing to disclose to Plaintiff that the "group" insurance purchased by plaintiff was not "major medical group" coverage but, to the contrary, was individual coverage, in that, Plaintiff's premium rates on the health insurance were not "group" rates as represented; that Plaintiff's premiums were not the same as those charged to other members of the "group" as represented; and that, indeed, Plaintiff's insurance premium rates would and did increase as a result of his

7

individual health status and claims experience. Indeed, the Defendants MEGA, PFL, and NASE never disclosed to the Plaintiff the fact that the insurance product he purchased was individual coverage, never disclosed that his insurance premium rates would never be calculated based upon group experience, never disclosed that his insurance premiums would not be the same as other members of the Plaintiff's "group", never disclosed that his renewal premiums would never be calculated based upon group experience but rather would be calculated based upon his individual claims experience and health status.

20.    Defendants, MEGA, PFL, and NASE, furthered their misrepresentation of the true nature of the insurance at issue throughout the life of the policy at issue by fraudulently concealing and failing to disclose that Defendants were re-underwriting Plaintiff's policy on an annual basis based upon the Plaintiff's health and claim history and that Plaintiff's health and claim history were the main factors used to determine the amount of premium charged to Plaintiff.

21.    Defendants MEGA, PFL and NASE's misrepresentations of the true nature of the insurance at issue was furthered throughout the life of the policy at issue by fraudulently failing to disclose to Plaintiff that the premium rates represented and charged Plaintiff were not "group" rates and that said premium rates were based on Plaintiff's health and claim history and not the claims experience of the entire group of insured persons. Indeed, in an effort to conceal the true nature of the insurance purchased by Plaintiff and to prevent the Plaintiff's discovery of the true nature of his insurance, the Defendants on an annual basis throughout the life of the subject policy would represent to the Plaintiff that his premium increases were

due to such factors and the rising cost of medical insurance and medical malpractice lawsuits.

22. Based upon the Defendants' affirmative representations, through their agent Dan Splawn and independently through direct representations to the Plaintiff throughout the life of the subject policy of insurance as listed hereinabove regarding the nature of the insurance at issue and the failures to disclose the true nature of the insurance coverage, Plaintiff relied and agreed to purchase the policy to-wit, Certificate number #732246121 issued by Defendant PFL Life Insurance Company and continued to pay premiums of said policy to the Defendants.

23. As a result of Defendant's non-disclosure and/or concealment, Plaintiff acted to Plaintiff's detriment by purchasing and continuing to make payments on the subject policy of insurance because Plaintiff did not have full disclosure of the material and the aspects of the policy of insurance issued by Defendants and because Defendant actively suppressed material information from the Plaintiff thereby preventing him from discovering the true nature of the insurance coverage at issue in this case. In fact, Plaintiff did not discover and could not have discovered the fraud until within two (2) years of filing this lawsuit.

24. Defendants entered into a pattern or practice of fraudulent conduct of misrepresenting and failing to disclose the true nature of the insurance coverage at issue in this case, which included the fraud perpetrated on Plaintiff as described above.

25. At all times material hereto, Plaintiff depended on the Defendants to advise Plaintiff as to all insurance matters because of their superior knowledge and position.

26. The misrepresentations, omissions, and concealment of material fact described hereinabove were intentional, gross, wanton, malicious, and/or oppressive and were part of a willful scheme of course of conduct through which Defendants sought to and did induce Plaintiff into purchasing and continuing premium payments on the basis of and upon reliance on fraudulent misrepresentations and omissions regarding the nature of the insurance purchased by Plaintiff as described above.

27. As a result of Defendant's fraudulent misrepresentations Plaintiff was induced into purchasing health insurance coverage that is not "major medical group" health insurance and that will lapse unless premiums are paid at increasingly higher rates, due to Defendant's own actions.

28. At all times material hereto, Defendants fraudulently misrepresented and failed to disclose the true nature of the insurance at issue, to wit; the nature of the insurance at issue was not "major medical group" insurance and that Plaintiff's premium increases were due to Defendant's consideration of the Plaintiff's claims experience and health condition and not the claims of the "group".

29. The representations made by Defendants, independently and through their agent Dan Splawn, were false and Defendants knew they were false.

30. Plaintiff relied upon the false representations and purchased the policy of insurance.

31.    Without disclosure of the foregoing material facts and information, the representations by Defendants were false, misleading and deceptive.

32.    As a proximate consequence of Defendant's fraud, Plaintiff was injured and damaged as follows: Plaintiff paid premiums on a "major medical group" health insurance policy that was not as represented; Plaintiff lost the value of premium payments; Plaintiff lost interest on premium payments; Plaintiff does not have the insurance policy that was represented; Plaintiff will be required to pay increased premium payments in the future or lose insurance coverage and/or endure the consequence of being uninsured and/or uninsurable; Plaintiff has suffered mental anguish and emotional distress and will continue to do so; Plaintiff has been otherwise injured and damaged.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants in such an amount of compensatory damages as will reasonably and adequately compensate Plaintiff for injuries or damages, and for punitive damages in an amount that will reflect the enormity of the wrongs committed by the Defendants and deter similar conduct in the future by similarly situated entities, plus costs.

## COUNT TWO

33.    Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

34.    At the aforesaid times and places and throughout the life of the subject policy of insurance, Defendants actively and fraudulently concealed and/or failed to disclose the true nature of the insurance at issue in that the Defendants fraudulently

concealed and failed to disclose the fact that the subject insurance at issue was not group insurance; fraudulently concealed and failed to disclose the fact that the premium rates on the health insurance policy purchased were not "group" rates; fraudulently concealed and failed to disclose the fact that the Plaintiff's premiums and premium increases were not the same as those charged to other members of the "group" and; fraudulently concealed and failed to disclose the fact that the Plaintiff's renewal premiums were not and would never be calculated based upon a consideration of the claims experience of the entire "group" of insured persons.

35.    Defendants furthered their misrepresentation of the true nature of the insurance at issue on the above referenced dates and throughout the life of the subject policy by fraudulently concealing and failing to disclose that the Defendants were re-underwriting Plaintiff's policy on an annual basis based upon the Plaintiff's health and claim history and that Plaintiff's health and claim history were the main factors used to determine the amount of premium charged to Plaintiff.

36.    On the above referenced dates through their agent Dane Splawn and independently throughout the life of the subject policy, Defendants misrepresentation of the true nature of the insurance at issue was furthered by fraudulently failing to disclose to Plaintiff that the premium rates represented and charged Plaintiff were not "group" rates and that said premium rates were based on Plaintiff's health and claim experience, not the claims of the "group".

37.    Defendant's concealment of fundamental facts and information was intentional for the purpose of inducing Plaintiff into purchasing and continuing premium payments at increased amounts.

38. Due to the Defendant's affirmative misrepresentations and fraudulent failures to disclose the true nature of the insurance at issue both through their agent and independently throughout the life of the subject policy at issue, Defendants, participated in a deliberate course of conduct wherein Plaintiff did not discover and could not through the exercise of reasonable diligence have discovered that Plaintiff had been mislead by Defendants regarding the true nature of the insurance at issue and that said insurance was not "major medical group" health insurance.

39. As a result of Defendant's non-disclosure and/or concealment, Plaintiff acted to Plaintiff's detriment by purchasing and continuing payments on a policy of insurance because Plaintiff did not have full disclosure of the material and the aspects of the policy of insurance issued by Defendants.

40. As a proximate consequence, Plaintiff was injured and damaged as alleged herein above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants in such an amount of compensatory damages as will reasonably and adequately compensate Plaintiff for injuries or damages, and for punitive damages in an amount that will reflect the enormity of the wrongs committed by the Defendants and deter similar conduct in the future by similarly situated entities, plus costs.

### COUNT THREE

41. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

42. At the aforesaid time and place and throughout the life of the subject policy of insurance, Defendants innocently, recklessly, negligently or wantonly made

the aforementioned misrepresentations and/or concealed material facts relating to the nature of the "major medical group" insurance at issue as set out above.

43. As a proximate consequence, Plaintiff was injured and damaged as alleged herein above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants in such an amount of compensatory damages as will reasonably and adequately compensate Plaintiff for injuries or damages, and for punitive damages in an amount that will reflect the enormity of the wrongs committed by the Defendants and deter similar conduct in the future by similarly situated entities, plus costs.

        s/Steven W. Couch
        stevec@hollis-wright.com
        Attorney for Plaintiff

OF COUNSEL:
HOLLIS & WRIGHT, P.C.
505 North 20th Street, Suite 1750
Birmingham, Alabama 35203
(205) 324-3600
(205) 324-3636 Facsimile

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a struck jury for the trial of this case.

        s/Steven W. Couch
        stevec@hollis-wright.com
        Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2006, I electronically filed the foregoing with the clerk of the court using the CM/ECF system which will send notification to such filing to the following:

James W. Lampkin, II
Pamela A. Moore
Alford, Clausen & McDonald
One St. Louis Centre, Suite 5000
Mobile, Alabama 36602

                                                       s/Steven W. Couch
                                                       stevec@hollis-wright.com
                                                       Attorney for Plaintiff