IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| TROY E. TILLERSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. 3:05-cv-985-MEF |
| | * | |
| THE MEGA LIFE AND HEALTH | * | |
| INSURANCE CORPORATION, a | * | |
| corporation; TRANSAMERICA LIFE | * | |
| INSURANCE COMPANY F/K/A PFL | * | |
| LIFE INSURANCE COMPANY, a | * | |
| corporation; NATIONAL ASSOCIATION | * | |
| FOR THE SELF EMPLOYED A/K/A | * | |
| NASE, a corporation, | * | |
| | * | |
| Defendants. | * | |

**AFFIDAVIT OF ROBERT HUGHES**

STATE OF TEXAS      )

COUNTY OF TARRANT   )

Appeared before me, the undersigned Robert Hughes, who upon being duly sworn, deposes and says as follows:

1. My name is Robert Hughes, and I am over the age of 19 years. I am President of the National Association for the Self-Employed, Inc. (the "NASE"). I have been President of the NASE since January 2001. I have personal knowledge of the facts set forth in this affidavit or have obtained knowledge through the business records maintained in the ordinary course of business by the NASE. I have been employed by the NASE since January 2001.

**Exhibit F**

2. The NASE is a business trade association that provides certain benefits to its members. One of the benefits made available to the NASE members is certain association group health insurance.

3. The NASE had a contractual relationship with PFL Life Insurance Company ("PFL Life")(now Transamerica Life Insurance Company)("Transamerica") to offer NASE members the opportunity to apply for association group health insurance under an association master group policy where the NASE was the policyholder. On April 1, 1996, the NASE entered into a contractual relationship with MEGA to offer NASE members the opportunity to apply for association group health insurance under an association master group policy where the NASE was the policyholder.

4. The salesperson that a prospective member or prospective insured spoke with about NASE membership and about association group health insurance products served both as a licensed insurance agent for the insurance company that handled the issuance of the insurance and as a field service representative for prospective new members for the NASE.

5. The health insurance premiums derived from the sale of health insurance went to the insurance company that handled the issuance of the insurance and the membership dues derived from the sale of memberships went to the NASE.

6. The salesperson acted on behalf of the insurance company that handled the issuance of the insurance (and not the NASE) when discussing, explaining and describing the health insurance products and premiums. The salesperson acted on behalf of the NASE (and not the insurance company) when discussing, explaining and describing other NASE benefits.

7. The NASE is not and has never been an insurance company, does not issue insurance products, does not underwrite insurance products, does not determine or assess premium rates for insurance products, and does not process claims for insurance benefits.

8. In July of 1996, when the plaintiff applied for NASE membership and applied for association group health insurance, when discussing, explaining or describing the insurance at the time of sale, the salesperson was not acting on behalf of the NASE.

9. The NASE was not involved in and had no control over any decisions to underwrite, issue or re-underwrite the plaintiff's insurance.

10. The NASE was not involved in and had no control over any decisions relating to the nature, terms, benefits or conditions of the plaintiff's insurance.

11. The NASE was not involved in and had no control over the assessment, calculation or determination of the premium rate for the plaintiff's insurance or in any decision to change the plaintiff's premium rate.

12. The NASE was not involved in and had no control over the processing of any of the plaintiff's claims for insurance benefits.

13. The NASE is a Texas corporation that is wholly distinct and separate from Transamerica and MEGA; observes corporate formalities independent of those maintained by Transamerica and MEGA; has boards of directors and officers separate from Transamerica and MEGA; and is not owned, controlled, supervised or operated by Transamerica or MEGA.

FURTHER AFFIANT SAYETH NOT.

NATIONAL ASSOCIATION FOR THE SELF-EMPLOYED, INC.

By: _____

Print Name: ROBERT E. HUGHES

As Its: PRESIDENT


STATE OF TEXAS          )

COUNTY OF TARRANT   )

SWORN TO AND SUBSCRIBED before me this 27 day of July, 2007.

_____
NOTARY PUBLIC

My Commission Expires: 4-12-2008

[SEAL]

MELISSA SHEETS
My Commission Expires
April 12, 2008