IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TROY E. TILLERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | 3:05-cv-985-MEF |
| THE MEGA LIFE AND HEALTH | ) | |
| INSURANCE CORPORATION, a corporation; | ) | |
| TRANSAMERICA LIFE INSURANCE | ) | |
| COMPANY F/K/A PFL LIFE INSURANCE | ) | |
| COMPANY, a corporation; NATIONAL | ) | |
| ASSOCIATION FOR THE SELF EMPLOYED | ) | |
| A/K/A NASE, a corporation; | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S RESPONSE TO MOTIONS FOR SUMMARY JUDGMENT FILED BY DEFENDANTS MEGA LIFE AND HEALTH INSURANCE COMPANY AND NATIONAL ASSOCIATION FOR THE SELF-EMPLOYED

COMES NOW, the Plaintiff, Troy E. Tillerson, by and through counsel, and submits this response to the motions for summary judgment filed by Defendants Mega Life and Health Insurance Company and the National Association for the Self-Employed, Inc.

## RESPONSE

Plaintiff filed this lawsuit alleging claims of misrepresentation and suppression surrounding his purchase of health insurance from the Defendants. Numerous depositions of Defendants' corporate representatives were taken during the week of July 17, 2007. In the course of these depositions, numerous documents were also produced by Defendants.

After taking the testimony of the Defendants' corporate representatives and a review of the documents produced by these Defendants, Plaintiff concedes that the entry of summary judgment is proper in this matter <u>on certain grounds only</u>.

Plaintiff certainly takes issue with and disputes many of the legal grounds asserted by Defendants' in their substantive briefs (documents #68 and #70). Nevertheless, Plaintiff concedes <u>only</u> that according to the testimony provided in this case and the documents produced in this matter, it does not appear that Plaintiff's health insurance coverage was re-underwritten on a year-to-year basis. As such, Plaintiff concedes that because there appears to be no re-underwriting of plaintiff's coverage, there does not appear to be sufficient evidence to create a genuine issue of material fact with respect to the misrepresentation or suppression claims as alleged in the Complaint or Amendment thereto. As such, and for these grounds only, Plaintiff does not oppose the entry of summary judgment on the motions filed by Defendants Mega Life and Health Insurance Company and the National Association for the Self-Insured (documents #68 and #70).

Plaintiff <u>does oppose</u> the entry of summary judgment on ERISA preemption argued in the Defendants' motion for summary judgment (document #63, #63-1). Plaintiff has submitted his brief in this regard separately from this response and respectfully requests that this Court deny Defendants' motion on grounds of ERISA preemption <u>or, in the alternative</u>, enter and Order granting Defendants' summary judgment motions as to the misrepresentation and suppression claims and holding Defendants' motion for ERISA preemption moot. (See Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment on Plaintiff's State Law

Claims, Claims for Punitive or Contractual Damages, and Jury Demand based on

ERISA Preemption).

RESPECTFULLY SUBMITTED this the 20th day of August, 2007.

s/Steve W. Couch
Stevec@hollis-wright.com
Attorney for Plaintiff

**OF COUNSEL**:
HOLLIS & WRIGHT, P.C.
505 North 20th Street, Suite 1500
Birmingham, Alabama 35203
(205) 324-3600
(205) 324-3636 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2007, I electronically filed the foregoing with the clerk of the court using the CM/ECF system which will send notification to such filing to the following:

James W. Lampkin, II
Pamela A. Moore
Alford, Clausen & McDonald, LLC
One St. Louis Centre, Suite 5000
Mobile, Alabama 36602

s/Steve W. Couch
SteveC@hollis-wright.com
Attorney for Plaintiff