# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

DANIEL S. KAHN, individually and
on behalf of all others similarly
situated,

                         Plaintiff,

         v.                                          1:05-cv-105-WSD

FORTIS INSURANCE
COMPANY, et al.,

                         Defendants.

## ORDER

This matter is before the Court on Plaintiff Daniel S. Kahn's Motion to

Remand [10] and Motion for Attorney Fees [16].[1]

## I.   BACKGROUND

On November 24, 2004, Plaintiff filed this action in the State Court of Fulton

County, on behalf of himself and all others similarly situated,[2] against Defendants

---

[1] This matter is also before the Court on Plaintiff's Motion to File Corrected
Brief in Opposition to Defendants' Motions to Dismiss [13]. The corrected brief
was filed before the deadline and on the same day as the originally filed brief.

[2] Plaintiff purports to bring this action on behalf of himself and all persons
who purchased similar insurance coverage by or through the Defendants from
January 1, 1993 to the date of class certification. (Compl., attached as Exh. A to

Suburban General Agencies, Inc.,[3] Robert Marcus and Marla Nelson (collectively

referred to as the "Agent Defendants"), and Defendants Fortis Insurance Company,

Assurant, Inc., Fortis Benefits Insurance Company, and Rogers Benefit Group,

Inc. (collectively referred to as the "Fortis Defendants"). Plaintiff claims that on

April 29, 1996, the Agent Defendants sold him an Upper Midwest Employers

Group ("UMEG") small group health insurance plan which was administered by the

Fortis Defendants and underwritten by Fortis Benefits Insurance Company.

(Compl. ¶¶ 25, 33, 63.) The UMEG policy is titled "Individual Comprehensive

Major Medical Insurance," but the policy is issued under a "Certificate of Group

Insurance." (See UMEG Policy, attached as Exh. 1 to Compl., at 2, 4.) The

UMEG policy states that the administrator may change the premium rates according

to the following provisions:

> Our Rights to Change Premium Rate
>
> 1.    We may recalculate the premium rate or rates
>       at any time on or after the first Policy
>       Anniversary.

---

Notice of Removal [1], ¶ 90.)

    [3] Plaintiff amended his complaint to substitute Suburban General Agencies,
Inc. for Phoenix Associates, Inc.

> 2. We may recalculate the premium rate or rates
>    on any date when Our liability under the
>    Policy is changed.
>
> The rates will not be changed in accordance with 1.
> above more often than once in any period of 6
> consecutive months. We will give the Policyholder at
> least 31 days advance written notice of any increase in the
> premium rate or rates in accordance with 1. above.
> Notice is considered as given when delivered or mailed to
> the last known address of the Policyholder.

(Id. at 46.)

Plaintiff alleges that all Defendants, including the Agent Defendants,

> through their consistent course of conduct and concerted
> misrepresentations, failure to disclose accurate
> information, and conscious indifference to the accuracy
> of the information they disclosed, led the Plaintiff . . . to
> believe that "UMEG" was a true and lawful group health
> insurance policy and that renewal premiums would be
> adjusted as customary for other group health insurance
> policies and in compliance with Georgia law.

(Compl ¶ 133.) Plaintiff asserts that contrary to these alleged misrepresentations,

the Fortis Defendants "engaged in re-underwriting individuals on the basis of their

individual health or individual claims history." (Id. ¶ 35.) Plaintiff claims he

became ill and required insurance benefits, and Defendants illegally altered his

health coverage and increased his renewal premiums. (Id. ¶¶ 45-46.) Specifically,

Plaintiff claims in May of 2001, his premium was $688.77, but by May of 2002 his premium had risen to approximately $959.75. (Id. ¶ 68.)

Plaintiff claims the "collective and conspiratorial actions of the Defendants, including the Resident Defendants, resulted in the issuance and delivery of small group health insurance plans that were procured by fraudulent and deceptive means," in violation of Georgia law. (Pl.'s Mot. to Remand at 2.) Plaintiff asserts six claims against the Defendants: (1) private right of action for breach of statutory duty; (2) breach of contract; (3) breach of the implied covenant of good faith and fair dealing; (4) unjust enrichment; (5) conspiracy; and (6) fraud through uniform, written misrepresentations.

On January 12, 2005, the Fortis Defendants removed this case to this Court, asserting this Court has jurisdiction under both diversity of citizenship and federal question jurisdiction. (Notice of Removal [1].) Defendants contend that complete diversity exists because the only non-diverse Defendants, the Agent Defendants, were fraudulently joined to defeat federal jurisdiction, and that this case presents a federal question because Plaintiff's claims "may fall under the auspices of the Employee Retirement Income Security Act ("ERISA")." (Id. ¶ 38.) On January 25, 2005, Plaintiff filed his motion to remand this case to the State Court of Fulton

County, Georgia, claiming that complete diversity does not exist because the Agent

Defendants share the same citizenship as Plaintiff and the Complaint states claims

against them, and because Plaintiff has not shown that federal question jurisdiction

arises under ERISA.[4]

## II.    DISCUSSION

"[A]ny civil action brought in a State court of which the district courts of the

United States have original jurisdiction, may be removed by the defendant . . . to

the district court of the United States for the district and division embracing the

place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any

time before final judgment it appears that the district court lacks subject matter

jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Where the

propriety of removal is in question, the burden of showing removal is proper is on

---

[4] Both the Fortis Defendants and Agent Defendants filed motions to dismiss
on January 20, 2005, contending all claims against them should be dismissed
because Plaintiff fails to state a claim upon which relief can be granted. (Mot. to
Dismiss by Agent Defs. [5]; Fortis Defs.' Mot. to Dismiss or, in the Alternative, for
a More Definite Statement [7].) Because there is substantial overlap among the
arguments presented in the motions to dismiss and those in the motion to remand,
the Court has considered the arguments filed in support of, and in response to, the
motions to dismiss to the extent they impact the Court's subject matter jurisdiction
analysis.

the removing party.  Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th

Cir. 2001).

Defendants' primary argument for removing this action is that this Court has

diversity jurisdiction under 28 U.S.C. § 1332.  Section 1332 provides that this

Court "shall have original jurisdiction of all civil actions where the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs,

and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  Section

1332 further states that "[f]or the purposes of this section . . . a corporation shall

be deemed to be a citizen of any State by which it has been incorporated and of the

State where it has its principal place of business . . . ."  Id. at § 1332(c)(1).

"Diversity jurisdiction, as a general rule, requires complete diversity -- every

plaintiff must be diverse from every defendant."  Palmer v. Hosp. Auth. of

Randolph County, 22 F.3d 1559, 1564 (11th Cir. 1994).

Complete diversity does not exist in this case.  Plaintiff and all of the Agent

Defendants are citizens of the State of Georgia.  (Notice of Removal ¶¶ 1, 10, 12.)

Defendants argue removal is proper, however, because the Agent Defendants are

fraudulently joined.

    A.    Fraudulent Joinder

-6-

The removing party has a "heavy" burden of proving fraudulent joinder. Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997). "In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." Id. The Court must base its decision on the plaintiff's pleadings at the time of removal, but the Court may also consider affidavits submitted by the parties. Id. When determining whether the case should be remanded, the Court must evaluate the factual allegations in the light most favorable to Plaintiff and must resolve any uncertainties about state substantive law in favor of Plaintiff. Id. "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." Id. (quotation and citation omitted).

> For a Plaintiff to present an arguable claim against an
> in-state defendant and, therefore, to require a case
> removed to federal court to be remanded to state court,
> the plaintiff need not show that he could survive in the
> district court a motion for summary judgment filed by
> that in-state defendant. For a remand, the plaintiff's
> burden is much lighter than that: after drawing all

-7-

> reasonable inferences from the record in the plaintiff's
> favor and then resolving all contested issues of fact in
> favor of the plaintiff, there need only be a reasonable
> basis for predicting that the state law *might* impose
> liability on the facts involved.

Id. at 1541-42 (citation and quotation omitted).

Plaintiff argues that removal of this case was improper and that remand is required because Plaintiff has stated valid claims against the Agent Defendants. Plaintiff claims the Agent Defendants are alleged to have been "instrumental in procuring, issuing and delivering the small group health insurance plans at issue in this case." (Pl.'s Mot. to Remand at 3.)  Plaintiff alleges that "the Agent Defendants represented the policy as something it was not, . . . clearly stat[ing] a claim for actual fraud that is apparent on the face of the Complaint." (Pl.'s Reply to Defs.' Opp'n to Remand at 2.)  Defendants argue Plaintiff's claims against the Agent Defendants fail because (i) Plaintiff's fraud claim against the Agent Defendants is barred by the statute of limitations, and (ii) Plaintiff's fraud claim against the Agent Defendants fails on the merits under Georgia law. The Court will first address Plaintiff's claim of fraud against the Agent Defendants.

-8-

1.    *Statute of Limitations*

Defendants claim Plaintiff's fraud claim is barred by the statute of limitations

because the cause of action arose in 1996, when the Agent Defendants sold him the

UMEG policy, and Plaintiff did not file his Complaint until 2005. The Court must

determine if there is any possibility that a Georgia court could find that the statute

does not bar Plaintiff's fraud claims against the Agent Defendants.

The statute of limitations for fraud in Geogia is four (4) years. O.C.G.A.

§ 9-3-31. The commencement of this limitations period may be tolled, however, "if

the defendant committed an act of actual fraud that had the effect of concealing

from the plaintiff the existence of the cause of action despite her exercise of

reasonable diligence."[5] Hahne v. Wylly, 406 S.E.2d 94, 96 (Ga. Ct. App. 1991);

O.C.G.A. § 9-3-96. "[W]here the actual fraud is the gravamen of the action . . . the

statute of limitations is tolled until the fraud is discovered or by reasonable diligence

---

[5] Actual fraud implies moral guilt and is distinguished from constructive
fraud which is consistent with innocence. Shipman v. Horizon Corp., 267 S.E.2d
244, 245 n.3 (Ga. 1980). Plaintiff alleges actual fraud, as exemplified by his
allegations that "Defendant engaged in a fraudulent scheme to defraud customers
by misrepresenting 'UMEG' health insurance policies to be group health insurance
policies when the policies were, in fact, individual health policies," (Compl. ¶ 16),
and that "Defendants are morally culpable in that they formed an immoral and
fraudulent scheme to deceive the Plaintiff . . . ." (Id. ¶ 136.)

should have been discovered."[6] Shipman v. Horizon Corp., 267 S.E.2d 244, 246

(Ga. 1980).

"Whether a plaintiff exercised reasonable care in discovering the fraud is

generally a jury question." Fed. Ins. Co. v. Westside Supply Co., Inc., 590 S.E.2d

224, 229 (Ga. Ct. App. 2003). Defendants claim Plaintiff did not exercise

reasonable diligence to discovery the fraud because he was put on notice of the

alleged fraud when he received his first renewal premium notice. Defendants further

claim that Plaintiff admits, in a March 18, 2002 letter to Rogers Benefit Group, that

he has "been paying way too much since 1996." (See March 18, 2002 Letter,

attached as Exh. 2 to Compl.; Agent Defs.' Opp'n to Pl.'s Mot. to Remand at 12.)

---

[6] The Fortis Defendants argue that Georgia law on equitable tolling "requires a separate, affirmative fraudulent act that is in addition to the original fraud." (Fortis Defs.' Opp'n to Pl.'s Mot. to Remand at 11.) The Fortis Defendants are incorrect. In Shipman, the Georgia Supreme Court distinguished between two different circumstances in which actual fraud tolls the statute of limitations. In the first circumstance, where "the actual fraud is the gravamen of the action," "[n]o other independent fraudulent act is required to toll the statute." Shipman, 267 S.E.2d at 246. The Fortis Defendants apparently refer to the "second circumstance," "where the gravamen of the action is other than actual fraud," which requires "a separate independent actual fraud . . . ." Id. In this case, the gravamen of Plaintiff's cause of action is actual fraud. (See n.5, supra.) The Court further notes that Plaintiff alleges that Defendants issued a "Group Certificate of Insurance," and continued to issue renewal notices referring to this policy. (Pl.'s Reply to Defs.' Opp'n to Remand at 8.)

Thus, Defendants claim "Plaintiff clearly had notice of the higher premiums soon after purchasing the policy . . . ." (Agent Defs.' Opp'n to Pl.'s Mot. to Remand at 12.) Plaintiff argues that whether he exercised reasonable care in discovering the fraud is a detailed factual assessment that is prohibited in a fraudulent joinder analysis. (Pl.'s Mot. to Remand at 12.)

The Court's inquiry is limited to determining whether there is any possibility that a Georgia court could find that the statute of limitations has not run on Plaintiff's fraud claim against the Agent Defendants. Plaintiff has alleged he was issued a "Certificate of Group Insurance," and that he received premium renewal notices for this policy. Despite the fact that his premiums were raised almost immediately after he purchased the policy in 1996, the first affirmative disclosure by Defendants that Plaintiff's policy was actually an individual policy was a March 2002 letter, sent to Plaintiff by Rogers Benefit Group, in which Defendants stated "We have recently completed a comprehensive review of the overall experience of our individual medical plans for the past year. We determined that several changes needed to be made to the current rating structure . . . ." (See March 2002 Letter, attached as Exh. 2 to Compl.) That Plaintiff was aware of rate hikes or had previously complained about his higher premiums is not dispositive. Plaintiff does

-11-

not complain about a mere raising of his premiums. Instead, Plaintiff's complaint is

that his rates were increased based on his individual risk and claims experience as

opposed to on a group basis. Because it is arguable that the fraud was not

discoverable until March 2002, a state court could find that the statute of limitations

did not run until March 2006 and that the statute of limitations does not bar

Plaintiff's claim.[7] See McBride v. Life Ins. Co. of Va., 190 F. Supp. 2d 1366,

1372 (M.D. Ga. 2002) (holding at summary judgment that "Plaintiff could not have

discovered the alleged fraud in this case until . . . he began receiving documentation

of the drastically increased premiums"); accord Raybon v. Am. Fid. Assurance

Co., No. 2:05CV276D, 2005 WL 2002064, at *6 (M.D. Ala. Aug. 19, 2005) ("The

Court agrees with [plaintiff] that it is arguable, given the absence of contradictory

terms in the insurance policy, that [plaintiff] could not have deduced from the mere

fact that her premiums increased that [defendant]'s representation that premium

rates were assessed based on a group or class basis was false.").

---

[7] The UMEG policy does not conclusively demonstrate that Plaintiff should
have been aware that his plan was not actually a group benefit plan. The UMEG
policy describes his coverage as both group and individual insurance, and does not
unambiguously contradict alleged misrepresentations that the plan was a group
policy.

The Court emphasizes that it expresses no opinion on the merits of
Plaintiff's equitable tolling argument. Instead, the Court finds that construing all
factual and legal inferences in favor of Plaintiff, there is a possibility that a state
court would conclude that the statute of limitations has not run on Plaintiff's fraud
claim against the Agent Defendants. Accord Raybon, 2005 WL 20022064, at *6
(applying Alabama law and granting plaintiff's motion to remand); see also Fed.
Ins. Co., 590 S.E.2d at 230 ("Where there are facts involving fraud and excuses for
delay in discovering the same, the question is one of mixed law and fact, and is one
for determination by the jury under proper instructions from the court.") (quotation
and citation omitted).[8]

---

[8] Defendants also state that "since equitable tolling is an affirmative fraud, it
must be stated with particularity." (Fortis Defs.' Opp'n to Pl.'s Mot. to Remand at
11.) Plaintiff's underlying fraud claims are the basis for Plaintiff's equitable tolling
argument and they are pleaded sufficiently. While O.C.G.A. § 9-11-9 provides all
averments of fraud must be stated with particularity, the Court notes that it is
Defendants' burden to establish that there is no possibility that Plaintiff can state a
claim against the resident defendants, and not Plaintiff's burden to establish his
fraud claims or equitable tolling. Plaintiff has pleaded a sufficient basis for his
claim of equitable tolling. See also La Grasta v. First Union Secs., Inc., 358 F.3d
840, 845 (11th Cir. 2004) ("A statute of limitations bar is an affirmative defense,
and plaintiffs are not required to negate an affirmative defense in their complaint.")
(quotation and citation omitted).

-13-

2.    *Fraud*

To state a claim for fraudulent misrepresentation under Georgia law a plaintiff

must establish five elements: "(1) that the defendant made representations; (2) that

at the time he knew they were false; (3) that he made them with the intention and

purpose of deceiving the plaintiff; (4) that the plaintiff relied on the representations;

and (5) that the plaintiff sustained the alleged loss and damage as the proximate

result of their having been made." Bacote v. Wyckoff, 310 S.E.2d 520, 523 (Ga.

1984). Defendants claim Plaintiff's fraud claim against the resident Agent

Defendants fails because there was no misrepresentation.

Defendants' argument is that Plaintiff bases his claim against the Agent

Defendants on their alleged misrepresentations that UMEG was a group health

insurance policy. Defendants argue, however, that Plaintiff admits he received a

group insurance policy and, therefore, the Agent Defendants did not make a

misrepresentation. Defendants claim that Plaintiff's "true claims are against the

Fortis Defendants for allegedly rating his group policy improperly" after the point

of sale. (Fortis Defs.' Opp'n to Pl.'s Mot. to Remand at 8-10, n.6.)

The Court does not agree with the Defendants' characterization of this

action. The basis of Plaintiff's fraud claim is that the Defendants concealed and

-14-

misrepresented the true nature of their group health insurance policies. Plaintiff claims that all Defendants misrepresented the policies to be group health insurance policies when, in fact, the policies and premiums were adjusted based on individual health risk and claims experience. Plaintiff, therefore, is not simply contending his group policy was rated improperly, nor is he simply complaining that his premiums were raised. Plaintiff further claims Defendants intentionally misled Plaintiff for the purpose of selling him the UMEG policy, that he relied on these misrepresentations that the UMEG policy was proper group health insurance, and that Plaintiff has sustained damages by being forced to pay increased insurance premiums. (Compl. ¶¶ 129-39.) Construing the facts and any ambiguities in the law in favor of Plaintiff, a possibility exists that Plaintiff could succeed on his fraud claim against the resident Agent Defendants. See Crowe, 113 F.3d at 1538.

Because it appears the Plaintiffs may assert a fraud cause of action[9] against the resident Agent Defendants, Defendants have failed to demonstrate they are fraudulently joined and that the Court has original jurisdiction over this case.

---

[9] Because the Court finds Plaintiff may assert a fraud cause of action against the resident Agent Defendants, the Court does not address Plaintiff's other theories of recovery against them.

-15-

B.    Federal Question

Defendants contend that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims "may" fall under ERISA.[10]  (See Notice of Removal at 38.)  Defendants' arguments are conclusory and, in short, are that the insurance policies underlying Plaintiff's claim qualify as ERISA employee welfare benefit plans, and Plaintiff's claims are preempted by ERISA under § 514. (Fortis Defs.' Opp'n to Pl.'s Mot. to Remand at 23-24.)

The burden of showing removal is proper is on the removing party.  Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).  Defendants fail to satisfy their burden of demonstrating removal is proper because ERISA § 514 provides for "defensive" preemption, and "does not furnish federal subject-matter jurisdiction under 28 U.S.C. § 1331 . . . ."  Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1212 (11th Cir. 1999).  Only "complete" preemption is sufficient to establish federal subject matter jurisdiction.  Id.  To establish complete preemption, Defendants must demonstrate:  (1) a relevant ERISA plan; (2)

---

[10]  Section 1331 provides "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

plaintiff's standing to sue under that plan; (3) the defendant is an ERISA entity; and

(4) plaintiff is seeking relief available under 29 U.S.C. § 1132(a). Id. Defendants'

conclusory allegations that Plaintiff's claims are preempted by ERISA are

insufficient to establish any of the elements necessary for this Court to find it has

subject matter jurisdiction of this matter.[11]

C.    Attorney Fees

Plaintiff requests an award of his reasonable costs and expenses incurred as

a result of the removal.  Section 1447(c) provides that "[a]n order remanding the

case may require payment of just costs and any actual expenses, including attorney

fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  This determination

is left to the discretion of the Court.  See Graham Commercial Realty, Inc. v.

Shamsi, 75 F. Supp. 2d 1371, 1373 (N.D. Ga. 1998) ("An award of attorneys' fees

is solely in the discretion of the court.  A finding of bad faith or improper purpose

by the removing party is not necessary.").  Considering the improper nature of the

---

[11] For example, "Section 1132(a) provides a cause of action for the recovery
of plan benefits and allows for the recovery of costs in bringing such a claim."
Engelhardt v. Paul Revere Life Ins. Co., 139 F.3d 1346, 1354 (11th Cir. 1998).
Because Plaintiff does not seek the recovery of plan benefits, Defendants cannot
establish that Plaintiff seeks relief available under § 1132(a).

removal here, and the delay and expense incurred as a result, the Court finds an

award of costs and expenses under 28 U.S.C. § 1447(c) is warranted. Although

there is authority for the Court's retention of the case to determine the

reasonableness of the costs and expenses requested by Plaintiff, the Court finds

that litigating this case on dual tracks -- the substantive issues in the State Court,

and the ancillary costs and expenses issue in this Court -- would be inefficient and

would further delay the processing of the case. Accordingly, the determination of

the reasonableness of the costs and fees to be awarded to Plaintiff is reserved for

the State Court.

### III.  CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand [10] and

Plaintiff's Motion for Attorney Fees [16] are GRANTED and the Clerk of Court is

DIRECTED to remand this action to the State Court of Fulton County, Georgia.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1447(c),

Defendants are required to pay to Plaintiff his reasonable costs and actual

expenses, including attorneys' fees, incurred as a result of removal. Plaintiff shall

submit to the State Court within thirty (30) calendar days of this Order a detailed

accounting of his reasonable costs and expenses incurred as a result of the

removal.

**SO ORDERED,** this 13th day of September, 2005.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

DANIEL S. KAHN, individually and on
behalf of all others similarly situated

        Plaintiff,

vs.

FORTIS INSURANCE COMPANY, et al.,

        Defendant.

CIVIL ACTION FILE

NO. 1:05-cv-105-WSD

## J U D G M E N T

    This action having come before the court, Honorable William S. Duffey, United States District Judge, for consideration of defendants' motion for attorney's fees, and the court having granted said motion, it is

    **Ordered and adjudged** that defendants recover from plaintiff reasonable costs and actual expenses, including attorney's fees.

    Dated at Atlanta, Georgia this 13th day of September, 2005.

                    LUTHER D. THOMAS
                    CLERK OF COURT

             By:  /s/ K. Thornton
                  Deputy Clerk

Prepared, filed, and entered
in the Clerk's Office
    September 13, 2005
Luther D. Thomas
Clerk of Court

By: /s/ K. Thornton
      Deputy Clerk