IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TROY E. TILLERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | 3:05-cv-985-MEF |
| THE MEGA LIFE AND HEALTH ) | |
| INSURANCE CORPORATION, a corporation; ) | |
| TRANSAMERICA LIFE INSURANCE ) | |
| COMPANY F/K/A PFL LIFE INSURANCE ) | |
| COMPANY, a corporation; NATIONAL ) | |
| ASSOCIATION FOR THE SELF EMPLOYED ) | |
| A/K/A NASE, a corporation; ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER**

COMES NOW, the Plaintiff, Troy E. Tillerson, by and through counsel, and pursuant to this Court's Order of September 5, 2007, submits this response to the Court's Show Cause Order regarding Plaintiff's failure to comply with the Amended Scheduling Order.

**RESPONSE**

1. On September 5, 2007, this Court entered a Show Cause Order wherein Plaintiff's counsel was to show why sanctions should not be entered against them for failing to comply with this Court's Amended Scheduling Order of February 21, 2007. Counsel for Plaintiff submits the following:

2. Prior to the expiration of this Court's deadline to conduct a face-to-face settlement conference, counsel for the parties to this matter had already scheduled a

face-to-face settlement conference to take place on August 27, 2007 in Birmingham, Alabama.

3. On or about July 26, 2007 and August 3, 2007, Defendants filed their Motions for Summary Judgment and supporting briefs (Documents #'s 62, 63, 67-70). On August 20, 2007, Plaintiff responded to Defendants' Motions for Summary Judgment (Documents #73-#74). In his response to the summary judgment motions, Plaintiff conceded;

> "<u>only</u> that according to the testimony provided in this case and the documents produced in this matter, it does not appear that Plaintiff's health insurance coverage was re-underwritten on a year-to-year basis. As such, Plaintiff concedes that because there appears to be no re-underwriting of plaintiff's coverage, there does not appear to be sufficient evidence to create a genuine issue of material fact with respect to the misrepresentation or suppression claims as alleged in the Complaint or Amendment thereto."

(Document #73).

4. Separate and distinct from Plaintiff's submission as quoted above, Plaintiff <u>did oppose</u> the entry of summary judgment on grounds of ERISA preemption and therefore submitted a separate responsive brief on that issue (Document #74).

5. After Plaintiff submitted the above referenced memoranda, counsel for Plaintiff received a telephone call from counsel for Defendants. After agreeing that Plaintiff had conceded his claims on certain grounds, Defense counsel made their own reply submission to the Court (Document #77) and counsel for the parties agreed that the settlement conference was moot.

6. Counsel for Plaintiff certainly did not and has not ever ignored nor flaunted this Court's Orders. Given the substance of the responsive briefs, counsel for all

parties believed that this case was over. Based upon the contents of the dispositive motion filings, counsel for both parties believed that the settlement conference was moot and therefore cancelled same. Believing that the issues in this case were moot, as explained in the substantive submission to the Court (Documents #'s 62, 63, 67, 68, 69, 70, 73, 74, and 77), counsel for Plaintiff not only agreed to cancel the settlement conference, but, believing that the Court would grant the Defendants' motions, did not file any status report on the settlement conference.

7. Based upon the above facts, counsel for Plaintiff did not believe any status report was necessary. Based upon the contents of the substantive briefs previously submitted to the Court and the above information, counsel for Plaintiff prays that this Court will agree that any non-compliance with this Court's Amended Scheduling Order was substantially justified.

WHEREFORE, PREMISES CONSIDERED, counsel for Plaintiff respectfully requests this Honorable Court to consider the above submission and decline to enter sanctions against Plaintiff's counsel as any non-compliance with this Court's Amended Scheduling Order was, under the substantive and procedural circumstances in this case, substantially justified.

RESPECTFULLY SUBMITTED this the 12th day of September, 2007.

s/Steve W. Couch
Stevec@hollis-wright.com
Attorney for Plaintiff

**OF COUNSEL**:
HOLLIS & WRIGHT, P.C.
505 North 20th Street, Suite 1500
Birmingham, Alabama 35203
(205) 324-3600

### CERTIFICATE OF SERVICE

      I hereby certify that on September 12, 2007, I electronically filed the foregoing with the clerk of the court using the CM/ECF system which will send notification to such filing to the following:

James W. Lampkin, II
Pamela A. Moore
Alford, Clausen & McDonald, LLC
One St. Louis Centre, Suite 5000
Mobile, Alabama 36602

                                             s/Steve W. Couch
                                             SteveC@hollis-wright.com
                                             Attorney for Plaintiff