IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TROY TILLERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 3:05-cv-985-MEF |
| | ) |
| THE MEGA LIFE AND HEALTH | )   (WO-Not Recommended for Publication) |
| INSURANCE CORPORATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM OPINION AND ORDER

Plaintiff Troy Tillerson ("Tillerson") brings suit against several defendants for fraud and suppression under Alabama law. The two remaining defendants to this action, The MEGA Life and Health Insurance Corporation ("MEGA") and the National Association for the Self-Employed ("NASE") have filed three motions for summary judgment. In two of those motions (Doc. # 67 and Doc. # 69), MEGA and NASE contend that they are entitled to summary judgment on the merits of the claims for fraud arising under Alabama law set forth in the Amended Complaint. In the remaining motion (Doc. # 62), MEGA and NASE contend that they are entitled to summary judgment on Tillerson's state law claims because all such claims are preempted under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA"). For the reasons set forth in this Memorandum Opinion and Order, the motions for summary judgment (Doc. # 67 and Doc. # 69) are due to be GRANTED and the remaining motion (Doc. # 62) is due to be DENIED as MOOT.

## JURISDICTION AND VENUE

Subject matter jurisdiction over plaintiff's claims is proper under 28 U.S.C. §§ 1332 (diversity). The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations in support of both personal jurisdiction and venue.

## NARRATIVE SUMMARY OF RELEVANT FACTS[1]

The Court has carefully considered all deposition excerpts and documents submitted in support of and in opposition to the motion. The submissions of the parties, viewed in the light most favorable to the non-moving party, establish the following facts relevant to the issues raised by Defendants' motions:

This lawsuit is essentially an insurance dispute between an insurance company, MEGA, and its insured, Tillerson. NASE is a business trade association that provides certain benefits to its members. NASE makes available to its members certain group health insurance products.

Tillerson's allegations focus on the nature and cost of certain health insurance. Tillerson alleges that he was not sold a "major medical group" health insurance product; that he did not become a member of a group of insured persons; that his premium rates were not increased equally for all other members of the group; and that his insurance premium rates increased as a result of his individual health status and claims experience rather than upon the group's experience.

---

[1] All the facts established by Defendants' evidentiary submissions are undisputed.

As an member of NASE, Tillerson applied for the insurance on July 9, 1996. He was issued a Certificate of Insurance for certain group health insurance benefits effective July 26, 1996.

Tillerson alleges that a salesperson who was not named as a defendant to this action misrepresented the nature and cost of the health insurance. He further alleges fraudulently concealed from him of certain facts relating to his insurance.

It is undisputed that Tillerson can read and write. It is further undisputed that he received his insurance certificate in 1996. It is undisputed that Tillerson's Certificate of Insurance summarizes the rights and benefits under the Group Policy and contains specific language indicating that benefits would be paid in accordance with the Group Policy (the NASE being the policyholder) and that premium rates were subject to change. Between 1998 and 2005, Tillerson received sixteen letters which informed him of a change in his premium rates and why that change was necessary. He was informed that everyone with coverage such as his would also have an increase. He was advised of the options to limit the amount of the increase or possibly lower premiums.

Tillerson's insurance was individually underwritten by MEFA for association group health benefits, based upon information Tillerson provided on his application and in accordance with MEGA's underwriting guidelines. Tiller's insurance was only underwritten once, when he initially submitted his application. Because he never requested an upgrade or increase in benefits, his insurance was not put through the underwriting process again.

With regard to the rating of Tillerson's insurance, the standard rate was calculated by looking at all of the claims that would have been submitted under the certificates of insurance in that block of business – that is, the claims experience of the entire group of which Tillerson was a member went into the calculation of the group premium rate. On at least two occasions, the group of insureds, of which Tillerson was a member, was merged with other groups with similar plans so that it could reasonably be rated and to determine what the renewal rate should be. Doing so would have the effect of spreading out the risk by adding additional individuals.

Once an individual insured is rated based on the appropriate methodology, he remains so rated on any renewals. If an individual, such as Tillerson, was issued insurance and then developed some sort of medical condition, such as cancer, there would not be any medical rating as a result and that individual would stay at the same rating assessed at the time the insurance was issued. Rate changes for that individual would be the same as rate changes for everyone else on his or her policy form. An individual insured's health condition would not cause his or her premiums to go up more than anyone else in the group.

## DISCUSSION

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 322 (1986). "An issue of fact is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party. An issue is 'material' if it might affect the outcome of the case under the governing law." *Redwing Carriers, Inc. v. Saraland Apartments,* 94 F.3d 1489, 1496 (11th Cir. 1996) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, a court ruling on a motion for summary judgment must believe the evidence of

5

the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255. After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

MEGA and NASE have presented detailed arguments in support of their motions for summary judgment. They contend that Tillerson cannot offer evidence sufficient to establish a *prima facie* for the claims forth in the Amended Complaint. In response, Tillerson concedes that because there appears to have been no re-underwriting of Tillerson's coverage, there does not appear to be sufficient evidence to create a genuine issue of material fact with respect to the misrepresentation or suppression claims alleged in the Complaint and the Amended Complaint. *See* Doc. # 73. Furthermore, Tillerson does not dispute that Defendants are entitled to judgment as a matter of law on these claims and does not oppose the entry of summary judgment on Defendants' motions (Doc. # 67 & Doc. # 69). *Id.*

The Court has independently reviewed the legal arguments and agrees that Defendants have satisfied their burden under Federal Rule of Civil Procedure 56. Accordingly, their motions are due to be GRANTED. In light of this finding, the Court need not and does not decide the preemption arguments set forth in the other pending motion for summary judgment which is due to be DENIED as MOOT.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

(1) The MEGA Life and Health Insurance Company's Motion for Summary Judgment (Doc. # 67) is GRANTED.

(2) The National Association for the Self-Employed, Inc.'s Motion for Summary Judgment (Doc. # 69) is GRANTED.

(3) Defendants' Motion for Summary Judgment on Plaintiff's State Law Claims, Claims for Punitive or Extracontractual Damages, and Jury Demand Based on ERISA Preemption (Doc. # 62) is DENIED as MOOT.

(4) All of Tillerson's claims and this case are DISMISSED WITH PREJUDICE.

(5) The pretrial and the trial scheduled in this matter are CANCELLED.

This Court will enter a separate final judgment taxing costs.

DONE this the 3rd day of October, 2007.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE